UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x
                                          :
                                          :   Civil Action No.: 07 Civ. 4819 (CM)
ANDREW R. MAY, on Behalf of Himself and   :
All Others Similarly Situated,            :
                                          :   CLASS ACTION
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :   MEMORANDUM OF LAW IN SUPPORT
TELIK, INC., MICHAEL M. WICK,             :   OF THE MOTION OF ZVI TRADING
CYNTHIA M. BUTITTA, UBS SECURITIES        :   CORP. EMPLOYEES' MONEY
LLC, LEHMAN BROTHERS HOLDINGS,            :   PURCHASE PENSION PLAN & TRUST
INC., BEAR, STEARNS & CO., INC.,          :   FOR CONSOLIDATION, APPOINTMENT
NEEDHAM & COMPANY, INC., LAZARD           :   AS LEAD PLAINTIFF AND FOR
FRÈRES & CO. LLC, FORTIS SECURITIES       :   APPROVAL OF SELECTION OF LEAD
INC., and J.P. MORGAN SECURITIES INC.,    :   COUNSEL
                                          :
            Defendants.                   :
                                          :
————————————————————————— 
                                          :
KEVIN HENNESSY, Individually and On       :
Behalf of All Others Similarly Situated,  :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :
TELIK, INC., MICHAEL M. WICK,             :
CYNTHIA M. BUTITTA, UBS SECURITIES        :
LLC, LEHMAN BROTHERS HOLDINGS             :
INC., and J.P. MORGAN SECURITIES, INC.,   :   Civil Action No. 07 Civ. 5707 (CM)
                                          :
            Defendants.                   :   CLASS ACTION
————————————————————————— x

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.     The Actions Should Be Consolidated For All Purposes . . . . . . . . . . . . . . . . . . . . 5

       B.     Movant Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              1.     The Procedure Required by the PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              2.     Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA . . . . . 7

                     a.     Movant has Complied with the PSLRA and should be Appointed
                            Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                     b.     Movant has the Largest Financial Interest in the Relief Sought by
                            the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                     c.     Movant Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . . . . . . . . . . 9

       C.     The Court Should Approve Movant's Choice Of Counsel . . . . . . . . . . . . . . . . . . 11

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

Cases

*Avagliano v. Sumitomo Shoji America, Inc.*,
103 F.R.D. 562 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bhojwani v. Pistiolis*,
Civil Action No. 06 Civ. 13761 (CM),
2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. June 26, 2007) . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

*Bishop v. New York City Dep't. of Housing Preservation & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re The Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*
*Hart Holding Co. v. Drexel Burnham Lambert Group*, 506 U.S. 1088 (1993) . . . . . . . . . . . . . 10

*Fischler v. Amsouth Bancorporation*,
1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir.), *cert. denied, 498 U.S. 920 (1990)* . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Walsh v. Northrop-Grumman Corp.*,
162 F.R.D. 440 (E.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes

Fed. R. Civ. P.
    Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    Rule 42(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. §78u-4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Proposed Lead Plaintiff ZVI Trading Corp. Employees' Money Purchase Pension Plan & Trust ("Movant") hereby respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned actions (the "Actions"); (ii) appointment as Lead Plaintiff pursuant to the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of its selection of Weiss & Lurie to serve as Lead Counsel for the plaintiff class.

## I.    INTRODUCTION

The Actions are securities fraud class actions brought against Telik, Inc., ("Telik" or the "Company"), the Company's CEO and Chairman of the Board, Michael M. Wick, the Company's Chief Financial Officer, Cynthia M. Butitta, and against the underwriters of the Company's stock offerings on November 5, 2003 (the "2003 Offering") and January 28, 2005 (the "2005 Offering").[1]  Plaintiffs allege violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 and §§10(b) and 20(a) of the Securities Exchange Act, on behalf of all persons who acquired Telik common stock between March 27, 2003 and June 4, 2007, inclusive (the "Class Period"), including purchasers in the Company's 2003 Offering and 2005 Offering.

This motion is made on the ground that Movant is the most adequate plaintiff, as defined by the PSLRA.  Movant purchased 3,000 shares of the Company's common stock during the

---

[1] Defendants Telik, Wick and Butitta are named in both complaints.  The *Hennessy* complaint also names as defendants UBS Securities LLC, Lehman Brothers Holdings Inc. and J.P. Morgan Securities Inc., which all served as underwriters of the Company's 2005 Offering.  The *May* complaint names the same underwriter defendants plus Bear, Stearns & Co., Inc., Needham & Company, Inc., Lazard Freres & Co. LLC and Fortis Securities, Inc., which all served as underwriters in the Company's 2003 Offering.  Any such factual discrepancies can be resolved on the filing of an amended consolidated complaint.

Class Period and has suffered estimated losses of $9,210.00 as a result of defendants' misconduct.[2] In addition, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Movant now seeks to be appointed Lead Plaintiff of the Consolidated Action. Additionally, Movant seeks Court approval of its selection of Lead Counsel for the plaintiff class as set forth herein. As discussed below, Movant has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff in these Actions.

