## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANDREW R. MAY, Individually and on
Behalf of All Others Similarly Situated,       :        07-Civ-4819-CM

               Plaintiff,       :

       vs.       :

TELIK CORPORATION, MICHAEL M. WICK       :
CYNTHIA M. BUTITTA, UBS SECURITIES       :
LLC, LEHMAN BROTHERS, HOLDINGS INC.       :
BEAR STEARNS & CO., INC., NEEDHAM &       :
COMPANY, INC., LAZARD FRERES & CO.,       :
LLC, FORTIS SECURITIES INC. AND J.P.       :
MORGAN SECURITIES INC.,       :
               Defendants.       :

---------------------------------------------------------------X

KEVIN HENNESSY, Individually and on
Behalf of All Others Similarly Situated,       :        07-Civ-5707-CM

               Plaintiff,       :

       vs.       :

TELIK CORPORATION, MICHAEL M. WICK       :
CYNTHIA M. BUTITTA, UBS SECURITIES       :
LLC, LEHMAN BROTHERS, HOLDINGS INC.       :
AND J.P. MORGAN SECURITIES INC.,       :

               Defendants.       :

---------------------------------------------------------------X

## NOTICE OF MOTION OF THE MEHAN GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

TO:    All PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that movants Ramesh K. Mehan as General Partner of RML Limited, Grantor of The Ramesh K. Mehan Irrevocable Children's Trust, Trustee of the Joel K. Mehan Irrevocable Trust, Trustee of the Sheila G. Mehan Irrevocable Trust, Power of Attorney of the Renee Mehan Family Trust, Trustee of the Neal D. Mehan Irrevocable Trust, Power of Attorney for Rahul D. Mehan, and Trustee of the Ramesh K. Mehan Family Trust (the "Mehan Group") will hereby move this Court on a date and at such time as may be designated by the Court, at 500 Pearl Street, New York, New York 10007 for an Order: (1) consolidating the above-captioned actions; (ii) appointing the Mehan Group as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving the Mehan Group's selection of Brower Piven, A Professional Corporation ("Brower Piven") as both Lead and Liaison Counsel. In support of this Motion, the Mehan Group submits herewith a Memorandum of Law, a Declaration, and a [Proposed] Order.

Dated: August 6, 2007

**BROWER PIVEN**
A Professional Corporation

By: /s/   Elizabeth A. Schmid
        Elizabeth A. Schmid

**BROWER PIVEN**
 A Professional Corporation
David A.P. Brower (DB-4923)
Elizabeth A. Schmid (ES-1294)
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Proposed Liaison Counsel For The Mehan Group and the Class*

**BROWER PIVEN**
A Professional Corporation
Charles J. Piven
Marshall N. Perkins
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Proposed Lead Counsel for the Mehan Group and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------X
ANDREW R. MAY, Individually and on             :
Behalf of All Others Similarly Situated,       :        07-Civ-4819-CM
                                               :
                  Plaintiff,                   :
                                               :
        vs.                                    :
                                               :
TELIK CORPORATION, MICHAEL M. WICK             :
CYNTHIA M. BUTITTA, UBS SECURITIES             :
LLC, LEHMAN BROTHERS, HOLDINGS INC.            :
BEAR STEARNS & CO., INC., NEEDHAM &            :
COMPANY, INC., LAZARD FRERES & CO.,            :
LLC., FORTIS SECURITIES INC. AND J.P.          :
MORGAN SECURITIES INC.,                        :
                                               :
                  Defendants.                  :
--------------------------------------------------------X
KEVIN HENNESSY, Individually and on            :
Behalf of All Others Similarly Situated,       :        07-Civ-5707-CM
                                               :
                  Plaintiff,                   :
                                               :
        vs.                                    :
                                               :
TELIK CORPORATION, MICHAEL M. WICK             :
CYNTHIA M. BUTITTA, UBS SECURITIES             :
LLC, LEHMAN BROTHERS, HOLDINGS INC.            :
AND J.P. MORGAN SECURITIES INC.,               :
                                               :
                  Defendants.                  :
--------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MEHAN GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

## TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................1

II.     PROCEDURAL BACKGROUND.........................................................1

III.    SUMMARY OF FACTS...................................................................2

IV.     ARGUMENT.................................................................................4

        Point I:     THE ACTIONS SHOULD BE CONSOLIDATED...................4

        Point II:    MOVANTS SHOULD BE APPOINTED AS LEAD
                     PLAINTIFFS..................................................................5

