**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
   email:  pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
   email:  lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Lead Plaintiffs and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW R. MAY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>vs.<br><br>TELIK, INC., et al.<br><br>      Defendants. | Case No.: 1:07-cv-04819 (CM) |
| KEVIN HENNESSY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>vs.<br><br>TELIK, INC., et al.<br><br>      Defendants. | Case No.: 1:07-cv-05707 (CM) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE TELIK INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

Plaintiffs Carlos Caprioglio, Hillel Abrams, and Shirish and Geeta Shah (collectively "Movants" or "Telik Investor Group") respectfully submit this memorandum of law in support of this motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the related actions pending in this district pursuant to Fed. R. Civ. P. 42(a);

(2) appointing the Telik Investor Group and its members individually and collectively as Lead Plaintiffs for the class of all purchasers of common stock of Telik, Inc. ("Telik" or the "Company"), during the period from May 27, 2003 through and including June 4, 2007 (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm P.A. as Lead Counsel for Lead Plaintiffs and Class.

## INTRODUCTION AND BACKGROUND

Telik is a biopharmaceutical company that works to develop and commercialize innovative small molecule drugs to treat diseases. The Company's most advanced drug development candidate is TELCYTA (TLK286), a tumor-activated small molecule. At all relevant times, the Company stock was traded on the NASDAQ exchange under ticker "TELK."

On June 6, 2007, Andrew May filed a Complaint, on behalf of purchasers of Telik common stock during the period between March 27, 2003 and June 4, 2007 (the "Class Period"), including purchasers in Telik's November 5, 2003 and January 28, 2005 stock offerings (the "Offerings") in the United States District Court, Southern District of New York charging Telik

and certain of its officers and directors, and underwriters with violations of the Securities Act of 1933 and the Securities Exchange Act of 1934.

More specifically, the Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that TELCYTA clinical trials were not conducted pursuant to FDA clinical trial standards; (2) as such, the study data that was being gathered and analyzed would be unusable and therefore meaningless to the FDA; (3) that participants in the TELCYTA clinical trials were actually dying faster than those that were not using the drug; (4) that as a result, the defendants had no reason to believe the Company's TELCYTA New Drug Application would be accepted, and therefore the defendants knew or should have known that TELCYTA would not be a commercially viable drug candidate.

The Complaint alleges that the Company failed to disclose that its clinical studies showed that test subjects had died at an increased rate when compared to those participants that were not given the drug, and that physicians pulled other test subjects out of the study early, which compromised the data that was being gathered and analyzed. As a result of the false and misleading statements issued by the defendants, shares of the Company's common stock were artificially inflated during the Class Period. The Company's scheme came to a screeching halt on December 26, 2006 when the Company reported preliminary data revealing that TELCYTA had failed all three of its clinical trials. In one trial, the Company stated that "TELCYTA did not achieve a statistically significant improvement in overall survival, the primary endpoint." In another trial, the Company stated that TELCYTA "did not achieve its primary endpoint of demonstrating a statistically significant improvement in overall survival for TELCYTA as compared to the active controls." Additionally, the Company disclosed that in the third clinical

2

trial, approximately 25 percent of the patients were prematurely discontinued from the assigned study treatment. On this news, shares of the Company's stock declined $11.49 per share, or over 70.6 percent, to close on December 26, 2006 at $4.77 per share, on unusually heavy trading volume.

Then on June 3, 2007, the Company revealed for the first time that participants in the study groups actually died sooner when they used TELCYTA, at an average of five months sooner than those who did not receive the drug. The following day, the FDA placed a clinical hold on the Company's Investigational New Drug Application for TELCYTA. Following the Company's news and the FDA announcement, shares of the Company's stock declined an additional 41 percent, to close on June 5, 2007 at $3.42 per share, on unusually heavy trading volume.

## ARGUMENT

### I.   THE RELATED ACTION SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  See also Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir), cert. denied, 498 U.S. 920 (1990); In re MicroStrategy Inc. Sec. Litig., 110 F.Supp.2d 427, 431 (E.D. Va. 2000); Manual for Complex Litigation (Third) § 20.123, at 13-14 (1995).  The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting

3

substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions, have been filed in the this District alleging similar factual and legal grounds to support allegations of violations of the Exchange and Securities Act by the defendants arising from the dissemination false and misleading information to investors contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

4

As set forth below, the Movants satisfy all three of these criteria and thus is entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should each be appointed Lead Plaintiff.

