UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW R. MAY, on behalf of Himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TELIK INC., MICHAEL M. WICK, CYNTHIA M. BUTTITA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS, INC., BEAR STEARNS & CO., INC., NEEDHAM & COMPANY, INC., LAZARD FRERES & CO., LLC, FORTIS SECURITIES, INC., and J.P. MORGAN SECURITIES, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO: 07-CV-04819 (CM)<br><br>**ELECTRONICALLY FILED**<br><br>Hon. Colleen McMahon<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF STEPHEN O'GRADY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| KEVIN HENNESSY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TELIK INC., MICHAEL M. WICK, CYNTHIA M. BUTTITA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS, INC., BEAR STEARNS & CO., INC., NEEDHAM & COMPANY, INC., LAZARD FRERES & CO., LLC, FORTIS SECURITIES, INC., and J.P. MORGAN SECURITIES, INC.,<br><br>　　　　　　Defendants. | NO: 07-CV-05707 (CM)<br><br>Hon. Colleen McMahon |

| | |
|---|---|
| STEPHEN O'GRADY, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TELIK INC., MICHAEL M. WICK, and )<br>CYNTHIA M. BUTTITA, )<br>)<br>Defendants. )<br>) | Case Number not yet assigned |

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT..........................................................5
     Movant..........................................................................................5
     Telik..............................................................................................6
     The Claims Asserted....................................................................6
II.  ARGUMENT
     A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED..............7
     B.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF
          FOR THE CLASS IN THIS ACTION..............................................8
          1.   Movant satisfies the Lead Plaintiff Requirements
          2.   of the PSLRA........................................................................8
          3.   a.   Movant has complied with the procedural
                    requirements of the PSLRA................................9
               b.   Movant has the largest financial interest
                    in the relief sought by the Class..........................10
               c.   Movant otherwise satisfies the requirements
                    of Rule 23.............................................................11
                    i.   Movant's claims are typical of
                         Class claims..................................................12
                    ii.  O'Grady will adequately represent
                         the interests of the Class..............................13
     C.   THE COURT SHOULD APPROVE MOVANT'S CHOICE
          OF COUNSEL..............................................................................14
III. CONCLUSION..............................................................................15

# TABLE OF AUTHORITIES

## CASES

*Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 133 (S.D.N.Y. 2001)..................................12

*Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071 (HB),
    2003 WL 21672085 (S.D.N.Y. July 16, 2003)..................................12

*In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D.N.J. 1998)..................................7

*In re Lucent Techs., Inc. Sec. Litig.*, 194 F.R.D. 137 (D.N.J. 2000)..................................13

*In re Olsten Corp. Sec.Litig.*, 3 F.Supp. 2d 289 (E.D.N.Y. 1998)..................................13

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998)...........11, 12

*In re Pfizer Sec. Litig.*, 233 F.R.D. 334 (S.D.N.Y. 2005)..................................10

*Kinerman v. Cadogan*, No. Civ. 03-1194(JNE/JGL)
    2003 WL 23737288 (D.Minn. June 23, 2003)..................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248 (S.D.N.Y. 2003)......11

## STATUTES

Fed. R. Civ. P. 42(a)..................................7

15 U.S.C. § 78u-4(a)..................................8, 9, 10, 11

## TREATISES

Newberg on Class Actions § 3.12 (3d ed. 1992)..................................12

## **PRELIMINARY STATEMENT**

Mr. Stephen O'Grady ("Movant" or "Mr. O'Grady") hereby moves to consolidate the various related securities fraud class actions filed against Telik, Inc. ("Telik" or "the Company") and moves to be appointed as Lead Plaintiff pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), as amended by Section 101(a)(a)(3)(B)(i) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i)  Mr. O'Grady further moves for approval of his selection of Finkelstein Thompson LLP as Lead Counsel for the Class and Labaton Sucharow & Rudoff LLP as Liaison Counsel for the Class, pursuant to Section 101(a)(3)(B)(v) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v).

