UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW R. MAY, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>  vs.<br><br>TELIK, INC., MICHAEL M. WICK, CYNTHIA M. BUTITTA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS INC., BEAR STEARNS & CO. INC., NEEDHAM & COMPANY, INC., LAZARD FRERES & CO., LLC, FORTIS SECURITIES INC. and J.P. MORGAN SECURITIES INC.,<br><br>               Defendants. | Electronically Filed<br><br><br>Civil Action No. 1:07-cv-04819-CM<br><br>(ECF Case) |
| KEVIN HENNESSY, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>  vs.<br><br>TELIK, INC., MICHAEL M. WICK, CYNTHIA M. BUTITTA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS INC. and J.P. MORGAN SECURITIES INC.,<br><br>               Defendants. | Civil Action No.1:07-cv-05707-CM |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF RICHARD SCOTT POOLE TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
<u>PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

INTRODUCTION ...........................................................................................................................1

PROCEDURAL BACKGROUND..................................................................................................2

STATEMENT OF FACTS ..............................................................................................................3

ARGUMENT...................................................................................................................................5

I.      The Related Actions Should Be Consolidated...................................................................5

II.     Mr. Poole Should Be Appointed Lead Plaintiff.................................................................6

      A.     The Procedural Requirements Pursuant To The PSLRA........................................6

      B.     Mr. Poole Is "The Most Adequate Plaintiff" ..........................................................6

            1.     Mr. Poole Has Made A Motion For
His Appointment As Lead Plaintiff .............................................................7

            2.     Mr. Poole Has The Largest Financial Interest .............................................7

            3.     Mr. Poole Otherwise Satisfies Rule 23 ........................................................7

                  a.     Mr. Poole Fulfills The Typicality Requirement..............................8

                  b.     Mr. Poole Fulfills The Adequacy Requirement..............................9

III.    The Court Should Approve Mr. Poole's Choice of Counsel ............................................10

CONCLUSION..............................................................................................................................11

## **CASES**

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993) ......................................................................................9

*Ferrari v. Gisch*, 225 F.R.D. 599 (C.D. Cal. 2004) ..................................................................10

*Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ..............................................................................................................................9

*Glaucer v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006) ..............9

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) ..............................................6

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ............6

*Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................................................................................6

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) ..........................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03 Civ 8264 (RWS) 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004) ....................6

*Sczensy Trust v. DiCamillo*, 223 F.R.D. 319 (S.D.N.Y. 2004) ...............................................10

*Sofran v. Labranche & Co.*, 220 F.R.D. 398 (S.D.N.Y. 2004) ..................................................7

*In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330 (S.D.N.Y. 2005) .............................10

## **STATUTES**

15 U.S.C. § 77z-4(a)(3) ................................................................................................................6

15 U.S.C. § 77z-4(a)(3)(A)(i) ..................................................................................................2, 6

15 U.S.C. § 77z-4(a)(3)(A)and (B) ..............................................................................................6

15 U.S.C. § 77z-4(a)(3)(B) ......................................................................................................8, 9

15 U.S.C. § 77z-4(a)(3)(B)(i) .......................................................................................................7

15 U.S.C. § 77z-4(a)(3)(B)(iii) ................................................................................................7, 10

15 U.S.C. § 77z-4(a)(3)(B)(v) ....................................................................................................10

15 U.S.C. § 78u-4(a)(3) ................................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) ...........................................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(A)and (B) ..........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................8, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................7, 10

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................10

**RULES**

Fed. R. Civ. P. 23(a) ..................................................................................................................8

Fed. R. Civ. P. 42(a) ..................................................................................................................6

**PRELIMINARY STATEMENT**

Telik, Inc. ("Telik" or the "Company") investor Richard Scott Poole ("Mr. Poole") has losses totaling approximately $876,327 as a result of his investment in Telik. Accordingly, Mr. Poole is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Mr. Poole hereby moves for his appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired Telik securities between March 27, 2003 and June 4, 2007, inclusive, including purchasers in the Company's November 5, 2003 stock offering, and the Company's January 28, 2005 stock offering (the "Class Period").

