UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW R. MAY, On Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>vs.<br><br>TELIK, INC., MICHAEL M. WICK, CYNTHIA M. BUTITTA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS, INC., BEAR, STEARNS & CO., INC., NEEDHAM & COMPANY, INC., LAZARD FRERES & CO. LLC, FORTIS SECURITIES, INC. and J.P. MORGAN SECURITIES, INC<br><br>   Defendants. | Civil No. 1:07-CV-04819-CM<br><br>__CLASS ACTION__<br><br>__ELECTRONICALLY FILED__ |
| KEVIN HENNESSY, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>vs.<br><br>TELIK, INC., MICHAEL M. WICK, CYNTHIA M. BUTITTA, UBS SECURITIES LLC, LEHMAN BROTHERS HOLDINGS, INC. and J.P. MORGAN SECURITIES, INC.<br><br>   Defendants. | Civil No. 1:07-CV-5707-CM<br><br>__CLASS ACTION__ |

**MEMORANDUM IN SUPPORT OF THE MOTION
OF ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT m.b.H
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND FOR APPROVAL OF ITS SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION…..........................................................................................................1

FACTUAL BACKGROUND…………………………………………………………. 2

PROCEDURAL BACKGROUND……………………………………………………..4

ARGUMENT……………………………………………………………………...………5

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED……....…..5

    II.    ERSTE-SPARINVEST SHOULD BE APPOINTED LEAD
           PLAINTIFF………………………………………………………………….6

        A.    The Legal Requirements Under the PSLRA………………………6

        B.    Erste-Sparinvest Satisfies the "Lead Plaintiff" Requirements of the
            Exchange Act………………………………………………......6

            1.    Erste-Sparinvest Has Complied With the Exchange Act and
                Should Be Appointed Lead Plaintiff………………………6

            2.    Erste-Sparinvest Is Precisely the Type Of Lead Plaintiff
                Congress Envisioned When It Passed the PSLRA……..…7

            3.    Erste-Sparinvest Has the Requisite Financial Interest in the
                Relief Sought by the Class……………………………….10

            4.    Erste-Sparinvest Otherwise Satisfies the Requirements
                Of Rule 23……………………………………………..11

    III.   THE COURT SHOULD APPROVE ERSTE-SPARINVEST'S CHOICE
           OF COUNSEL……………………………………………………....…13

CONCLUSION………………………………………………………………….……14

## TABLE OF AUTHORITIES

**Federal Cases**

Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313 (S.D.N.Y. 2005)……………………..5

Chisholm v. Transouth Fin. Corp., 184 F.R.D. 556 (E.D. Va. 1999)…........................12

Conway Inv. Club v. Corinthian Colleges, Inc., No. 2-04-cv-05025
   (C.D. Cal. Nov. 1, 2004)……………………………………………………………….9

Cox v. Delphi Corp., No. 1:05-CV-2637(NRB) (S.D.N.Y. June 27, 2005)………………9

Curtis v. BEA Sys., Inc., No. C04-2275 SI (N.D. Cal. Sept. 24, 2004)…………………..9

Dietrich v. Bauer, 192 F.R.D. 119 (S.D.N.Y. 2000)........................................................11

Glauser v. EVCI Ctr. Colls. Holding Corp., 236 F.R.D. 184 (S.D.N.Y. 2006)……..passim

Greebel v. FTP Software, Inc., 939 F. Supp. 57 (D. Mass. 1996)…………………….....4

In re Able Labs. Sec. Litig., No. 05-2681 (JAG) (D.N.J. Mar. 17, 2006)..........................9

In re Conagra Foods, Inc. Sec. Litig., No. 8:056-cv-00292-LES-TDT
   (D. Neb. Dec. 2, 2005)………………………………………………………………9

In re Dell, Inc., Sec. Litig., No. 06-CA-726-SS (W.D. Tex. April 9, 2007)……….…..8

In re Dreamworks Animation SKG, Inc., Sec. Litig., No. CV 05-03966
   (C.D. Cal. Nov. 7, 2005)……………………………………………………………….9

In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285 (2d Cir. 1992)…………….. 12

