UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
ANDREW R. MAY, On Behalf of Himself and : Civil Action No. 1:07-cv-04819-CM
All Others Similarly Situated,           :
                                         : **ELECTRONICALLY FILED**
            Plaintiff,                   :
                                         : CLASS ACTION
    vs.                                  :
                                         :
TELIK, INC., et al.,                     :
                                         :
            Defendants.                  :
---------------------------------------- :
KEVIN HENNESSY, Individually and On      :
Behalf of All Others Similarly Situated, : Civil Action No. 1:07-cv-05707-CM
                                         :
            Plaintiff,                   : CLASS ACTION
                                         :
    vs.                                  :
                                         :
TELIK, INC., et al.,                     :
                                         :
            Defendants.                  :
                                         :
---------------------------------------- x

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION
TO APPOINT ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W. AS LEAD
PLAINTIFF, TO APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND
TO CONSOLIDATE RELATED ACTIONS

**I.     INTRODUCTION**

Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Electrical Workers Pension Fund"), in connection with its transactions in the publicly-traded securities of Telik, Inc. ("Telik" or the "Company") between March 27, 2003 and June 4, 2007 (the "Class Period"), submit this memorandum of law in support of its motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing Electrical Workers Pension Fund as lead plaintiff; (2) approving Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel; and (3) consolidating the above-captioned related actions.

Electrical Workers Pension Fund is the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[1] In addition, Electrical Workers Pension Fund satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class.

The above-captioned related actions should be consolidated because they both allege similar legal issues based upon the same factual allegations.

---

[1]     *See* Declaration of David A. Rosenfeld in Support of the Motion to Appoint Electrical Workers Pension Fund, Local 103, I.B.E.W. as Lead Plaintiff, to Approve Lead Plaintiff's Selection of Lead Counsel and to Consolidate Related Actions ("Rosenfeld Decl."), Exs. A-B.

II.   **FACTUAL BACKGROUND**

The complaint charges Telik and certain of its officers and directors and its underwriters for the Offerings with violations of the Exchange Act and the Securities Act of 1933. Telik is a biopharmaceutical company engaged in the discovery, development and commercialization of small molecule drugs for the treatment of cancer and inflammatory diseases. Telik's lead product candidate during the Class Period was TELCYTA, a small molecule cancer drug product designed to be activated in cancer cells.

The complaint alleges that during the Class Period, defendants made false and misleading statements about the Company's business and prospects, including that they were on track to obtain FDA approval for the use of TELCYTA in the treatment of platinum-resistant or refractory ovarian cancer and small-cell lung cancer, and that TELCYTA was safe and effective for public use and the Company had conducted sufficient clinical studies to prove it. The complaint further alleges that, unbeknownst to the investing public, subjects in the TELCYTA trials were dying at alarming rates and doctors were pulling other subjects out early, compromising the data being gathered. As a result of defendants' false and misleading Class Period statements and omissions, Telik's stock traded at inflated levels during the Class Period, trading as high as $29.04 per share by April 2004, whereby the Company sold over $322 million worth of Telik stock in the Offerings. The Registration Statements and Prospectuses issued in connection with the Offerings were also false and misleading as they misstated the known safety and integrity flaws in the TELCYTA clinical trials.

On December 26, 2006, the Company announced that TELCYTA had failed in three arms of its final clinical testing – showing no efficacy in two of the three arms and unreliable clinical data in two of the three arms. The Company's stock plunged 70% in a single trading session – falling from over $16 per share to below $5 per share. The Company's stock price fell by another 20% on June 4, 2007, following disclosure of just how badly the ovarian cancer arm of the TELCYTA trials had

failed, and then nearly 30% to $3.42 per share on June 5, 2007, after the Company disclosed that the FDA had ordered Telik to immediately halt all TELCYTA clinical trials due to the alarming number of fatalities.

## III. ARGUMENT

### A. Electrical Workers Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on June 6, 2007, on *Business Wire* in connection with the filing of the first-filed action. *See* Rosenfeld Decl., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

        (aa) has either filed the complaint or made a motion in response to a notice . . . ;

        (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

        (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

    The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires August 6, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Electrical Workers Pension Fund has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

    In addition, Electrical Workers Pension Fund has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Electrical Workers Pension Fund satisfies the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have its application for appointment as lead plaintiff, and its selection of Lerach Coughlin as lead counsel approved by the Court. *See In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, Civ. A. No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006) ("[Lerach Coughlin] is comprised of probably the ***most prominent*** securities class action attorneys in the country.") (emphasis added); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio. 2005) (finding that Lerach Coughlin "***will represent deftly the class's interests***") (emphasis added).

