# EXHIBIT A

P SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-8133 PA (SHx) | Date | July 14, 2006 |
|---|---|---|---|

| Title | Roger Brooks, et al. v. Interlink Electronics, Inc., et al. |
|---|---|

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

DOCKETED ON CM

JUL 1 7 2006

BY ____ 007

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is the Motion to Vacate, or in the Alternative, to Reconsider the Order Appointing Westpark Capital as Lead Plaintiff filed by Bill Green and Brij Bhargava (Docket No. 48). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 10, 2006 is vacated, and the matter taken off calendar.

The PSLRA directs the court to "appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members. . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Specifically, the PSLRA presumes that the "most adequate plaintiff" is the person or group of persons that "in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, the PSLRA provides a rebuttable presumption that the person or group of persons with the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc). This presumption may be rebutted by evidence that the plaintiff would not fairly and adequately represent the interest of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(3)(B)(iii)(II)(aa)-(bb).

Here, Westpark was an "in-and-out" seller which sold all of its shares before Interlink made either of its corrective disclosures. As the Complaint alleges, the price of Interlink's stock dropped approximately forty percent on the day Interlink announced its second restatement of its financial results. The Court therefore determines that much of the relief sought by the class relates to the harm associated with the November 2, 2005 disclosure. Because Westpark was not a shareholder at the time of either the March 9, 2005 or the November 2, 2005 disclosures, it does not, in the Court's view, have the largest financial interest in the relief sought by the class. Cf. In re Cornerstone Propane Partners, L.P. Securities Litig., No. C 03-2522 MHP, 2006 WL 1180267, at *8 (N.D. Cal. May 3, 2006) ("Here, since corrective disclosure is alleged to have occurred only from July 2001 onwards, under Dura there can be no loss causation for plaintiffs who purchased and sold stock at the inflated share price prior to that disclosure.

P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-8133 PA (SHx) | Date | July 14, 2006 |
|---|---|---|---|
| Title | Roger Brooks, et al. v. Interlink Electronics, Inc., et al. | | |

and thus these plaintiffs may not recover at all.") (citing <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)).[1]

The Court further finds that although Westpark may have been the presumptive lead plaintiff, as an in-and-out seller which sold its shares prior to the corrective disclosures, Westpark does not satisfy the adequacy and typicality requirements of Federal Rule of Civil Procedure 23 and is subject to unique defenses that render it incapable of adequately representing the class. <u>Id.</u>; <u>see also</u> 15 U.S.C. § 78u-4(3)(B)(II)(aa)-(bb). The Court therefore will not name Westpark as lead plaintiff. Instead, the Court declares Bill Green and Brij Bhargava as the presumptive lead plaintiffs. <u>See</u> <u>In re Cavanaugh</u>, 306 F.3d 726, 731 (9th Cir. 2002). Any plaintiff who wishes to attempt to rebut the new presumptive lead plaintiffs showing that they satisfy Rule 23's typicality and adequacy requirements may do so by filing an opposition to the appointment of Bill Green and Brij Bhargava as lead plaintiffs no later than July 31, 2006. If an opposition is filed, Bill Green and Brij Bhargava may file a reply in support of their appointment as lead plaintiffs by August 7, 2006.

IT IS SO ORDERED.

Initials of Preparer _____ : _____

cc:

---

[1]      The Court is not finding, at this point, that no in-and-out seller can establish loss causation. Instead, the Court has merely determined that as an in-and-out seller which sold all of its shares before the corrective disclosures, Westpark does not have largest financial interest in the relief sought by the class.