UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TELIK, INC.<br>SECURITIES LITIGATION | Civil Action No. 07-CV-04819 (CM) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of April 16, 2008 (the "Stipulation"), submitted pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, is made and entered into by and among the following Settling Parties[1] to the above-captioned action: (i) Plaintiffs, on behalf of themselves and each of the Settlement Class Members, by and through their counsel of record in the Action (defined below), and (ii) Defendants, by and through their counsel of record in the Action. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

**The Litigation**

WHEREAS, beginning on June 6, 2007, putative class actions were filed in the United States District Court for the Southern District of New York (the "Court") on behalf of purchasers of Telik, Inc. ("Telik" or the "Company") common stock during a defined period of time alleging violations of the federal securities laws and captioned as (i) *Andrew May v. Telik, Inc., et al.,* No. 07-CV-04819 and (ii) *O'Grady v. Telik, Inc. et al.,* No. 07-CV-07040.

---

[1] Capitalized terms shall have the meanings listed below in Section 1.

15791v1

WHEREAS, on October 12, 2007, the Court (i) consolidated the foregoing actions for all purposes under the caption *In Re Telik, Inc. Securities Litigation*, No. 07-CV-04819 (CM) (the "Action"); (ii) appointed Policeman's Annuity and Benefit Fund of Chicago as Lead Plaintiff pursuant to Sections 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act") and 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approved Lead Plaintiff's selection of the law firm of Bernstein Liebhard & Lifshitz, LLP as Lead Counsel.

WHEREAS, on October 23, 2007, Lead Counsel filed a Corrected Amended Class Action Complaint (the "Complaint") in the Action. The Complaint alleges violations of Sections 11, 12, and 15 of the Securities Act, violations of Sections 10(b) and 20(a) of the Exchange Act, as amended, and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission on behalf of a putative class of all those who purchased Telik common stock during the period from February 19, 2004 to June 4, 2007, inclusive.

WHEREAS, the Action was brought as a putative class action alleging that the Telik Defendants (as defined below) violated the federal securities laws by making material misrepresentations and/or material omissions about, *inter alia*, the Phase 3 clinical trials of TELCYTA, Telik's primary new drug candidate. In addition, Plaintiffs alleged that Defendants issued, or caused the issuance of, a materially false and misleading registration statement in connection with the Company's January 2005 offering of 6.5 million shares of Telik common stock.

WHEREAS, beginning on November 27, 2007, the Settling Parties mediated at arm's length under the supervision of the Hon. Daniel Weinstein (Ret.).

**Defendants' Denials of Wrongdoing And Liability**

WHEREAS, Defendants vigorously deny and disclaim any wrongdoing or liability in connection with the claims and allegations asserted against them in the Action, and Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

WHEREAS, Defendants have denied and continue to deny, *inter alia*, the allegations that Defendants at any time knew or were reckless in not knowing that the challenged statements in the Complaint were false or misleading, that Plaintiffs or the other members of the putative Class have suffered damage, that the price of Telik common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the other members of the Class were harmed by the conduct alleged in the Complaint.

WHEREAS, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Nothing in this Stipulation is intended, nor should be construed, as an admission or concession of any of the claims or contentions alleged in the Action.

**Claims Of Plaintiffs And Benefits Of Settlement**

WHEREAS, Plaintiffs believe that the claims asserted in the Action have merit, but recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs have also taken into account the insurance available to Defendants. Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to alleged violations of the federal securities laws asserted in the Action. Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation would be fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

<u>**TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound:

IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective counsel or attorneys of record, that this Action and all Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice and without costs as to all Settling Parties; subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions of this Stipulation.

1.    **Definitions**

As used in this Stipulation the following terms have the following meanings:

4

1.1    "Authorized Claimant" means any putative Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Claimant" means any putative Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means, subject to Court approval, The Garden City Group, Inc.

1.4    "Defendants" means Telik, the Individual Defendants, and the Underwriter Defendants. Telik and the Individual Defendants are collectively referred to herein as the "Telik Defendants".

1.5    "Effective Date" means the first date by which all of the events and conditions specified in § 8.1 of this Stipulation have been met and have occurred.

1.6    "Escrow Agent" means Lead Counsel.

1.7    "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) days after the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in

such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

      1.8    "Individual Defendants" means Michael M. Wick and Cynthia M. Butitta.

      1.9    "Insurers" means Great American E&S Insurance Company and Telik's additional excess insurance carriers.