## II.    PROCEDURAL BACKGROUND

The first filed of the Actions, *May v. Telik, Inc., et al.*, Civil Action No. 07 Civ. 4819 (CM), was filed on June 6, 2007 on behalf of a class consisting of all purchasers of Telik common stock between March 27, 2003 and June 4, 2007, including purchasers in the Company's 2003 Offering and 2005 Offering. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 6, 2007, plaintiff May caused the first notice regarding the pendency of these actions to be published on *BusinessWire*, a national, business-oriented newswire service, on June 6, 2007. *See* Tullman Decl., Exhibit A. The notice advised members of the proposed class of their right to move this Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the Notice, *i.e.*, by August 6, 2007. Accordingly, Movant is filing this motion within the 60-day

---

[2] The losses suffered by the Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. *See* Declaration of James E. Tullman in Support of the Motion of ZVI Trading Corp. Employees' Money Purchase Pension Plan & Trust for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated August 6, 2007 ("Tullman Decl."), filed concurrently herewith, Exhibits B and C.

period following the publication of the June 6, 2007 notice given by the plaintiff therein. The other Action, *Hennessy v. Telik, Inc., et al.*, Civil Action No. 07 Civ. 5707 (CM) was filed thereafter on June 14, 2007.

### III.    FACTUAL BACKGROUND

Telik is a biopharmaceutical company engaged in the development and commercialization of small molecule drugs to treat diseases. ¶¶2, 23.[3] The Company's most advanced drug development candidate is TELCYTA (TLK296), a small molecule cancer drug product candidate designed to be activated in cancer cells. *Id*. Throughout the Class Period, the Company conducted multiple clinical trials to evaluate the effectiveness of TELCYTA and publicly reported glowing results. *Id*. Plaintiffs allege that defendants misled the Food and Drug Administration (the "FDA") and investors into believing that TELCYTA was safe and effective for public use, and that the Company had conducted sufficient clinical studies to prove the drug's safety and efficacy. ¶3.

For example, on March 27, 2003, the start of the Class Period, the Company announced that it had initiated a controlled Phase III trial of TELCYTA in ovarian cancer patients. ¶24. The Company's press release reported that the "survival benefit observed with TLK286 in our Phase 2 ovarian cancer trial," and the "tolerability profile" seen in patients "provide a strong foundation for this Phase 3 trial." *Id*. Further, on October 29, 2003, the Company issued a press release reporting that results from three Phase 1-2a clinical trials indicated that combinations of TELCYTA and standard chemotherapy drugs were "well tolerated at all doses tested." ¶34.

---

[3]Citations to ("¶__") refer to the *Hennessy* complaint.

3

Plaintiffs allege that as a result of defendants' material false and misleading statements, and their failure to disclose material adverse facts necessary to make their statements not misleading, the price of Telik shares was artificially inflated during the Class Period. ¶¶3, 69. Defendants' material misstatements and omissions also ensured the success of the Company's further stock offerings in 2003 and 2005. ¶¶36, 46. Indeed, the Company announced the 2003 Offering on October 29, 2003, the same date that it disseminated the foregoing positive report on the clinical trials of TELCYTA. ¶34-36. Fueled by defendants' material missatements and omissions, Telik raised over $152.2 million in gross proceeds in the 2003 Offering (¶36) and over $150.9 million in gross proceeds in the 2005 Offering. ¶46.

However, contrary to defendants' earlier positive statements concerning the efficacy and safety of TELCYTA, on December 26, 2006, the Company reported preliminary data revealing that TELCYTA failed to achieve "a statistically significant improvement in overall survival, the primary endpoint" in two of three ongoing clinical trials, and that approximately 25% of the patients in the third trial were prematurely discontinued from the assigned study treatment. ¶54. On that news, the price of Telik shares plummeted over 70%, or a loss of $11.49 per share, in a single day to close at $4.77 on December 26, 2006. ¶¶5, 55.

Further, on June 3, 2007, the Company revealed for the first time that participants in the study groups who used TELCYTA actually died an average of five months sooner than those who did not receive the drug. ¶¶6, 59-60. The next day, the FDA placed a clinical hold on Telik's Investigational New Drug Application for TELCYTA, which stopped the enrollment of new patients in TELCYTA drug trials. ¶61. The Company also was prohibited from administering additional doses of the drug to those patients already enrolled in the trials. *Id*.

4

Following the Company's June 3, 2007 disclosures, the price of Telik shares fell a further 41% to close at $3.42 per share on June 5, 2007. ¶¶7, 62.

Plaintiffs allege that throughout the Class Period, defendants failed to disclose, among other things, that the TELCYTA clinical trials were not conducted pursuant to FDA clinical trial standards and, therefore, the study data that was gathered and analyzed would be unusable and meaningless to the FDA; that the participants in the TELCYTA clinical trials were actually dying faster than those who were not using the drug; that as a result of the foregoing, defendants had no reason to believe that Telik's New Drug Application for TELCYTA would be accepted by the FDA; and that therefore, contrary to their earlier positive statements, defendants knew or should have known that TELCYTA would not be a commercially viable drug candidate. ¶¶8, 53.