            A.       The Procedure Required By The PSLRA.............................5

            B.       Movants Satisfy The PSLRA's "Lead Plaintiff" Requirements.....6

                     1.      Movants Have Complied with the PSLRA in
                             Timely Seeking Appointment as Lead Plaintiffs.............6

                     2.      The Mehan Group Have The Largest Financial
                             Interest In The Relief Sought By The Class.................6

                     3.      The Mehan Group Otherwise Satisfy the Federal
                             Rules of Civil Procedure Rule 23 Requirements............7

                     4.      A Small And Cohesive Group Of Investors Is Favored
                             Under The PSLRA ...............................................9

        Point III:   THE COURT SHOULD APPROVE THE MEHAN GROUP'S
                     CHOICE OF COUNSEL.................................................10

V.      CONCLUSION...............................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re American Bank Note Holographics, Inc. Sec. Litigation*,
   93 F. Supp. 2d 424 (S.D.N.Y.) ........................................................................9

*Bishop v. New York City Department Of Housing Preservation and Development*,
   141 F.R.D. 229 (2d Cir. 1992) ........................................................................8

*In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001) ...........................9

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992),
   *cert. dismissed sub nom.*, 506 U.S. 1088 (1993)...........................................7

*Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875
   (M.D. Fla. 1997) .............................................................................................7

*Funke v. Like Finance Corp.*, No. 99 Civ. 11877, 2003 U.S. Dist. LEXIS 1226
   (S.D.N.Y. Jan. 25, 2003)................................................................................9

*Garfinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397 (D. Conn. 1988) ............8

*Greebel v. FTP Software*, 939 F. Supp. 57 (D. Mass. 1996) ..............................5

*Hargett v. Alley Federal  Sav. Bank*, 60 F.3d 754 (11th Cir. 1995) ...................4

*Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D.
   59 (S.D.N.Y. 2002) ........................................................................................4

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1989), *cert. denied*, 498 U.S.
   920 (1990).......................................................................................................4

*Lax v. First Merchants*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997)..............7

*Miller v. United States Postal Serv.*, 729 F.2d 1033 (5th Cir. 1995).................4

*In re Oxford Health Plans, Inc. Sec. Litigation*, 182 F.R.D.42 (S.D.N.Y. 1998)...............9

*Primavera Familienstiftgung v. Askin*, 173 F.R.D. 115 (S.D.N.Y. 1997)...........4

*Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440 (E.D.N.Y. 1995)..............8

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001)...............................................4, 9

*Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061 (C.D. Cal. 1999)...........................9

## DOCKETED CASES

*Andrew R. May v. Telik Corp., et al.*, Docket  No. 07-Civ. 4819
(S.D.N.Y. June 6, 2007)............................................................................................1

*Hennessy v. Telik Corp., et al.*, Docket No. 07-Civ. 5707..................................................2

## FEDERAL STATUTES

15 U.S.C. § 78u-4...................................................................5, 6, 7, 9, and 10

Fed. R. Civ. P. 42 (a) .....................................................................................4

iii

Movants Ramesh K. Mehan, RML Limited, Ramesh K. Mehan Irrevocable Children's Trust, Joel K. Mehan Irrevocable Trust, Sheila G. Mehan Irrevocable Trust, Renee Mehan Family Trust, Neal D. Mehan Irrevocable Trust, Rahul D. Mehan and Ramesh K. Mehan Family Trust, (the "Mehan Group" or "Movants") hereby respectfully submit this memorandum of law in support of their motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of the Mehan Group's selection of Lead and Liaison Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against Telik Corporation ("Telik" or the "Company"), and certain of its officers (collectively referred to as the "Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of persons who purchased Telik common stock at artificially inflated prices during the proposed class period (collectively, the "Class").

The Mehan Group purchased 160,601 shares of Telik common stock between March 3, 2003 and June 4, 2007 (the "Class Period") and suffered estimated losses[1] of $816,530.66 as a result of Defendants' misconduct. The Mehan Group seek appointment as Lead Plaintiffs and approval of their selection of Lead and Liaison Counsel for plaintiffs and the Class as set forth herein. As discussed below, the Mehan Group have satisfied each of the requirements of the PSLRA and are qualified for appointment as Lead Plaintiffs.