### A. The Movants are Willing to Serve as Class Representative

Each of the members of the Telik Investor Group have filed the instant motion, and have each filed with this Court a Certification attesting that they are willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary (See Kim Decl., Ex. 2). Accordingly, each of the members of the Telik Investor Group satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. The Movants Have The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." Takara Trust v. Molex, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Indeed, of the Lax/Olsten-styled[1] factors, "[t]he amount of financial loss is the most significant of [LAX-style] elements." Weiss v. Friedman, Billings, Ramsey, Group, Inc., 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.) (quoting In re Vicuron Pharms. Inc. Sec. Litig., 225 F.R.D. 508, 511 (E.D. Pa. 2004)); see also Richardson v. TVIA, Inc., 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten Factors approximate loss is most determinative).

---

[1] Lax v. First Merch. Acceptance Corp., 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); In re Olsten Corp. Secs. Litig., 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

5

"[T]he best yardstick by which to judge 'largest financial interest' is the amount of loss, period." In re Bally Total Fitness, Sec. Litig., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant Carlos Caprioglio[2] purchased a total of 46,929 shares of Telik stock during the Class Period at a cost basis of $713,642.70. He still holds 15,929 of these shares. Thus, he has suffered approximate losses of $182,240.55 in Telik stock.[3] (See Kim Decl., Ex. 3).

Movant Hillel Abrams purchased a total of 5,500 shares of Telik stock during the Class Period at a cost basis of $92,036.00. Movant still holds all of these shares. Thus, has suffered approximate losses of $73,611.00 in Telik stock. (See Id.)

Movants Shirish and Geeta Shah[4] purchased a total of 65,000 shares of Telik stock during the Class Period at a cost basis of $377,800.00 and still hold 34,000 of these shares. Thus, they have suffered approximate losses of $72,110.00, in Telik stock. (See Id.)

With only three lead plaintiff parties, the Telik Investor Group, with collective losses of $327,961.55, is small enough that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that groups of this size, all with substantial losses, are suitable lead plaintiffs. See e.g. In re Nature's Sunshine Products, Inc., 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group lead plaintiff); see also In re Baan Co. Sec. Litig., 186

---

[2] Mr. Caprioglio moves as Trustee of the Caprioglio Family Trust Dated: 6/10/1999 and individually on behalf of himself. (See Kim Decl., Ex. 2).

[3] In determining losses for held shares, Movants use the average daily closing price ($3.35) of the Company's stock from the end of the Class Period to August 6, 2007-- as the 90 days have not elapsed pursuant to the PSLRA look-back period. See MicroStrategy, 110 F. Supp.2d at 436 no. 22 (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

[4] Shirish Shah and Geeta Shah are husband and wife. Their shares are held in a joint account and their certification is executed by each of them. (See Kim Decl., Ex. 2).

6

F.R.D. 214, 217 (D.D.C.1999); In re Cendant Corp. Secs. Litig., 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); In re The First Union Corp. Secs. Litig., 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); In re Universal Access, Inc. Secs. Litig., 209 F.R.D. 379, 384 (E.D. Tex. 2002); In re Oxford Health Plans, Inc. Secs. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Movants are not aware of any other movants that have suffered greater losses in Telik securities during the Class Period. Accordingly, with total losses of $327,961.55, the Telik Investor Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is

7

sufficient.  Greebel v. FTP Software, 939 F. Supp. 57, 60, 64 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  Oxford Health Plans, 182 F.R.D. at 49 (*citing* Gluck v. Cellstar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997) and Fischler v. Amsouth Bancorporation, 176 F.R.D. 583 (M.D. Fla. 1997)); Olsten Corp., 3 F. Supp. 2d at 296.

The Telik Investor Group and each of its members fulfill the requirements of Rule 23. They each share substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class.  Each of the members of the Telik Investor Group and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning the safety of the Company's lead drug candidate TELCYTA.  Each of the members of the Telik Investor Group, as did all of the members of the class, purchased Telik shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between each of the members of the Telik Investor Group and other class members, as well as his strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

### D. The Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Telik Investor Group as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or

    (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

  The Telik Investor Group and each of its members' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. The Telik Investor Group is not aware of any unique defenses defendants could raise against him that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the Telik Investor Group as Lead Plaintiffs for the class.

## III. THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

  The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

  The Telik Investor Group and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed the first and only securities class action against the Company. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors (See Kim Decl., Ex. 4).

  As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) consolidating the related actions pending in this district; (2) appointing the Telik Investor Group and each of its members as Lead Plaintiffs of the class; (3) approving the Telik Investor Group's selection of The Rosen Law Firm P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: August 6, 2007

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on this on the 6th day of August, 2007, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE TELIK INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL,  was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                           /s/ Phillip Kim

11