Movant respectfully submits that the actions indicated below should be consolidated as they allege both the same factual bases and same bases for liability. Movant additionally submits that he is the most adequate individual investor to represent the Class of investors of Telik securities. Movant has the largest financial interest in the relief sought by the Class of any qualified movant before the Court, with approximately $45,514 in losses. *See* O'Grady Telik Trade Report, Tripodi Decl., Exhibit A. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of the other members of the proposed Class, and he will fairly and adequately represent the Class. In addition, Movant has selected Finkelstein Thompson LLP, a law firm with substantial experience in securities class action litigation, to serve as Lead Counsel for the Class, as well as Labaton Sucharow & Rudoff LLP, a nationally known securities litigation firm, to serve as Liaison Counsel for the Class.

### Movant

Movant purchased Telik stock during the class period and suffered losses of approximately $45,514. *See* Tripodi Decl., Exhibit A. Movant will carefully monitor the instant action and fairly and adequately represent the class. Thus, and as further shown below, Movant has a substantial financial interest in the outcome of this case and should be appointed lead plaintiff.

### Telik

Telik is a biopharmaceutical company based in Palo Alto, California. The Company specializes in the research, development and commercialization of small molecule drugs to treat cancer. Telik advertises TELCYTA as its most advanced development candidate. TELCYTA (TLK286) is a cancer cell-activated chemotherapeutic drug. During the class period, the Company used TELCYTA in clinical trials in advanced ovarian cancer and non-small cell lung cancer.

### The Claims Asserted

This action was filed on behalf of a class of investors who purchased or acquired Telik securities between March 27, 2003 and June 4, 2007 ("the Class Period"), including purchasers in Telik's November 5, 2003 $172.5 million stock offering ('the 2003 Offering") and Telik's January 28, 2005 $150.9 million stock offering ("the 2005 Offering"), and suffered damages thereby,. As alleged in the Complaint filed by Movant, Defendants, during the Class Period, issued a series of false and misleading statements, which failed to disclose that:

    (a) the Company's novel cancer treatment drug, TELCYTA, was neither safe nor effective for public use;

(b) the clinical trials conducted by the Company on this drug did not support the drug's alleged safety and efficacy;

(c) the Company's clinical trials were not subject to the FDA's rigorous "adequate and well-controlled" clinical trial standards;

(d) subjects in the TELCYTA clinical trials were experiencing higher mortality rates than those not using TELCYTA; and

(e) TELCYTA was not a commercially viable drug.

On December 26, 2006, the Company revealed that TELCYTA had failed in all three arms of its final clinical testing. This announcement led to a 70% drop in share price. Furthermore, on June 5, 2007, the Company announced that the FDA had ordered Telik to immediately halt all TELCYTA clinical trials due to the alarming number of fatalities. In response to this news, the stock price dropped by 30%.

As a result of Defendants' false and misleading Class Period statements and omissions, Telik's stock traded at inflated levels during the Class Period. The Registration Statements and Prospectuses issued in connection with the 2003 and 2005 Offerings were also false and misleading as they misstated the known safety and integrity flaws in the TELCYTA clinical trials.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

The Federal Rules of Civil Procedure give this Court broad discretion to consolidate cases on its docket. Fed. R. Civ. P. 42(a) ("when actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated"). Consolidation does not require all claims to be the same. *In re*

*Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) ("neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated"); *see also Kinermon v. Cadogan*, No. Civ. 03-1194(JNE/JGL), 2003 WL 23737288, at *1 (D..Minn. June 23, 2003) ("the PSLRA contemplates consolidation when multiple class actions have been filed and the suits involve substantially similar claims"). Additionally, consolidation promotes judicial efficiency. *Kinermon*, 2003 WL 23737288, at *1.

The following cases should be consolidated by the Court:

| Case Name | Case Number | Date Filed | Judge Assigned |
|---|---|---|---|
| *May v. Telik, Inc. et al* | 1:07-cv-04819 | 06/06/07 | Hon. Colleen McMahon |
| *Hennessy v. Telik, Inc. et al* | 1:07-cv-05707 | 06/14/07 | Hon. Colleen McMahon |
| *O'Grady v. Telik, Inc. et al* | not yet assigned | 08/06/07 | not yet assigned |

Consolidation is appropriate as these actions not only involve many of the same defendants, but also allege many of the same bases for liability under Sections 10(b) and 20(a) of the Exchange Act. Furthermore, the factual bases for these claims are the same: Defendants made material misrepresentations and omissions regarding their novel cancer drug TELCYTA which artificially inflated the price of Telik securities during the class period. In light of the common questions of law and fact, and in the interest of promoting judicial efficiency and conservation of resources, consolidation of these related actions is appropriate under Fed. R. Civ. P. 42(a).