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"),

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Mr. Poole, with losses of approximately $876,327, in connection with his purchases of Telik securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[1] Mr. Poole has submitted a sworn certification, demonstrating his desire to serve as Lead Plaintiff in this action and his understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[2] To the best of his knowledge, Mr. Poole's losses represent the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C. Mr. Poole is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained a greater financial loss. In addition, Mr. Poole satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, Mr. Poole is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

Mr. Poole respectfully submits this memorandum of law in support of his motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-4(a)(3)(B) and Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1)

---

[1] The losses suffered by the Mr. Poole are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 27 of the Securities Act, 15 U.S.C. § 77z-4(a)(2)(A) and Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[2] Mr. Poole's sworn certification documenting his transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of Richard Scott Poole To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Poole to serve as Lead Plaintiff pursuant to the Securities Act and the Exchange Act; (3) approving Mr. Poole's selection of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class; and (4) approving Mr. Poole's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *May v. Telik, Inc. et al.,* No. 1:07-cv-04819 (CM), was filed in the Southern District of New York on June 6, 2007. Pursuant to 15 U.S.C. § 77z-4(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 6, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than August 6, 2007. *See* Smith Decl. at Exhibit B. Mr. Poole is a class member (*see* Smith Decl. at Exhibit A) and is timely filing this motion within the 60 day period following publication of the June 6, 2007 notice pursuant to Section 27 of the Securities Act and Section 21D of the Exchange Act.

## STATEMENT OF FACTS[3]

Telik, a Delaware corporation, located in Palo Alto, California is a biopharmaceutical company that works to develop and commercialize innovative small molecule drugs to treat diseases. The Company's most advanced drug development candidate is TELCYTA, a cell-activated chemotherapeutic. Throughout the Class Period, the Company conducted multiple clinical trials to evaluate the effectiveness of TELCYTA, and the Company frequently reported

---

[3] These facts were derived from the allegations contained in the class action styled as *Hennessy v. Telik, Inc. et. al.,* No. 07-5707 (S.D.N.Y filed June 14, 2007).

3

positive results to investors, artificially raising the price of Telik stock and allowing the Company to raise hundreds of millions of dollars in public offerings.

During the Class Period, Telik continually issued positive statements regarding the efficacy and clinical trial progress of TELCYTA. Specifically, the Company announced that in Phase 2 studies involving patients with non-small cell lung cancer as well as ovarian, breast and colorectal cancer, that TELCYTA demonstrated significant anti-tumor activity, had outstanding tolerability and favorably impacted survival in very advanced patients. In addition, Telik announced the registration of patients for Phase 3 testing of its ASSIST-1, ASSIST-2, and ASSIST-3 clinical trials.

Moreover, the Company represented during the Class Period that based on the positive Phase 2 clinical trial results and the prospects of the Phase 3 trials, TELCYTA was on track for approval from the Food and Drug Administration ("FDA"). For example, on September 3, 2003, the Company issued a press release announcing that the FDA granted Fast Track designation for TELCYTA for third-line therapy in patients with platinum refractory or resistant ovarian cancer. Fast track programs are designed to facilitate the development and expedite the review of new drugs that are intended to treat serious or life-threatening conditions and that demonstrate the potential to address unmet medical needs. Later, on December 2, 2003, the FDA also awarded Fast Track designation for TELCYTA for third line therapy for locally advanced or metastatic non-small cell lung cancer. Also, on October 29, 2003, the Company announced that two Phase 3 clinical trials for TELCYTA successfully completed Special Protocol Assessment (SPA) review by the FDA, which is an integral part of the new drug approval process.

These positive statements had the effect of raising Telik's stock price, which the Company took advantage of by conducting two significant stock offerings. First, on November

4

6, 2003, the Company offered 7.125 million shares of common stock for proceeds in excess of $152.5 million. Then, on January 28, 2005, the Company offered 7 million shares of common stock for proceeds of over $150.9 million.

On December 26, 2006, however, Telik shocked the market when it issued a press release announcing the preliminary results of the ASSIST-1, ASSIST-2 and ASSIST-3 Phase 3 clinical trials –each of which failed because TELCYTA did not demonstrate a significant improvement in overall survival.  On this news, shares of the Company's stock declined $11.49 per share, or 70.6 percent, to close at $4.77, on unusually heavy trading volume.  Still, the Company continued to issue positive statements regarding the efficacy of TELCYTA, including an announcement on April 17, 2007 of additional positive phase 2 trial results.  However, on June 3, 2007, it became clear that Telik had overstated the efficacy of TELCYTA throughout the Class Period when the Company finally released the data underlying the results of its three failed Phase 3 studies.  On that date, the Company revealed for the first time that participants in the ASSIST-1 study group using TELCYTA actually died sooner – up to five months, on average – than those who did not receive the drug.  Also, the Company disclosed the results of its ASSIST-3 Phase 3 trial, which indicated that the use of TELCYTA in non-small cell lung cancer patients resulted in a negative survival effect of one and a half months.  Furthermore, the Company stated that assessment of the trial's primary endpoint may have been compromised because 25% of the patients were prematurely discontinued from the study for disease progression. On this news the stock declined an additional 21% to close at $4.59 per share on June 4, 2007.