In re Enron Corp. Sec. Litig., 206 F.R.D. 427 (S.D. Tex. 2002).....................................10

In re General Motors Corp. Sec. Litig., No. 05-cv-8088 (RMB)
   (S.D.N.Y. Feb. 6, 2006)……………………………………………………………..…9

In re JDN Realty Sec. Litig., No. 1:00-CV-0396-RWS (N.D. Ga.)……………………..13

In re Molson Coors Brewing Co. Sec. Litig., 233 F.R.D. 147 (D. Del. 2005).................... 8

In re Nortel Networks Corp. Sec. Litig., No. 01 Civ. 1855 (S.D.N.Y. Sept. 5, 2003)…....9

In re NPS Pharm., Inc. Sec. Litig., No. 2:06-cv-00570-PGG-PMW
    (D. Utah Nov. 17, 2006)……………………………………………………………….9

In re Parmalat Sec. Litig., No. 04 Civ. 0030 (LAK) (S.D.N.Y. May 25, 2004)…………..9

In re Providian Fin. Corp. Sec. Litig., No. C-01-3952-CRB (N.D. Cal.)……………..…14

In re Sipex Corp. Sec. Litig., No. C 05-003932 WHA (N.D. Cal. May 24, 2005)………..9

In re Spring Corp. Sec. Litig., 164 F. Supp. 2d 1240 (D. Kan. 2001).............................. 12

In re: The Goodyear Tire & Rubber Co. Sec. Litig., No. 05:03 CV 2166, 2004 WL
3314943 (N.D. Ohio, May 12, 2004)……………………………………………………...9

In re Veeco Instruments, Inc., 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)………………...7

In re Williams Sec. Litig., No. 02-CV-0072-H(M) (N.D. Okla. July 8, 2002)…………...9

Kadagian v. Harley-Davidson, Inc., et al., No. 05-C-0547 (E.D. Wis. Feb. 14, 2006)...…9

Lax v. First Merchs. Acceptance Corp., No. 97 C 2715, 1997 WL 461036
    (N.D. Ill, Aug. 6, 1997)…………………………………………………….………5, 10

Marsden v. Select Medical Corp., No. 04-4020 (E.D. Pa. October 5, 2006)…………….14

Mirco Investors, LLC v. Inspire Pharms., Inc., No. 1:05CV00118
    (M.D.N.C. Mar. 1, 2006)………………………………………………………………...9

Olsen v. New York Cmty. Bancorp, Inc., No. 04-cv-4165 (E.D.N.Y. Aug. 9, 2005)…….9

Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)……………...11

Sofran v. Labranche & Co., 220 F.R.D. 398 (S.D.N.Y. 2004)…………………………..12

South Ferry LP #2 v. Killinger, No. CV04-1599 JCC (W.D. Wash. Nov. 30, 2004)….…9

Welmon v. Chicago Bridge & Iron Co., N.V., No. 06-CV-01283 (JES)
    (S.D.N.Y. May 11, 2006)………………………………………………………………...9

Werner v. Satterlee, Stephen, Burke & Burke, 797 F. Supp. 1196 (S.D.N.Y. 1992)……..5

**Federal Statutes**

15 U.S.C. § 78u-4………………………………………………..………passim

**INTRODUCTION**

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, institutional investor, Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. ("Erste-Sparinvest") respectfully moves this Court for an order consolidating these related actions,[1] appointing Erste-Sparinvest as the Lead Plaintiff on behalf of all persons, excluding Defendants, who purchased the common stock of Telik, Inc. ("Telik" or the "Company") between March 27, 2003 and June 4, 2007, inclusive (the "Class Period"), and for approval and appointment of its selection of Motley Rice LLC ("Motley Rice") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as Lead and Liaison Counsel, respectively.