- 4 -

1. **Electrical Workers Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, Electrical Workers Pension Fund purchased 22,200 shares of Telik stock, and lost approximately $227,874.86 in connection therewith. To the best of Electrical Workers Pension Fund's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Electrical Workers Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest and is presumptively the most adequate plaintiff to represent the class pursuant to 15 U.S.C. §78u-4(a)(3)(B).

2. **Electrical Workers Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Weinberg*, 216 F.R.D. at 252.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

- 5 -

typical.  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Weinberg*, 216 F.R.D. at 252.

Electrical Workers Pension Fund satisfies this requirement because, just like all other class members, it: (1) purchased Telik securities during the Class Period; (2) purchased Telik securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, Electrical Workers Pension Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.  *See id.*

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4) is met where: (1) class counsel is qualified, experienced and generally able to conduct the litigation; and (2) class members do not have interests that are antagonistic to one another.

Here, Electrical Workers Pension Fund is adequate to represent the class because its interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Telik securities and would benefit from the same relief.  Furthermore, there is no evidence of antagonism between Electrical Workers Pension Fund and the class.  Electrical Workers Pension Fund also certified to its willingness to serve as a representative of the class.  Rosenfeld Decl., Ex. A.  In addition, as shown below, Electrical Workers Pension Fund's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Electrical Workers Pension Fund satisfies the *prima facie* showing of the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

### B. The Court Should Approve Electrical Workers Pension Fund's Selection of Lerach Coughlin as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because Electrical Workers Pension Fund has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Electrical Workers Pension Fund has selected the law firm of Lerach Coughlin to serve as lead counsel to the class. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* Rosenfeld Decl., Ex. D.

Electrical Workers Pension Fund and its selected counsel bring to this action a securities litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated its willingness to undertake the painstaking process of unraveling accounting irregularities and improper transactions, all of whom are able to devote substantial resources to the prosecution of this action. *See id*. Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

### C. The Court Should Consolidate Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). To date, Electrical Workers Pension Fund is aware of two related actions in this District against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *May v. Telik, Inc., et al.* | 1:07-cv-04819-CM | June 6, 2007 |
| *Hennessy v. Telik, Inc., et al.* | 1:07-cv-05707-CM | June 14, 2007 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id.* The actions relate to the same series of false and misleading statements and arise under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

## IV. CONCLUSION

For all the foregoing reasons, Electrical Workers Pension Fund respectfully requests that the Court: (1) appoint Electrical Workers Pension Fund as lead plaintiff; (2) approve its selection of Lerach Coughlin to serve as lead counsel; and (3) consolidate the related actions.

DATED: August 6, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

                LERACH COUGHLIN STOIA GELLER
                    RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\TriciaM\Lead Plaintiff Cases\Telik\Institution Only Papers\brief.doc

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 6, 2007.

                                              s/ DAVID A. ROSENFELD
                                              DAVID A. ROSENFELD

                                              LERACH COUGHLIN STOIA GELLER
                                                      RUDMAN & ROBBINS LLP
                                              58 South Service Road, Suite 200
                                              Melville, NY  11747
                                              Telephone:  631/367-7100
                                              631/367-1173 (fax)
                                              E-mail: drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:07-cv-04819-CM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel Patrick Chiplock**
  dchiplock@lchb.com

- **Steven E. Fineman**
  sfineman@lchb.com

- **Marc S. Henzel**
  Mhenzel182@aol.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **David Avi Rosenfeld**
  drosenfeld@lerachlaw.com,e_file_ny@lerachlaw.com,amartin@lerachlaw.com

- **Samuel Howard Rudman**
  srudman@lerachlaw.com,e_file_ny@lerachlaw.com

- **Evan J Smith**
  esmith@brodsky-smith.com

- **James Evan Tullman**
  jtullman@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mary K. Blasy
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 West Broadway, Suite 1900
San Diego, CA 92101
```