      1.10    "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

      1.11    "Lead Counsel" means Bernstein Liebhard & Lifshitz, LLP, Stanley D. Bernstein, Mel E. Lifshitz, Timothy J. MacFall, and Joseph R. Seidman, Jr., 10 E. 40th St., New York, NY 10016-0201, Telephone (212) 779-1414, Facsimile (212) 779-3218.

      1.12    "Lead Plaintiff" means Policemen's Annuity and Benefit Fund of Chicago.

      1.13    "Notice" means Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached hereto as Exhibit A-1.

      1.14    "Person" means an individual, their spouses, heirs, predecessors, successors, representatives, or assignees, a corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity.

      1.15    "Plaintiffs" means Policemen's Annuity and Benefit Fund of Chicago and Ramesh K. Mehan, RML Limited, Ramesh K. Mehan Irrevocable Children's Trust, Joel K. Mehan Irrevocable Trust, Sheila G. Mehan Irrevocable Trust, Renee Mehan Family Trust, Neal D. Mehan Irrevocable Trust, Rahul D. Mehan and Ramesh K. Mehan Family Trust.

1.16    "Plaintiffs' Counsel" means Bernstein Liebhard & Lifshitz, LLP and Brower Piven, A Professional Corporation.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.18    "Preliminary Approval Order" means that order to be entered by the Court, substantially in the form attached as Exhibit A.

1.19    "Proof of Claim" means a Proof of Claim and Release substantially in the form attached hereto as Exhibit A-2.

1.20    "Released Claims" shall collectively mean (including "Unknown Claims" as defined in § 1.29 hereof) any and all claims, rights, demands, causes of actions, suits, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that have been, might have been, or could be asserted at any time against any of the Released Parties by any member of the Settlement Class, in any capacity, in the Action or in any court of competent jurisdiction, which arise out of or relate in any way to: (a) purchases or sales of Telik common stock during the Class Period; (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaint; (c) any alleged misrepresentation or omission occurring during the Class Period concerning or relating to the financial condition, results of operations, financial statements, press releases, public filings, or other public disclosures of Telik; or (d) the conduct

7

of the business of Telik with regard to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaint. Except that the parties hereby agree that expressly excluded from the Released Claims are those claims asserted in the derivative action, denominated *Goldberg v. Brown, et al.*, Case No.: C08-0690, presently pending in the United States District Court for the Northern District of California.

1.21    "Released Parties" means each and all of Defendants, and all of their respective past or present employees, officers, directors, subsidiaries, parents, successors and predecessors, agents, affiliates, attorneys, advisors, insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate families, all trusts which are for the benefit of any of them and/or member(s) of their immediate family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

1.22    "Settlement" means the settlement contemplated by this Stipulation and its exhibits.

1.23    "Settlement Class" means all those who purchased or otherwise acquired the common stock of Telik, Inc. ("Telik" or the "Company") between February 19, 2004 and June 4, 2007, inclusive (the "Class Period"), including purchasers in the Company's January 28, 2005 stock offering (the "2005 Offering"), who were damaged thereby. Excluded from the Settlement Class are the Underwriter Defendants (with respect to their own accounts, but not with respect to accounts held for the benefit of others) and the Telik Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of

8

Telik, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the class.  The Parties shall stipulate to the certification of the Settlement Class for purposes of the Settlement only, subject to approval by the Court.

1.24    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class set forth in § 1.23.

1.25    "Settlement Class Period" means the period commencing on February 19, 2004 and ending on June 4, 2007, inclusive.

1.26    "Settlement Fund" means the principal amount totaling five million dollars ($5,000,000) in cash. The Settlement Fund is to be paid by wire transfer to the Escrow Agent pursuant to § 2.1 of this Stipulation.

1.27    "Settling Parties" means, collectively, each of Defendants and Plaintiffs, on behalf of itself and the Settling Class Members.

1.28    "Underwriter Defendants" means UBS Securities LLC, Lehman Brothers Inc., and J.P. Morgan Securities Inc.

1.29    "Unknown Claims" means any and all Released Claims that Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Claims which Defendants do not know or suspect to exist in their favor, which if known, might have affected their decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Settlement

Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall

have, expressly waived any and all provisions, rights and benefits conferred by any law of any

state or territory of the United States, or principle of common law, which is similar, comparable,

or equivalent to Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR
> AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY
> HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH
> THE DEBTOR.

Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to

have, and by operation of Judgment shall have, expressly waived any and all provisions, rights,

and benefits conferred by any law any state or territory of the United States, or principle of

common law or international or foreign law, which is similar, comparable, or equivalent to

California Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in

addition to or different from those which he, she, or it now knows or believes to be true with

respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each

Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of

the Judgment shall have, fully, finally, and forever settled and released any and all Released

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or

not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct

which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts. The

Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of

the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and

a material element of the settlement of which this release is a part.

**2.    The Settlement**

2.1    Within five (5) business days of the Court's entry of a Preliminary Approval Order, the Telik Defendants and their Insurers shall deposit the Settlement Fund into an interest-bearing escrow account (the "Escrow Account") to be managed by the Escrow Agent for the benefit of Plaintiffs and the Settlement Class Members.  Notwithstanding anything contrary in this Stipulation, in no event shall the Telik Defendants be required to pay more than $5,000,000 in connection with the Settlement.  The Settlement Fund is not, and shall not be considered, the payment or compromise of a claim for punitive damages or a penalty or fine under state or federal laws, rules, or regulations or any other applicable statute or provision.  Rather, it is, and shall be considered, payment to compromise claims asserted against Defendants for compensatory and equitable relief, including payment of attorneys' fees and expenses.

2.2    The Escrow Agent shall invest any funds of the Settlement Fund in excess of $150,000 deposited pursuant to § 2.1 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon, which shall be for the benefit of Plaintiffs and Settlement Class Members (including payment of attorneys' fees and expenses).  Any funds held in escrow in an amount of $150,000 or less may be held in an interest bearing bank account insured by the FDIC.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of this Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6    Upon payment of the Settlement Fund to the Escrow Agent pursuant to § 2.1 and preliminary approval of the Settlement, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $150,000.00 from the Settlement Fund in it. The Class Notice and Administration Fund may be used by Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying taxes, escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in § 2.2 of this Stipulation. Any costs or expenses expended for notice or claims administration in excess of $150,000.00 shall be paid from the Settlement Fund subject to the Court's approval.

2.7    The Escrow Agent shall bear all risks related to investment of the Settlement Fund and the Class Notice and Administration Fund.

2.8    In no event shall the Released Parties have any responsibility for or liability with respect to the Escrow Agent or its actions or omissions.

2.9    (a) Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this § 2.9, including the "relation-back election" (as defined in Treas. Reg.

§1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in § 2.9(a) hereof) shall be consistent with this § 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in § 2.9(c) hereof.

(c)    All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this § 2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this § 2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Released Parties harmless for Taxes and Tax Expenses (including, without

13

limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)).

(d)     The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or disbursement of the Settlement Fund, including, without limitation, the administration, investment or distribution of the Settlement Fund or the Net Settlement Fund, the determination or implementation of the Plan of Allocation, the determination, administration, calculation or payment of claims, the payment or withholding of Taxes or Tax Expenses in connection with any of the foregoing, or any losses incurred in connection with any of the foregoing. The Escrow Agent shall indemnify and hold each of the Released Parties harmless for Taxes or Tax Expenses.

(e)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this § 2.9; provided, however, that such cooperation shall under no circumstances be construed to give rise to any responsibility for, interest in, or liability whatsoever on the part of any Released Party for any matter, without limitation, related to the administration of the Settlement.

(f)    For the purpose of this § 2.9, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

2.10    In the event that this Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred and properly due and owing in connection with the Settlement provided for herein shall be refunded to the Telik Defendants, as provided in § 8.3 of this Stipulation.

## 3.    Preliminary Approval of the Settlement and Settlement Hearing

3.1    Within five (5) business days after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, the certification of the Settlement Class for settlement purposes, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action substantially in the form of Exhibit A-1 hereto and publication of a summary notice substantially in the form of Exhibit A-3 hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

3.2    Within five (5) business days after the execution of this Stipulation, the Telik Defendants shall provide the Claims Administrator with Telik's shareholder transfer records for the Class Period, to enable Lead Counsel to identify and provide Notice to putative members of the Settlement Class in accordance with § 3.1   Lead Counsel and the Claims Administrator agree that Telik's shareholder transfer records will be used solely for the purpose of providing

notice to the putative members of the Settlement Class and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims.

3.3    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and of any and all Released Claims as against all Released Parties.

4.2    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and all of the Released Claims (including Unknown Claims) against each and all of the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release. By entering into this Stipulation, Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred or otherwise granted any interest in the Released Claims, or any of them, to any Person.