Plaintiffs further allege that as a result of defendants' misstatements and omissions in violation of the federal securities laws, and the massive decline in the price of the Company's stock during the Class Period, plaintiffs and the other members of the putative class have suffered significant damages. ¶¶9, 72-73.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The Actions involve class action claims on behalf of the purchasers of Telik common stock during the Class Period, and pursuant to the 2003 Offering and 2005 Offering, for alleged violations of the federal securities laws during the relevant time period. The Actions also name essentially the same defendants and involve the same factual and legal issues. The Actions each are brought by investors who purchased Telik common stock during the Class Period in reliance on the integrity of the market for such securities and were injured by the alleged fraud on the

market that was perpetrated through the issuance of materially false and misleading statements and omission of material information required to make those statements not misleading. Defendants' alleged fraud artificially inflated the price of Telik common stock during the Class Period. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *Bhojwani v. Pistiolis*, Civil Action No. 06 Civ. 13761 (CM)(KNF), 2007 U.S. Dist. LEXIS 52139, at *11-14 (S.D.N.Y. June 26, 2007). That test is met here and the Actions should be consolidated.

      **B.**      **Movant Should Be Appointed Lead Plaintiff**

           **1.**      **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *May v. Telik, Inc., et al.,* Civil Action No. 07 Civ. 5707 (CM) caused notice to be published on the *BusinessWire*, a national business-oriented newswire service, on June 6, 2007.[4] *See* Tullman Decl., Exhibit A.

---

[4] Wire services similar to the *BusinessWire* have consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996).

      **2.**    **Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA**

          **a.**    **Movant has Complied with the PSLRA and should be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on August 6, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice

7

(published on June 6, 2007), Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the plaintiff class.

Movant has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Tullman Decl., Exhibit B. In addition, Movant has selected and retained experienced and competent counsel to represent him and the plaintiff class. *See* Tullman Decl., Exhibit D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and its selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### b. Movant has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the member or members of the class who have the largest financial interest in the relief sought by the class.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased 3,000 shares of the Company's common stock in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. *See* Tullman Decl., Exhibit B. Movant has suffered estimated losses of $9,210.00 as a result of defendants' misconduct. *See* Tullman Decl., Exhibit C. Thus, Movant has a significant financial interest in this case.

To date, Movant has not received notice of any other applicant that has a greater financial interest in connection with the purchase of the Company's securities. Therefore, Movant

satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff also must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion for appointment as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Bhojwani*, 2007 U.S. Dist. LEXIS 52139, at *25 ("[A]t this stage of the litigation, the lead plaintiff needs only to make a preliminary showing that the typicality and adequacy requirements of Fed. R. Civ. P. 23 are met"); *Lax*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead Plaintiff. Under Rule 23(a)(3), the claims or defenses of the

9

representative party must be typical of those of the class. Typicality is satisfied where the claims of the lead plaintiff arise from the same conduct of the defendants as the claims and injuries of the other class members. *See In re The Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom. Hart Holding Co. v. Drexel Burnham Lambert Group*, 506 U.S. 1088 (1993). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> the typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't. of Housing Preservation & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992). *See also Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Movant seeks to represent a class of purchasers of the Company's common stock who have identical, non-competing and non-conflicting interests. Movant satisfies the typicality requirement because it purchased the Company's common stock between March 27, 2003 and June 4, 2007 in reliance on defendants' allegedly material false and misleading statements and omissions, and suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movant arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Walsh v. Northrop-Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding Movant's

adequacy to the existence of any conflicts between the interests of Movant and the members of the class.  The adequacy requirement is met where: (1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy.  *See Bhojwani*, 2007 U.S. Dist. LEXIS 52139, at *25, citing *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

Here, Movant is an adequate representative of the class.  As evidenced by the injuries suffered by Movant, which purchased Telik common stock at prices allegedly artificially inflated by defendants' material misstatements and omissions, the interests of the Movant are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the plaintiff class.  Movant's losses also demonstrate that it has a sufficient interest in the outcome of the case to ensure vigorous advocacy.  Further, as shown below, Movant has taken significant steps which demonstrate that it will protect the interests of the class:  it has retained highly qualified counsel with substantial experience in securities fraud class action litigation to prosecute those claims.  Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

    **C.**    **The Court Should Approve Movant's Choice Of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, the Movant has selected Weiss & Lurie to serve as Lead Counsel.  The firm has extensive experience in successfully prosecuting shareholder and securities class actions, and frequently has appeared in major actions in this and other courts.  *See* Tullman Decl., Exhibit D.

## V.     CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate the above-captioned Actions; (ii) appoint Movant as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

Dated:   August 6, 2007                                         **WEISS & LURIE**

/s/ James E. Tullman
Joseph H. Weiss (JW-4534)
James E. Tullman (JT-9597)
551 Fifth Avenue
New York, New York 10176
Tel:    (212) 682-3025
Fax:   (212) 682-3010
Email: jtullman@weisslurie.com

-and-

**WEISS & LURIE**
Jordan L. Lurie
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Tel:    (310) 208-2800
Fax:   (310) 209-2348
Email: jlurie@weisslurie.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff and the Class