---

[1]    The estimated losses suffered by Movants are determined based on the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's common stock. *See* Declaration of Schmid, Dated August 6, 2007 Ex. C. ("Schmid Decl.").

## PROCEDURAL BACKGROUND

On or about June 6, 2007, plaintiff Andrew R. May filed a complaint in the United States District Court for the Southern District of New York on behalf of a class consisting of all persons and entities who purchased Telik common stock at artificially inflated prices. *Andrew R. May v. Telik Corp., et al.,* Docket No. 07-Civ. 4819 (S.D.N.Y. June 6, 2007).[2]  On June 6, 2007, notice was published over *Business Wire* advising members of the proposed class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice. *See* Reed Decl., Ex. A.[3]

On June 7, 2007, plaintiff Daniel Feuer filed a similar complaint against *Telik Inc.,* in the United States District Court for the Northern District of California *Feuer v. Telik, Inc.,* 07-cv-2986-WHA (N.D. Cal. June 7, 2007).  On June 14, 2007, plaintiff Kevin Hennessy also filed a complaint in the United States District Court for the Southern District of New York. *Hennessy v. Telik Inc.,* 07-cv-5707-CM (S.D.N.Y. June 14, 2007).  On July 2, 2007, plaintiff Parvis Hatami filed a fourth complaint against *Telik Inc.,* in the United States District Court for the Northern District of California *Hatami v. Telik, Inc.,* 07-cv-3454-MJJ (N.D. Cal. July 2, 2007).

## SUMMARY OF FACTS

Throughout the Class Period, Telik developed and commercialized small molecule drugs to treat diseases.[4]  ¶ 2.  The Company's most advanced drug development candidate is TELCYTA (TLK286), a

---

[2]    Movants are unable to attach a copy of the first complaint filed in this Action (*Andrew R. May v. Telik Corp., et al.,* Docket No. 07-Civ. 4819 (S.D.N.Y. June 6, 2007)), as it cannot be accessed on the Federal Courts' Case Management and Electronic Case Files System.

[3]    Proposed Lead Plaintiffs, the Mehan Group, are moving for appointment as Lead Plaintiffs simultaneously in both the Northern District of California and the Southern District of New York as neither court has determined which court will assume jurisdiction over these Actions.  Defendants have not yet moved to transfer the cases to one jurisdiction.

[4]    References to the complaint for purposes of this memorandum will be to the complaint filed in the

tumor-activated small molecule. *Id.* TELCYTA is a small molecule cancer drug product candidate designed to be activated in cancer cells. Throughout the Class Period, the Company conducted multiple clinical trials to evaluate the effectiveness of TELCYTA, and reported positive results to investors. *Id.*

In reality, and unbeknownst to investors, the defendants misled financial analysts, the Food and Drug Administration ("FDA"), and investors into believing that TELYCTA was safe and effective for public use, and that it was the result of sufficient clinical studies conducted by the defendants. ¶ 3. The Company, however, did not disclose that its clinical studies showed that test subjects had died at an increased rate when compared to those participants that were not given the drug, and that physicians pulled other test subjects out of the study early, which compromised the data that was being gathered and analyzed. *Id.* As a result of the false and misleading statements issued by the defendants, shares of the Company's common stock were artificially inflated during the Class Period. The Company's scheme came to a screeching halt on December 26, 2006 when the Company reported preliminary data revealing that TELCYTA had failed all three of its clinical trials. ¶ 4. On this news, shares of the Company's stock declined $11.49 per share, or over 70.6 percent, to close on December 26, 2006 at $4.77 per share, on unusually heavy trading volume. ¶ 5.

Then, on June 3, 2007, the Company released the results of its Assist-1 trial at the annual meeting of the American Society of Oncology (ASCO). ¶ 6. In stark contrast to the Company's prior statements, the Company revealed for the first time that participants in the study groups actually died sooner when they used TELYCTA, at an average of five months sooner than those who did not receive the drug. *Id.* The following day, the FDA placed a clinical hold on the Company's Investigational New Drug Application for TELCYTA, which was initiated by the FDA following the presentation of TELCYTA Phase 3 clinical trial

---

action *Hennessy v. Telik Corp., et al.,* Docket No. 07-Civ. 5707 (referred to as "¶"). *See* Schmid Decl. Ex. B.

results. *Id.* The effect of this clinical hold stopped new patient enrollment in TELCYTA clinical trials, and the Company was prohibited from administering additional doses of the drug to those patients already enrolled in the trials. *Id.*

At the end of the Class Period, on June 4, 2007, following the Company's news and the FDA announcement, shares of the Company's stock declined an additional 41 percent, to close on June 5, 2007 at $3.42 per share, on unusually heavy trading volume. ¶ 6

## ARGUMENT

### POINT I

### The Actions Should Be Consolidated

The above-captioned actions involve class action claims on behalf of purchasers of Telik common stock that assert essentially similar and overlapping class claims. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *see also* Fed. R. Civ. P. 42 (a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1989), *cert. denied,* 498 U.S. 920 (1990).