**B.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS IN THIS ACTION.**

**1.    Movant satisfies the Lead Plaintiff Requirements of the PSLRA.**

The PSLRA amended the Exchange Act by adding new Section 21D to the Exchange Act, codified as 15 U.S.C. §78u-4. This section establishes the procedure for appoint of a "lead plaintiff" in "each private action arising under the [Exchange Act] that

8

is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

The PSLRA requires that the member or members of the purported plaintiff class appointed as lead plaintiff be the "most capable of adequately representing the interests of class members." § 78u-4(a)(3)(B)(i). The PSLRA provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa) has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B)(iii)(I). There is a rebuttable presumption that the member or members of the class satisfying these three requirements is the most adequate plaintiff. *Id.* This presumption may be overcome only by proof that the presumed lead plaintiff "will not fairly and adequately represent the class" or "is subject to unique defenses." § 78u-4(a)(3)(B)(iii)(II). As set forth below, Movant is the "most adequate plaintiff."

### a. Movant has complied with the procedural requirements of the PSLRA.

Under the PSLRA, the Plaintiff who files the first action shall publish a notice to the class, within 20 days of filing the action, informing class members of their right to file

9

a motion for appointment as a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty (60) days of publishing notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff, regardless of whether they have previously filed a complaint in the action. § 78u-4(a)(3)(A) and (B).

The required notice must inform class members of: (1) the pendency of the action; (2) the claims asserted in the complaint; (3) the purported class period; and (4) that, no later than 60 days from the date the notice was published, any member of the purported class may move the court to serve as lead plaintiff. § 78u-4(a)(3)(A)(i). In the instant action, the first notice was published on June 6, 2007. *See* Class Notice, Tripodi Decl., Exhibit B.

The 60 day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on August 6, 2007. Mr. O'Grady has moved within this statutory time period, submitting a sworn certification and setting forth his transactions in Telik securities during the Class Period. *See* O'Grady Certification, Tripodi Decl., Exhibit C.

### b. Movant has the largest financial interest in the relief sought by the Class.

The presumptively most adequate lead plaintiff is the individual or institution that has the largest financial relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[1] Movant is presumptively the most adequate plaintiff within the meaning of the statue because he has a larger financial

---

[1] *In re Pfizer Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (citing H.R. Conf. Rep. No. 104-369, at 31-35 (1995)) (finding that Congress intended financial interest-based lead plaintiff appointment to ensure that those with expertise in securities markets and real financial interest in the market's integrity would control the litigation).

10

interest in the relief sought than any other proposed lead plaintiff. As a result of Defendants' material misstatements and omissions, Movant suffered a loss of approximately $45,514. *See* Tripodi Decl., Exhibit A. Moreover, and as indicated by the certification, Movant is aware of the obligations and responsibilities of serving as lead plaintiff, and is prepared to participate in the litigation effectively and monitor his counsel through the litigation. *See* Tripodi Decl., Exhibit C.

### c. Movant otherwise satisfies the requirements of Rule 23.

In addition to satisfying the requirements set forth above, a lead plaintiff must otherwise fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:

> (1) the class is no so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites of class certification under Rule 23(a), only two – typicality and adequacy of representation – directly address the characteristics of the lead plaintiff under the PSLRA which must be satisfied. *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (finding that a "wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification") (internal quotation marks omitted); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)

(holding that typicality and adequacy are the only prerequisites relevant to a determination of lead plaintiff under the PSLRA). The remaining requirements of Rule 23 relate to the adequacy of the claims themselves and should not enter into the Court's analysis in its determination of lead plaintiff.