Then, on June 4, 2007, the Company announced that the FDA had placed a clinical hold on the Company's Investigational New Drug application for TELCYTA.  The clinical hold was initiated by the FDA following the presentation of the TELCYTA Phase 3 clinical trial results

5

demonstrating that the drug accelerated the deaths of women with advanced ovarian cancer. The effect of this clinical hold stopped new patient enrollment in TELCYTA clinical trials, and the Company was prohibited from administering additional doses of the drug to those patients already enrolled in the trials. Following the Company's disclosure of the FDA announcement, shares of the Company's stock declined an additional 25.5% percent, to close on June 5, 2007 at $3.42 per share, on unusually heavy trading volume.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Telik securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Telik securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). Accordingly, these Related Actions should be consolidated.

### II.  MR. POOLE SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-4(a)(3); 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-4(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

6

Plaintiff in the first-filed action published a notice on *Business Wire* on June 6, 2007. *See* Smith Decl. at Exhibit B.[4] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than August 6, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-4(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 77z-4(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Securities Act and Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-4(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glaucer v. EVCI Career Colleges Holding Corp.,* 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

   **B.   Mr. Poole Is "The Most Adequate Plaintiff"**

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* No. 02 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

7

### 1. Mr. Poole Has Made A Motion For His Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Mr. Poole timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. Mr. Poole Has The Largest Financial Interest

According to 15.U.S.C. § 77z-4(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004). As is demonstrated herein, Mr. Poole (with losses of $876,327) has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3. Mr. Poole Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-4(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *EVCI Career Colleges Holding Corp.*, 236 F.R.D. at 189.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in

deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Id.* at 189 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA (citing *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)). Mr. Poole has claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, Mr. Poole satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### a.      Mr. Poole Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *accord In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

Mr. Poole seeks to represent a class of purchasers of Telik securities which have identical, non-competing and non-conflicting interests. Mr. Poole satisfies the typicality requirement because, just like all other class members, he: (1) purchased or acquired Telik securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Mr. Poole's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b. Mr. Poole Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, Mr. Poole shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other class members. Further, Mr. Poole has already taken significant steps demonstrating that he has and will protect the interests of the Class: he has executed a sworn certification detailing his Class Period transactions and expressing his willingness to serve as Lead Plaintiff; he has moved this Court to be appointed as Lead Plaintiff in this action; and he has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (discussing adequacy requirement), *see also In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005) (same). Furthermore, Mr. Poole has the largest known financial interest which gives him "an incentive to prosecute the action vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, Mr. Poole, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Securities Act's and Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 77z-4(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III. THE COURT SHOULD APPROVE MR. POOLE'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 77z-4(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Mr. Poole has selected and retained Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Smith Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or his counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses – which is the *only* evidence that can rebut the presumption of adequacy under the Securities Act and Exchange Act – this Court should appoint Mr. Poole as Lead Plaintiff and approve his selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

### CONCLUSION

For the foregoing reasons, Mr. Poole respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Mr. Poole as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: August 6, 2007                   Respectfully submitted,

**BRODSKY & SMITH, LLC**
By:  */s Evan J. Smith, Esquire (ES3254)*
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone: (516) 741-4977
Facsimile:    (516) 741-0626
**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Tammy D. Cummings
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7056
Facsimile:    (610) 667-7706

**Proposed Lead Counsel**

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing document was filed and served via electronic transmission with the clerk of court using the CM/ECF system on this 6th day of August, 2007 and thereby served upon all counsel of record. It is further certified that the forgoing document was sent via first class mail, postage pre-paid to the following non-ECF participants:

Jamie A. Levitt
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, NY 10104

Linda C. Goldstein
COVINGTON & BURLING LLP
620 Eight Ave.
New York, NY 10018

*/s Evan J. Smith, Esquire (ES3254)*
Evan J. Smith (ES3254)