For the reasons set forth below, Erste-Sparinvest is the most adequate plaintiff, and hence the presumptive lead plaintiff, in this proceeding. Erste-Sparinvest is a large institutional investor, accustomed to acting as a fiduciary, including as a Lead Plaintiff in a securities class action in the United States pursuant to the PSLRA. As its duly executed certification shows, Erste-Sparinvest purchased 35,178 shares of Telik common stock for ESPA Stock Biotec (the "Fund") on the NASDAQ exchange during the Class Period as

---

[1] The two above-styled actions (the "Related Actions") are pending in this Court against Telik and certain of its officers and directors, and the underwriters of the 2003 and 2005 Offerings for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. Two additional actions were filed in the Northern District of California and are entitled Feuer v. Telik, Inc., et al., 3:07-cv-02986 (N.D. Cal. filed June 8, 2007) and Hatami v. Telik, Inc., et al., 3:07-cv-03454 (N.D. Cal. filed July 2, 2007). However, Plaintiffs in both of the actions have filed notices of voluntary dismissal.

the Fund's attorney-in-fact.  See Evangelista Decl. Ex. A.[2]  Erste-Sparinvest suffered losses of $581,141.07 in connection with its purchases of Telik shares, almost all of which were suffered on shares bought during the Class Period and held through corrective disclosures alleged in this case.  Furthermore, Erste-Sparinvest's sworn certification shows that it is authorized to file litigation on behalf of the Fund to recover losses suffered by the Fund due to Defendants' fraud, including serving as lead plaintiff in this matter.  As a sophisticated institutional investor, Erste-Sparinvest is ideally suited to serve as the lead plaintiff in this action.  Erste-Sparinvest and its proposed Lead and Liaison Counsel should be approved.

## FACTUAL BACKGROUND[3]

Telik is a California-based pharmaceutical company engaged in the discovery, development and commercialization of small molecule drugs for the treatment of cancer and inflammatory diseases.  Its lead product candidate during the Class Period, Telcyta, is a small molecular cancer drug designed to be activated in cancer cells.  Throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's financial well-being and its ability to bring Telcyta to the market.  Specifically, Defendants failed to disclose that: (1) the Telcyta clinical trials were not conducted pursuant to FDA clinical trial standards; (2) as such, the study data that was being gathered and analyzed would be unusable and therefore meaningless to the FDA; (3) participants in the Telcyta clinical trials were actually dying faster than those that were

---

[2]  References to the "Evangelista Decl. Ex. ___" are to exhibits attached to the accompanying Declaration of James M. Evangelista dated August 6, 2007.

[3]  This factual summary is based on the Complaint filed in May v. Telik Inc. et. al., No. 1:07-cv-04819 (S.D.N.Y. filed June 6, 2007).

not using the drug; and (4) as a result, the Company had no reason to believe that its Telcyta New Drug Application would be accepted by the FDA.  Thus, the Company knew or recklessly disregarded the fact that Telcyta would not be a commercially viable drug candidate.

Throughout the Class Period, and in its two Class Period offerings, Telik assured the market that clinical study results showed that Telcyta, when used in combination with standard chemotherapy drugs, was well tolerated at all doses tested.  In addition, the Company claimed that its testing methods were designed carefully to show clearly how its product candidates were performing.  In its Class Period offerings, for example, defendants represented that "[b]y careful selection of targets, we intend to develop product candidates with a clear path to regulatory approval and the potential to show early evidence of clinical efficacy.  This strategy will allow us to reduce the risk inherent in drug discovery and accelerate the commercialization of our drug candidates."

On December 26, 2006, the Company shocked the market when it reported preliminary data revealing that Telcyta had failed all three of its clinical trials.  In one trial, the Company stated that "Telcyta did not achieve a statistically significant improvement in overall survival, the primary endpoint."  Similarly, in another trial, the Company stated that Telcyta "did not achieve its primary endpoint of demonstrating a statistically significant improvement in overall survival for Telcyta as compared to the active controls."  Additionally, the Company disclosed that in the third clinical trial, approximately 25 percent of the patients were prematurely discontinued from the assigned study treatment.  In response to this news, the Company's stock price dropped

70.6 percent to $11.49 per share on unusually heavy trading volume, erasing hundreds of millions of dollars of market capitalization in a single day.