4.3    The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 hereto. All Settlement Class Members shall be bound by the releases set forth in this Section 4 whether or not they submit a valid and timely Proof of Claim and Release.

4.4    Upon the Effective Date each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

16

discharged and shall forever be enjoined from prosecution against Plaintiffs, each and all of the

Settlement Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims)

arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement

or resolution of the Action or the Released Claims, provided, however, that nothing herein is

meant to bar any claim relating solely to performance or enforcement of this Stipulation or the

Settlement.

       4.5     Plaintiffs and Defendants agree not to assert in any forum that the Action was

brought by Plaintiffs and/or Settlement Class Members or defended by Defendants in bad faith or

without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of

Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or

settlement of the Action.  The Settling Parties agree that the amount paid and the other terms of

the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a

settlement that was reached voluntarily after consultation with experienced legal counsel.

**5.**     **Administration and Calculation of Claims, Final Awards and Supervision
and Distribution of Settlement Fund**

       5.1     The Claims Administrator, or its authorized agents, acting on behalf of the

Settlement Class and subject to such supervision and direction of the Court as may be necessary

or as circumstances may require, shall administer and calculate the claims submitted by

Settlement Class Members and oversee distribution of the Settlement Fund.

       5.2     The Settlement Fund shall be applied as follows:

          (a)     to pay Plaintiffs' Counsels' fees and expenses with interest thereon (the

"Fee and Expense Award") if and to the extent allowed by the Court;

          (b)     to pay all the costs and expenses reasonably and actually incurred in

connection with providing Notice, locating Settlement Class Members, assisting with the

filing of claims, administering and distributing the Settlement Fund to Authorized

Claimants, processing Proof of Claim and Release forms and paying escrow fees and

costs, if any;

(c)    to pay the Taxes and Tax Expenses described in § 2.9 of this Stipulation; and

(d)    to distribute the balance of the Settlement Fund, after the payment of fees

and expenses (the "Net Settlement Fund") to Authorized Claimants as allowed by this

Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of this

Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as

may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed

to Authorized Claimants subject to and in accordance with the following:

(a)    Within ninety (90) days after the mailing of the Notice or such other time

as may be set by the Court, each Person claiming to be an Authorized Claimant shall be

required to submit to the Claims Administrator a completed Proof of Claim and Release,

substantially in the form of Exhibit A-2 hereto, sworn on oath or made subject to the

penalties of perjury pursuant to 28 U.S.C. § 1746 and supported by such documents as

are specified in the Proof of Claim and Release and as are reasonably available to the

Authorized Claimant.

(b)    Except as ordered by the Court, all Settlement Class Members who fail to

timely submit a Proof of Claim and Release within such period, or such other period as

may be ordered by the Court, or otherwise allowed, shall be forever barred from

receiving any payments pursuant to this Stipulation and the Settlement set forth herein,

18

but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

(c)     The amount of each Authorized Claimant's claim shall be determined in accordance with the Plan of Allocation to be described in the Notice and approved by the Court, but in any event shall not exceed the Authorized Claimant's actual losses.

(d)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.4     This is not a claims-made Settlement and, if all conditions of this Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their Insurers. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Lead Counsel and approved by the Court.

5.5     No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Released Parties, or other entity designated by Lead Counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.6     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be

considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

      5.7     The Released Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

      (a)     any act, omission or determination of the Escrow Agent, Claims Administrator, Lead Counsel or designees or agents of Lead Counsel, Escrow Agent or Claims Administrator;

      (b)     any act, omission or determination of Lead Counsel or their designees or agents in connection with the administration of the Settlement or the distribution of the Settlement Fund;

      (c)     the administration, investment, management, or distribution of the Settlement Fund or the Net Settlement Fund;

      (d)     administration, calculation, or payment of any claims;

      (e)     the determination, administration, calculation, payment or withholding of Taxes or Tax Expenses;

      (f)     the Plan of Allocation; or

      (g)     any losses incurred in connection with any of the foregoing.

## 6.    Final Approval Order and Judgment

      6.1     If the Court grants final approval of the Settlement embodied in this Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties to this Stipulation

shall submit to the Court a proposed final order and judgment in a form substantially the same as Exhibit B hereto.

**7.     Plaintiffs' Counsels' Attorneys' Fees and Reimbursement of Expenses**

7.1     Lead Counsel, on behalf of Plaintiffs' Counsel, may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees of up to thirty percent (30%); (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred. Defendants agree that they will not oppose any application for the award of attorneys' fees and/or the reimbursement of expenses made in accordance with the foregoing provisions of this paragraph.