The related actions present virtually identical factual and legal issues, as they all arise out of the same alleged scheme by defendants and all allege violation of the federal securities laws. Each action has been filed pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and arises from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more case involving the same parties and issues simultaneously pending in the same court could be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav. Bank,* 60 F.3d 754, 765 (11th Cir. 1995) (*quoting Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1995); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC,* 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera*

*Familienstiftigung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the related actions is thus appropriate as common questions of law and fact predominate these actions. Fed. R. Civ. P. 42(a).

Accordingly, as the *Telik* actions currently pending before this Court involve common questions of law and fact, the actions should be consolidated.

**POINT II**

**<u>Movants Should Be Appointed As Lead Plaintiffs</u>**

**A.    <u>The Procedure Required By The PSLRA</u>**

The PSLRA establishes a procedure governing the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On June 6, 2007, notice of the first Telik action was published over *Business Wire*. *See* Schmid Decl., Ex. A.

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of the class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .

(bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii).  *See generally, Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

**B.     Movants Satisfy The PSLRA's "Lead Plaintiff" Requirements**

**1.     Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiffs**

The time period in which class members may move to be appointed as Lead Plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on August 6, 2007.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 6, 2007), the Mehan Group timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Mehan Group has duly signed and filed certifications confirming review of the complaint filed in the action and are willing to serve as a representative party on behalf of the Class.  *See* Schmid Decl., Ex. D.  In addition, the Mehan Group have selected and retained experienced and competent counsel to represent them and the class.  *See* Schmid Decl., Ex. E.

Accordingly, the Mehan Group have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and their selection of counsel, as set forth herein, considered and approved by the court.

**2.     The Mehan Group Have The Largest Financial Interest In The Relief Sought By The Class**

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the proposed lead plaintiff who represents the largest financial interest in the relief sought by the action.  During the Class Period, as evidenced by, among other things, the accompanying signed certifications, collectively, the members of the

6

Mehan Group purchased 160,601 shares of Telik common stock and suffered estimated losses of $816,530.66 as a result of Defendants' misconduct. *See* Schmid Decl., Exs. C & D. Therefore, the Mehan Group have a significant financial interest in this case. Moreover, the Mehan Group have not received notice of any other competing applicant for lead plaintiff that has sustained greater financial losses in connection with the purchase of Telik Common Stock.

Therefore, the Mehan Group satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    The Mehan Group Otherwise Satisfy the Federal Rules of Civil Procedure Rule 23 Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only typicality and adequacy directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants*, 1997 U.S. Dist. LEXIS 11866 at *20 (N.D. Il. 1997); *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. 1997).

The Mehan Group satisfy both the typicality and adequacy requirements of Rule 23, thereby

justifying their appointment as Lead Plaintiffs.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *See In re Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993).  However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality.  Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dept. Of Housing Preservation and Development*, 141 F.R.D. 229, 238 (2d Cir. 1992).

The Mehan Group seek to represent a class of purchasers of Telik common stock who have identical, non-competing and non-conflicting interests.  The Mehan Group satisfy the typicality requirement, because they: (i) purchased or otherwise acquired Telik common stock; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby.  Thus, typicality is satisfied since the claims asserted by Movants arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  *Garfinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397, 1405 (D. Conn. 1988).

8

Here, the members of the Mehan Group are adequate representatives of the class. As evidenced by the injury suffered by Movants, who purchased Telik common stock at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants satisfy the typicality and adequacy requirements of Rule 23.