### i.  Movant's claims are typical of Class claims.

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the Claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the claims of the class when the proposed lead plaintiff's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans*, 182 F.R.D. at 50; *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071(HB), 2003 WL 21672085, at *2 (S.D.N.Y. July 16, 2003) (finding that typicality is met when the class representative's claim arises from the same course of conduct and is based on the same legal theory as the claims of the other class members); *see also* Herbert Newberg & Alba Conte, 1 *Newburg on Class Actions* § 3.13 (3d ed. 1992) ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims."). The Rule 23(a) typicality requirements ensures that maintaining a class action is economical and that the interests of the class members will be fairly and adequately protected by the lead plaintiff's assertion of the claims. *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 133, 122 (S.D.N.Y. 2001).

Here, O'Grady's claims arise from the same course of conduct from which the claims of all other class members arise. As public stockholders of Telik, Movant, like

other members of the class, is an innocent victim of Defendants' fraudulent conduct. O'Grady's losses, like the losses suffered by other members of the class, arise from the artificial inflation of Telik's market price caused by the misrepresentations and omissions regarding TELCYTA. Defendants knowingly and deliberately made these misrepresentations and omissions. Movant is not subject to any unique or special defenses. Thus, his claims are in all respects "typical" of the claims of the class.

### ii. Movant will adequately represent the interests of the Class.

Rule 23(a)(4)'s requirement of adequate representation is satisfied if: "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case" to ensure vigorous advocacy. *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 289, 296 (E.D.N.Y. 1998) (internal citations and quotation marks omitted). The Rule 23(a)(4) adequacy determination is contingent upon "both the existence of common interests among the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." *In re Lucent Techs., Inc. Sec. Litig.*, 194 F.R.D. 137, 151 (D.N.J. 2000). Movant easily meets the adequacy requirements.

O'Grady's interests are the same as those of other class members. Like other class members, Movant seeks to hold Defendants liable for the consequences of their violations of the federal securities laws. There are no facts which indicate any conflict of interest between Movant and the other class members. Movant has also certified that he is prepared to participate in the litigation effectively and monitor his counsel throughout

the litigation. *See* Tripodi Decl., Exhibit C. For these reasons, O'Grady is an adequate Class representative.

### C.     THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. The Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." *See* 141 Cong. Rec. J 13691-08, at H13700 (daily edition November 28, 1995) (Statement of Managers – "The Private Securities Litigation Reform Act of 1995"); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Finkelstein Thompson LLP to serve as Lead Counsel and Labaton Sucharow & Rudoff LLP to serve as Liaison Counsel. As set forth in greater detail below, Proposed Lead Counsel has extensive experience in successfully prosecuting shareholder and securities class actions and complex litigation of all kinds, and has frequently appeared in major actions nationwide. Proposed Lead Counsel is experienced in actions much like the case at hand, and is well suited to represent the Class in this action.

Since its inception in 1977, Finkelstein Thompson LLP's securities litigation practice has extended across a wide range of shareholders' securities litigation. Finkelstein Thompson LLP regularly litigates substantive federal issues under the Securities Act of 1933, the Exchange Act, the PSLRA, and derivative suits under State and Federal law. Its clients include institutional investors, pension funds, high-net worth individuals, and retail investors. The firm enjoys a national reputation for high-quality and successful recoveries for its clients. *See* FT Firm Resume, Tripodi Decl., Exhibit D.

Labaton Sucharow & Rudoff LLP is also nationally-recognized for its success in representing investors in securities litigation. *See* Labaton Sucharow Firm Resume, Tripodi Decl., Exhibit E.

Accordingly, this Court should approve Movant's selection of Counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court (i) consolidate the above captioned cases; (ii) appoint Stephen O'Grady as lead plaintiff in this Action; and (iii) approve O'Grady' selection of Finkelstein Thompson LLP as Lead Counsel and Labaton Sucharow & Rudoff LLP as Liaison Counsel for the Class.

DATED:  August, 6 2007                    Respectfully submitted,

/s/ Christopher Keller
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
LABATON SUCHAROW &
RUDOFF LLP
100 Park Avenue
New York, NY  10017
Tel:  (212) 907-0700
Fax:  (212) 818-0477

*Proposed Liaison Counsel*

Donald J. Enright
Elizabeth K. Tripodi
Finkelstein Thompson LLP
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000 (phone)
(202) 337-8090 (fax)

***Proposed Lead Counsel***

15