Even in its December 2006 disclosure, however, the Company had been less than forthcoming. Subsequently, on June 3, 2007, the Company released the results of its ASSIST-1 trial at the annual meeting of the ASCO. This was one of the trials disclosed in the December 2006 release. It was not until June 3, 2007 that the Company revealed for the first time that participants who used Telcyta actually died an average of five months earlier than those who did not receive the drug. On the following day, June 4, 2007, the FDA placed a clinical hold on the Company's Investigational New Drug Application for Telcyta, and the Company was prohibited from administering additional doses of the drug to those patients already enrolled in the trials. Following the June 3rd announcement and the FDA action, shares of Telik's stock declined an additional 41 percent, to close on June 5, 2007, at $3.42 per share, on unusually heavy trading volume.

## PROCEDURAL BACKGROUND

The PSLRA requires the counsel who files the first complaint to issue a notice to investors in a widely circulated national business-oriented publication within twenty days of the date the complaint is filed, advising class members of the pendency of the lawsuit and the nature of the allegations, their right to seek appointment as lead plaintiff within sixty days of the publication of the notice, and the purported class period. See 15 U.S.C. § 78u-4(a)(3)(A)(1). The first action against Telik was filed on June 6, 2007. That same day, counsel in the first-filed action issued the required Notice on the Business Wire.[4]

---

[4] The Business Wire has consistently been recognized as a suitable vehicle for meeting the PSLRA's statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See, e.g., Greebel v. FTP

- 4 -

The PSLRA requires putative class members to move for appointment as lead plaintiff within 60 days of the date the Notice was issued.  See 15 U.S.C. § 78u-4(a)(3)(A)(i).  Erste-Sparinvest has satisfied this requirement by filing its motion within the sixty-day period.  Accordingly, the procedural mandates of the PSLRA have been satisfied.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Both of the Related Actions involve class action claims on behalf of class members who purchased publicly traded securities of Telik during the Class Period in reliance on the materially false and misleading statements and omissions at all relevant times.  Consolidation is appropriate when, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); Werner v. Satterlee, Stephen, Burke & Burke, 797 F. Supp. 1196 (S.D.N.Y. 1992) (ruling that consolidation is appropriate in securities actions when complaints are based on same public statements and reports and there are common questions of law and fact).  That test is met here.  Therefore, the Related Actions should be consolidated.[5]

---

Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchs. Acceptance Corp., No. 97 C 2715, 1997 WL 461036, at *1 (N.D. Ill, Aug. 6, 1997); see also Bassin v. deCODE Genetics, Inc., 230 F.R.D. 313, 313 (S.D.N.Y. 2005) (stating that "[n]otice was published that same day in the Business Wire, a national, business oriented newswire service, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i)").  A copy of the Notice in the case at bar is attached as Exhibit B to the Antonino Declaration.

[5]  Based upon the facts alleged in the Related Actions, there does not appear to be any question that this Court is an appropriate forum for resolving the claims at issue herein. Indeed, a significant (and, in fact, a substantial) part of the events or omissions giving rise to the securities fraud occurred in the State of New York.  As set forth in the pleadings in those actions, not only did many of the acts and transactions alleged in the complaints, including (a) the preparation and dissemination of materially false and misleading

## II. ERSTE-SPARINVEST SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Legal Requirements Under the PSLRA

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice ….;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78-4(3)(B)(iii)(I); see also Glauser v. EVCI Ctr. Colls. Holding Corp., 236 F.R.D. 184, 187 (S.D.N.Y. 2006) (McMahon, J.).

### B. Erste-Sparinvest Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### 1. Erste-Sparinvest Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff

The 60-day time period in which class members may move to be appointed Lead Plaintiff under 15 U.S.C. § 78u-4(a)(B)(iii)(I) expires on Monday, August 6, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Erste-Sparinvest has timely moved this Court to be appointed lead plaintiff on behalf of all members of the Class.

The Managing Director and Legal Counsel of Erste-Sparinvest have duly signed and filed a sworn certification on behalf of Erste-Sparinvest pursuant to the PSLRA. See Evangelista Decl., Ex. A. In addition, Erste-Sparinvest has selected and retained

---

information through analyst conferences and (b) numerous of the clinical trials of Telcyta, occur either in or around the Southern District, but many of the Underwriter Defendants are headquartered in New York City as well.

competent counsel to represent it and the class. See Evangelista Decl. Exs.D-E. Therefore, Erste-Sparinvest has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and selection of lead and liaison counsel considered and, for the reasons set forth herein, approved by the Court.