7.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, on behalf of Plaintiffs' Counsel, solely from the Settlement Fund, as ordered, within five (5) days of the execution of the Court's order awarding such fees and expenses. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such reversal or modification. Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each

partner and/or shareholder of it, agrees that it shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this § 7.2 and that the Court may, upon application of Defendants, summarily issue orders and take whatever other actions it deems appropriate, including, without limitation, issuing judgments and attachment orders and making appropriate findings of and/or sanctions for contempt against Lead Counsel should Lead Counsel fail to timely repay fees and expenses pursuant to this § 7.2.

7.3    Notwithstanding any other provision of this Stipulation to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, be deemed material thereto, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein or any other orders entered pursuant to this Stipulation.

7.4    The Released Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Lead Counsel.

7.5    Lead Counsel shall, subject to review by the Court of any disputes, allocate and disburse the attorneys' fees among all Plaintiffs' Counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel in the prosecution of and results obtained in the action.  The Released Parties shall have no responsibility for, and no liability

whatsoever with respect to the allocation among Plaintiffs' Counsel, and/or any other Person

who may assert some claim thereto, of any Fee and Expense Award that the Court may make in

the Action, and the Released Parties take no position with respect to such matters.

## 8.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

8.1    The Effective Date shall be conditioned on the occurrence of all of the following

events:

(a)    Contribution to the Settlement Fund as required by § 2.1;

(b)    Defendants' decision not to exercise their option to terminate this

Stipulation pursuant to § 8.6;

(c)    the Court's entry of the Preliminary Approval Order as required by § 3.1;

(d)    the Court's entry of the Judgment, or a judgment substantially in the form

of Exhibit B hereto; and

a)    Judgment becoming Final, as defined in § 1.7.

8.2    Upon the last to occur of all of the events referenced in § 8.1 hereof, any and all

remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished.  If all of the conditions specified in § 8.1 hereof are not met, then this

Stipulation shall be canceled and terminated subject to § 8.4 hereof, unless Lead Counsel and

counsel for Defendants and their Insurers mutually agree in writing to proceed with this

Stipulation.

8.3    Unless otherwise ordered by the Court, in the event this Stipulation shall

terminate, or be canceled, or shall not become effective for any reason, on or prior to September

30, 2008, within twenty (20) business days after written notification of such event is sent by

counsel for the Defendants or Lead Counsel to the Escrow Agent, and in accordance with the

terms of § 2.10, the Settlement Fund (including accrued interest), plus any amount then

remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to § 2.6 or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent to the Telik Defendants, pursuant to written instructions from counsel to Telik or its successor-in-interest. At the request of counsel to Telik, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from counsel to Telik or its successor-in-interest.

8.4    In the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of February 11, 2008. In such event, the terms and provisions of this Stipulation, with the exception of §§ 2.9, 2.10, and 8.3 to 8.5, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel, on behalf of Plaintiffs' Counsel, shall constitute grounds for cancellation or termination of this Stipulation.

8.5    If the Effective Date does not occur on or before September 30, 2008, or if this Stipulation otherwise is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly

24

chargeable to the Class Notice and Administration Fund pursuant to § 2.6 at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with §§ 2.10 and 8.3.

8.6    If prior to the Settlement Hearing, the aggregate number of shares of Telik common stock purchased by Persons who would otherwise be members of the Settlement Class, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement ("Supplemental Agreement") between the Settling Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. In the event of withdrawal from this Stipulation, pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, and the provisions of §§ 2.10, 8.3, 8.4 and 8.5 shall apply. The Supplemental Agreement and all of its terms are hereby incorporated into this Stipulation (and vice versa); however, the Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises. Copies of all Requests for Exclusion received shall be delivered to counsel for Defendants within five (5) business days of receipt by Lead Counsel or their agents but in no event later than seven (7) court days before the Settlement Hearing.

**9.    No Admission of Wrongdoing**

9.1    Defendants have vigorously denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have vigorously denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all claims of wrongdoing or liability alleged or asserted in the Action. Defendants state that they are agreeing to this Settlement solely because it will

eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.