### 4.    A Small And Cohesive Group Of Investors Is Favored Under The PSLRA

Appointing a small and cohesive group of investors is fully consistent with the letter and intent of the PSLRA. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I) ("the most adequate plaintiff…is the person or group of persons…"). Courts have routinely applied this statutory provision and have approved appropriate "groups" of investors to act as the lead plaintiff. *See, e.g. In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D.42, 47 (S.D.N.Y. 1998) ("the plaintiff language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"); *Funke v. Like Fin. Corp.*, No. 99 Civ. 11877, 2003 U.S. Dist. LEXIS 1226 (S.D.N.Y. Jan. 25, 2003) (allowing aggregation of nine plaintiffs); *Weltz*, 199 F.R.D. at 133 (appointing as lead plaintiff a group of seven); *In re American Bank Note Holographics, Inc. Sec. Litig.*, 93 F.Supp. 2d 424, 436 (S.D.N.Y.) ("The nomination of a group of investors as co-lead plaintiffs is specifically contemplated by the PSLRA"); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The statute [PSLRA] contains no requirement mandating that the members of a group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class'"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1067-70 (C.D. Cal. 1999) ("The Court sees no textual statutory obstacle to considering the three plaintiffs financial interests together").

Accordingly, as the Mehan Group is comprised of Mehan family interests that are owned, controlled and/or directed by Ramesh K. Mehan, for the benefit of his wife, Renee Mehan and his children, Neil Mehan, Rahul Mehan, Sheila G. Mehan and Joel Mehan, the Mehan Group is unequivocally cohesive and the most capable to make decisions and monitor the litigation on behalf of the Class.

## POINT III

### The Court Should Approve The Mehan Group's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Brower Piven, A Professional Corporation with offices in Baltimore, Maryland and New York, New York, to serve as both Lead and Liaison Counsel. Brower Piven has extensive experience in successfully prosecuting shareholder and securities class actions and has frequently appeared in major actions in this and other courts. *See* Schmid Decl., Ex. E.

## CONCLUSION

For all the foregoing reasons, the Mehan Group respectfully request that the Court: (i) consolidate the actions referenced in the instant captions; (ii) appoint Movants as Lead Plaintiffs in the Actions; and (iii) approve the Mehan Group's selection of Lead and Liaison Counsel as set forth herein.

Dated: August 6, 2007

Respectfully submitted,


**BROWER PIVEN**
A Professional Corporation

By: /s/ Elizabeth A. Schmid

David A.P. Brower (DB-4923)
Elizabeth A. Schmid (ES-1294)
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Proposed Liaison Counsel For*
*The Mehan Group and the Class*

**BROWER PIVEN**
 A Professional Corporation
Charles J. Piven
Marshall N. Perkins
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

*Proposed Lead Counsel For*
*The Mehan Group and the Class*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 6, 2007, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Northern District of California Local Rules, and/or the Northern District of California Electronic Service upon the following parties and participants:

***Counsel for Plaintiff Andrew R. May:***

Darren J. Robbins
Learch Coughlin Stoia Geller Rudman & Robbins, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

David Avi Rosenfeld
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
58 South Service Road
Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Ave.
Suite 202
Bala Cynwyd, PA 19004
Telephone: (610) 660-8000
Facsimile: (610) 660-8080

Mary K. Blasy
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Samuel Howard Rudman
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
58 South Service Road
Suite 200
Melville, NY 11747

Telephone: (631) 367-7100
Facsimile: (631) 367-1173

**_Counsel for Plaintiff Daniel Feuer:_**

Laurence M. Rosen
The Rosen Law Firm, P.A.
350 5th Avenue
Suite 5508
New York, NY 10118
Telephone: (212) 686-1060
Facsimile: (212)-202-3827

Lionel Z. Glancy
Glancy & Binkow LLP
1801 Avenue of The Stars
Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Michael M. Goldberg
Glancy & Binkow LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**_Counsel for Plaintiff Kevin Hennessy_**

Evan J Smith
Brodsky & Smith, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501
Telephone: (516) 741-4977
Facsimile: (516) 741-0626

Richard A. Maniskas
Schiffrin & Barroway L.L.P.
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**_Counsel for Plaintiff Parvis Hatami:_**

Christine Pedigo Bartholomew
Finkelstein Thompson & Loughran
601 Montgomery Street
Suite 665
San Francisco, CA 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Donald J. Enright
Finkelstein Thompson & Loughran
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Elizabeth K Tripodi
Attorney at Law
1050 30th Street
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

***Counsel for Defendants:***

Erik J. Olson
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792


Dated: August 6, 2007

/s/ Elizabeth A. Schmid
    Elizabeth A. Schmid

**BROWER PIVEN,**
A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10022