### 2. Erste-Sparinvest Is Precisely the Type Of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.") see also Glauser, 236 F.R.D. at 188 ("'[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.'") (McMahon, J.) (quoting In re Veeco Instruments, Inc., 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005) (McMahon, J.)).

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Erste-Sparinvest, a large institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PLSRA. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("Institutional investors and other class members with large amounts at stake will

represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

Erste-Sparinvest is the second largest capital investment company in Austria and currently manages assets totalling $41 billion. It creates and manages mutual funds and also handles all associated legal, accounting, and tax-related matters for those funds. ESPA Stock Biotec, the Fund that suffered losses due to the Defendants' fraud, is a mutual fund that Erste-Sparinvest controls, manages, and for which it is attorney-in-fact.[6] As its manager and attorney-in-fact, Erste-Sparinvest is the entity that purchased the Telik securities at issue. As its Certification attests, Erste-Sparinvest is legally authorized to undertake and act on behalf of the Fund in this litigation. Erste-Sparinvest has extensive experience in fund management and in the securities markets, which will allow it to supervise and direct the prosecution of the Class's claims.

Foreign investors such as Erste-Sparinvest often have been appointed to serve as lead plaintiffs in PSLRA actions. See, e.g., In re Molson Coors Brewing Co. Sec. Litig., 233 F.R.D. 147, 151 (D. Del. 2005) (observing that a foreign lead plaintiff movant was "correct in its assertion that many courts, including this one, have approved foreign investors as lead plaintiffs in cases such as this" and holding that a group of investors lead by a German investment firm was entitled to appointment as lead plaintiff because it had the largest financial interest of any movant, was otherwise adequate and typical, and would not be subject to unique defenses because of its foreign status) (citing cases).[7]

---

[6] The Fund's investment focus is the healthcare, biotech, and pharmaceutical sectors in the U.S.A., Europe, and the Pacific region.

[7] Other cases in which courts have appointed foreign investors lead plaintiff in securities class actions include In re Dell, Inc., Sec. Litig., No. 06-CA-726-SS (W.D. Tex. April 9,

This is especially true when the Fund's purchases occur on a domestic exchange, as is the case here. See In re NPS Pharm., Inc. Sec. Litig., No. 2:06-cv-00570-PGG-PMW (D. Utah Nov. 17, 2006) (rejecting arguments that foreign institutional investor that bought shares of a U.S. company on a U.S. exchange may be subject to the unique defenses of subject matter jurisdiction and res judicata) (Attached as Evangelista Decl., Ex. G). Courts from across the country have frequently appointed foreign investors lead plaintiffs in putative securities class actions.

Erste-Sparinvest is a sophisticated institutional investor that is familiar with the provisions governing the appointment of lead plaintiffs in PSRLA actions. After due consideration by its Managing Director and Legal Counsel, including a review of the merits of this action and the qualifications of its proposed lead counsel, Erste-Sparinvest has affirmatively decided to seek appointment as lead plaintiff. Erste-Sparinvest is fully