9.2    This Stipulation, and any of its terms, any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be construed as an admission by any of the Defendants or other Released Parties of any fault, wrongdoing, or liability whatsoever, or an admission by Plaintiffs of any lack of merit of its claims against the Defendants. This Stipulation, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any Settling Party to be received in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any Defendant or other Released Parties; provided, however, that nothing contained in this section shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Settling Parties in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement, the Final Judgment, or the Proofs of Claim and Release as to the Defendants, Released Parties, Plaintiffs, Plaintiffs' Counsel, or the Settlement Class Members. This Stipulation may, however, be filed and used in other proceedings where relevant, to demonstrate the fact of its existence and of this Settlement, including, but not limited to, any Defendant filing this Stipulation and/or the Final Approval Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

reduction or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties acknowledge that it is their intent to consummate this

agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement

all terms and conditions of this Stipulation and to exercise their reasonable best efforts to

accomplish the foregoing terms and conditions of this Stipulation, including, but not limited to,

all necessary approvals of the Court required by this Stipulation.

10.2    The Settling Parties intend this Settlement to be a final and complete resolution of

all disputes between them with respect to the Action.  The Settlement compromises claims which

are contested and shall not be deemed an admission by any Settling Party as to the merits of any

claim or defense.  The Judgment will contain a statement that during the course of the Action,

the Settling Parties and their respective counsel at all times complied with the requirements of

Federal Rule of Civil Procedure 11.  While retaining their right to deny liability, Defendants

agree that the amount paid to the Settlement Fund and the other terms of the Settlement were

negotiated in good faith and at arm's-length by the Settling Parties, and reflect a settlement that

was reached voluntarily after consultation with competent legal counsel.  The Settling Parties

reserve their right to rebut, in a manner that each such party determines to be appropriate, any

contention made in any public forum that the Action was brought or defended in bad faith or

without a reasonable basis.

10.3    Within ninety (90) days of the Effective Date, or if this Stipulation is terminated

or the Effective Date does not occur on before September 30, 2008 then within 90 days of the

termination or September 30, 2008 as the case may be, all deposition transcripts and all materials

produced by the Defendants marked as "Confidential" (including all materials attached as

exhibits to any deposition or introduced in any interview in the Action) shall be either (a) returned to the parties and/or their respective counsel; or (b) destroyed, and a certification in writing that the documents have been destroyed be delivered to the parties' counsel. All such destroyed material will not be used in this or any subsequent proceeding. The Settling Parties are not required to return or destroy pleadings, discovery requests, correspondence between counsel, or documents filed with the Court. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

10.4    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.5    This Stipulation, or any part thereof, may be waived, amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.6    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

10.7    Except as otherwise provided herein or in separate indemnification agreements amongst any of them, each of the Settling Parties shall bear its own costs.

10.8    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into

any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

10.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.10   This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.11   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.12   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

10.13   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

10.14   The failure of any Settling Party to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provisions, nor in any way to affect the validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to enforce each and every such provision. The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any prior or subsequent breach of this Stipulation.

10.15   The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation or construction of this Stipulation.

10.16   In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation.

10.17   Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

10.18   Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

For Lead Plaintiff:

Timothy J. MacFall, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, New York  10016
Telephone:  (212) 779-1414
Facsimile:  (212) 779-3218

For Telik Defendants:

Jamie A. Levitt, Esq.
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, New York  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

For Underwriter Defendants

David W. Haller, Esq.
Covington & Burling LLP
620 Eighth Avenue
New York, New York  10018-1405
Telephone: (212) 841-1000
Facsimile:  (212) 841-1010

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by

their duly authorized attorneys dated as of April 16, 2008.

Dated: New York, New York
      April 16, 2008

                              **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

                              Stanley D. Bernstein
                              Mel E. Lifshitz
                              Timothy J. MacFall
                              Joseph R. Seidman, Jr.
                              10 East 40th Street
                              New York, New York 10016
                              (212) 779-1414
                              bernstein@bernlieb.com
                              lifshitz@bernlieb.com
                              macfall@bernlieb.com
                              seidman@bernlieb.com

                              **Lead Counsel for Plaintiffs and
the Settlement Class**

                              **MORRISON & FOERSTER LLP**

                              Jack C. Auspitz
                              Jamie A. Levitt
                              Erik J. Olson
                              1290 Avenue of the Americas
                              New York, New York 10104-0050
                              (212) 468-8000
                              jauspitz@mofo.com
                              jlevitt@mofo.com
                              ejolson@mofo.com

31

**Counsel for Defendants Telik, Inc., Michael M. Wick, and Cynthia M. Butitta**

**COVINGTON & BURLING LLP**

David W. Haller
Linda C. Goldstein
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
dhaller@cov.com
lgoldstein@cov.com

**Counsel for Underwriter Defendants**