---

2007); Welmon v. Chicago Bridge & Iron Co., N.V., No. 06-CV-01283 (JES) (S.D.N.Y. May 11, 2006); In re Able Labs. Sec. Litig., No. 05-2681 (JAG) (D.N.J. Mar. 17, 2006); Mirco Investors, LLC v. Inspire Pharms., Inc., No. 1:05CV00118 (M.D.N.C. Mar. 1, 2006); Kadagian v. Harley-Davidson, Inc., et al., No. 05-C-0547 (E.D. Wis. Feb. 14, 2006); In re General Motors Corp. Sec. Litig., No. 05-cv-8088 (RMB) (S.D.N.Y. Feb. 6, 2006): In re Conagra Foods, Inc. Sec. Litig., No. 8:056-cv-00292-LES-TDT (D. Neb. Dec. 2, 2005); In re Dreamworks Animation SKG, Inc., Sec. Litig., No. CV 05-03966 (C.D. Cal. Nov. 7, 2005); Olsen v. New York Cmty. Bancorp, Inc., No. 04-cv-4165 (E.D.N.Y. Aug. 9, 2005); Cox v. Delphi Corp., No. 1:05-CV-2637(NRB) (S.D.N.Y. June 27, 2005); In re Sipex Corp. Sec. Litig., No. C 05-003932 WHA (N.D. Cal. May 24, 2005); South Ferry LP #2 v. Killinger, No. CV04-1599 JCC (W.D. Wash. Nov. 30, 2004); Conway Inv. Club v. Corinthian Colleges, Inc., No. 2-04-cv-05025 (C.D. Cal. Nov. 1, 2004); Curtis v. BEA Sys., Inc., No. C04-2275 SI (N.D. Cal. Sept. 24, 2004); In re Parmalat Sec. Litig., No. 04 Civ. 0030 (LAK) (S.D.N.Y. May 25, 2004); In re: The Goodyear Tire & Rubber Co. Sec. Litig., No. 05:03 CV 2166, 2004 WL 3314943, at *5-6 (N.D. Ohio, May 12, 2004); In re Nortel Networks Corp. Sec. Litig., No. 01 Civ. 1855 (S.D.N.Y. Sept. 5, 2003); In re Williams Sec. Litig., No. 02-CV-0072-H(M) (N.D. Okla. July 8, 2002). A compendium of copies of these decisions is attached hereto as Exhibit F1- F3 to the Evangelista Declaration.

committed to serving as a fiduciary to the class and to the zealous prosecution of this matter as the lead plaintiff.

### 3. Erste-Sparinvest Has the Requisite Financial Interest in the Relief Sought by the Class

Although the PSLRA does not define the term "largest financial interest," courts within the Second Circuit and elsewhere have applied a four factor test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. See Glauser, 236 F.R.D. at 187 (McMahon, J.); see also In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 440 (S.D. Tex. 2002) (citing Lax v. First Merchs. Acceptance Corp., 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). As evidenced by the accompanying Certification of Heinz Bednar and Winfried Buchbauer (Evangelista Decl., Ex. A) and loss chart (Evangelista Decl., Ex. C), Erste-Sparinvest is the most adequate plaintiff in this case because it purchased 35,178 shares of Telik common stock for the Fund, expending $763,070.90 to acquire those securities, making net purchases of 21,466 shares, and suffering losses of $581,141.07, most of which were incurred on shares bought during the Class Period and held through the disclosures alleged in this case. Upon information and belief, Erste-Sparinvest thus has the largest financial interest in the relief sought by the class of any class members who have appeared thus far in the Related Actions. Therefore, Erste-Sparinvest is presumptively the most adequate plaintiff to serve as lead plaintiff.

### 4. Erste-Sparinvest Otherwise Satisfies the Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a presumptive lead plaintiff also must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. See Glauser, 236 F.R.D. at 188 ("Typicality and adequacy of representation, however, 'are the only provisions relevant to a determination of lead plaintiff under the PSLRA.'") (quoting Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)). Also, at the lead plaintiff stage, the moving party need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. Id.

The typicality requirement is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists if the "claims of the Lead Plaintiff arise from the same event or course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." Glauser, 236 F.R.D. at 188-89 (citing Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)); see also In re Drexel Burnham

Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). Also, a difference in the factual situation of class members alone does not defeat typicality under Rule 23(a)(3). See Sofran v. Labranche & Co., 220 F.R.D. 398, 402 (S.D.N.Y. 2004). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, purchased the subject stock during the relevant time period at prices that they allege were artificially inflated by false and misleading statements by defendants and allegedly suffered damages. See, e.g., Glauser, 236 F.R.D. at 189; In re Spring Corp. Sec. Litig., 164 F. Supp. 2d 1240, 1243-44 (D. Kan. 2001); Chisholm v. Transouth Fin. Corp., 184 F.R.D. 556, 563 (E.D. Va. 1999).

Erste-Sparinvest's claims are typical of those of the putative class. The Fund purchased Telik stock on the Nasdaq exchange during the Class Period at prices artificially inflated and distorted by Defendants' misrepresentations and omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is met when the proposed Lead Plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." Glauser, 236 F.R.D. at 189.

Erste-Sparinvest is an adequate representative of the class. The interests of Erste-Sparinvest are clearly aligned with the interests of the members of the class because the

Fund, like other class members, paid artificially inflated prices due to Defendants' materially false and misleading statements. There is no antagonism between Erste-Sparinvest's interests and those of the putative class. Finally, Erste-Sparinvest has taken significant steps that demonstrate that it will protect the interests of the class: (1) Erste-Sparinvest has executed a sworn certification detailing its Class Period transactions and expressing its willingness to serve as lead plaintiff; (2) Erste-Sparinvest has timely moved this Court for appointment as lead plaintiff; and (3) Erste-Sparinvest has retained competent and experienced counsel to prosecute these claims. As shown below, Erste-Sparinvest's proposed counsel are highly qualified, experienced, and able to conduct this complicated litigation in a professional manner. Thus, Erste-Sparinvest prima facie satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### III.    THE COURT SHOULD APPROVE ERSTE-SPARINVEST'S CHOICE OF COUNSEL

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v); Glauser, 236 F.R.D. at 190. A court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Erste-Sparinvest has selected the law firm of Motley Rice LLC as lead counsel and Lieff, Cabraser, Heimann & Bernstein, LLP as liaison counsel. Motley Rice LLC members have substantial experience in the prosecution of shareholder and securities class actions and have earned accolades from courts in which they have appeared.[8] Lieff, Cabraser, Heimann &

---

[8] See, e.g., In re JDN Realty Sec. Litig., No. 1:00-CV-0396-RWS (N.D. Ga.) (praising counsel now with Motley Rice during the final approval hearing, noting "the quality of

Bernstein, LLP also has substantial experience in complex litigation, including securities fraud class actions, and is amply qualified to serve as liaison counsel in this matter.  See Evangelista Decl., Exs. D-E.  Therefore, the Court should approve Erste-Sparinvest's selection of counsel.

## CONCLUSION

For all of the above reasons, Erste-Sparinvest respectfully requests that the Court: (i) consolidate the Related Actions and any later-filed actions; (ii) appoint Erste-Sparinvest as lead plaintiff in the proposed consolidated actions; (iii) approve its selection of counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

Respectfully submitted this 6th date of August, 2007.

> s/ Daniel P. Chiplock
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> Steven E. Fineman, Esq. (SF – 8481)
> Daniel P. Chiplock, Esq. (DC – 1137)
> 780 Third Avenue, 48th Floor
> New York, New York 10017-2024
> Tel: 212-355-9500
> Fax: 212-355-9592
>
> [Proposed] Liaison Counsel
>
> and

---

what has been submitted to the Court in this case has been just excellent"); In re Providian Fin. Corp. Sec. Litig., No. C-01-3952-CRB (N.D. Cal.) (commenting to counsel now with Motley Rice at final approval hearing, "[Y]ou worked, you know, like demons . . . .  And by working as hard as you worked, you got it.  You got the settlement that I have to believe was a good settlement . . . .  So I thought you did a fine job, and you came right up to the plate when it was necessary.").  As the district court noted when appointing Motley Rice as Co-Lead Counsel in Marsden v. Select Medical Corp., No. 04-4020 (E.D. Pa. Order entered October 5, 2006), "Motley Rice LLC possess[es] the requisite knowledge and skill in securities litigation to ably prosecute this matter on behalf of the class."

- 14 -

MOTLEY RICE LLC
Lauren S. Antonino, Esq.
James M. Evangelista, Esq. (JE –1246)
600 West Peachtree Street, Suite 800
Atlanta, Georgia 30308
Tel: 404-201-6900
Fax: 404-201-6959

and

MOTLEY RICE LLC
Joseph F. Rice, Esq.
Ann K. Ritter, Esq.
James M. Hughes, Esq.
P. O. Box 1792 (29465)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: 843-216-9000
Fax: 843-216-9450

[Proposed] Lead Counsel