UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TELIK, INC.<br>SECURITIES LITIGATION | Civil Action No. 07-cv-04819 (CM)<br><br>**NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>**EXHIBIT A-1** |

*IF YOU PURCHASED OR OTHERWISE ACQUIRED TELIK, INC. ("TELIK") COMMON STOCK BETWEEN FEBRUARY 19, 2004 AND JUNE 4, 2007, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. IN ALL EVENTS, IF THE SETTLEMENT IS APPROVED, ALL CLAIMS INVOLVING TELIK COMMON STOCK WILL BE ELIMINATED AND RESOLVED BY THE LITIGATION.*

A United States District Court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Telik common stock purchased or acquired between February 19, 2004 and June 4, 2007, both dates inclusive.

**Settlement Fund:** $5,000,000.00. Your recovery will depend on the amount of Telik common stock purchased or acquired and the timing of your purchases and acquisitions, and any sales. Depending on the number of shares that participate in the Settlement and when those shares were purchased or acquired and sold, the estimated average recovery per share of common stock will be approximately $.06 before deduction of Court-approved fees and expenses.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. While Plaintiffs' Counsel were

15577v1

prepared to go to trial and were confident about the case, a trial is a risky proposition and Plaintiffs and the Class might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the issues about which the two sides do not agree are: (1) the amount of damages that could be recovered at trial; (2) the method for determining whether Telik common stock was artificially inflated during the relevant period; (3) the amount of any such inflation; (4) the extent that various statements cited by Plaintiffs were materially false or misleading; (5) whether market forces influenced the trading price of Telik common stock during the relevant period; (6) the extent that various facts alleged by Plaintiffs influenced the trading price of Telik common stock during the relevant period; (7) whether Plaintiffs had pled a strong inference of Defendants' scienter; and (8) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Plaintiffs' Counsel have not received any payment for their work investigating the facts, conducting this litigation, and negotiating the Settlement on behalf of Plaintiffs and the Class. Court-appointed Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees not to exceed 30% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $125,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $.016.

**Deadlines:**

    Submit Claim:    \_\_\_\_, 2008

    Request Exclusion:    _____, 2008

    File Objection:    _____, 2008

**Court Hearing on Fairness of Settlement:** _____, 2008, at \_\_\_ a.m.

**More Information:**

| Claims Administrator: | Lead Counsel for Plaintiffs: |
|---|---|
| The Garden City Group, Inc.<br>Telik Securities Litigation<br>P.O. Box 9000, #___<br>Merrick, N.Y. 11566-9000<br>Tel: (800) 283-9334 | Timothy J. MacFall, Esq.<br>Bernstein Liebhard & Lifshitz, LLP<br>10 E. 40th St.<br>New York, NY 10016<br>Tel: (212) 779-1414 |

- Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

<b>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:</b>

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

<b>BASIC INFORMATION</b>

1. **Why Did I Receive This Notice Package?**

You or someone in your family may have purchased or acquired shares of Telik common stock between February 19, 2004 and June 4, 2007, both dates inclusive.

The Court directed that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. The people who sued are called the Plaintiffs, and the company, several of its officers, as well as certain companies that acted as underwriters for an offering of Telik common stock, Telik, Michael F. Wick, Cynthia M. Buttita, UBS Securities LLC, Lehman Brothers Inc., and J.P. Morgan Securities Inc., are called the Defendants.

2.   **What Is This Lawsuit About?**

This case was brought as a putative class action alleging that Defendants violated the federal securities laws by making material misrepresentations and/or statements that omitted material information about, *inter alia*, Telik's chief drug, TELCYTA. Plaintiffs allege in the complaint that throughout the putative Class Period, Defendants misrepresented the status of the then-ongoing United States Food and Drug Administration ("FDA") Phase 3 clinical trials of TELCYTA.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements,

acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or the putative Class have suffered damage, that the price of Telik common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the other members of the Class were harmed by the conduct alleged in the Complaint.

3. **Why Is This a Class Action?**

In a class action, one or more people (in this case the Court-appointed Lead Plaintiff, Policemen's Annuity and Benefit Fund of Chicago and the other plaintiff, the Mehan Group), sue on behalf of people who have similar claims. Here, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. Judge Colleen McMahon is in charge of this class action.

4. **Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members, considering the per share recovery and the amount of available insurance coverage.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from the Settlement, you first have to determine if you are a Settlement Class Member.

5. **How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes ***all persons who purchased or acquired Telik common stock between February 19, 2004 and June 4, 2007, except those persons and entities that are excluded, as described below.***

6. **What Are The Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant, including one of the Underwriter Defendants (with respect to their own accounts, but not with respect to accounts held for the benefit of others), any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Telik, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold Telik common stock between February 19, 2004 and June 4, 2007, that *alone* does *not* make you a Settlement Class Member. You are a Settlement Class Member *only* if you purchased or acquired Telik common stock between February 19, 2004 and June 4, 2007, inclusive.

7. **I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call The Garden City Group for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

8. **What Does the Settlement Provide?**

Defendants have agreed to pay $5,000,000.00 in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including taxes, the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in valid claim forms. The source of the funds for the Settlement is Telik.

9. **How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of Telik common stock you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

1. For shares of common stock purchased between February 19, 2004 and December 22, 2006:

    A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

       (1) $11.49 per share; or
       (2) the difference between the purchase price per share and $3.17.[1]

    B. For shares sold between February 19, 2004 and December 22, 2006, the Recognized Loss shall be zero.

    C. For shares sold between December 26, 2006 and June 1, 2007, the Recognized Loss shall be the lesser of:

       (1) $9.39 per share; or
       (2) the difference between the purchase price per share and the sales price per share for each share sold.

    D. For shares sold on June 4, 2007, the Recognized Loss shall be the lesser of:

       (1) $10.32 per share; or
       (2) the difference between the purchase price per share and the sales price per share for each share sold.

    E. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

       (1) $11.49 per share; or

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $3.17 was the mean (average) daily closing trading price of Telik, Inc. common stock during the 90-day period beginning on June 5, 2007 and ending on August 31, 2007.

    (2) the difference between the purchase price per share and the sales price per share for each share sold.

2. For shares of common stock purchased between December 26, 2006 and June 1, 2007:

 A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

  (1) $2.10 per share; or
  (2) the difference between the purchase price per share and $3.17.

 B. For shares sold between December 26, 2006 and June 1, 2007, the Recognized Loss shall be zero.

 C. For shares sold on June 4, 2007, the Recognized Loss shall be the lesser of:

  (1) $0.93 per share; or
  (2) the difference between the purchase price per share and the sales price per share for each share sold.

 D. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

  (1) $2.10 per share; or
  (2) the difference between the purchase price per share and the sales price per share for each share sold.

3. For shares of common stock purchased on June 4, 2007:

 A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

  (1) $1.17 per share; or
  (2) the difference between the purchase price per share and $3.17.

 B. For shares sold on June 4, the Recognized Loss shall be zero.

 C. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

  (1) $1.17 per share; or
  (2) the difference between the purchase price per share and the sales price per share for each share sold.

The payment you receive will reflect your *pro rata* share of the Net Settlement Fund. Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, the estimated average payment will be approximately $.06 for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class

Members send in a claim form, you could receive more money. Any such additional monies would be allocated *pro rata* among claimants based on the Plan of Allocation.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Telik common stock during the Class Period are subtracted from all losses.

### HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

**10. How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than ____, 2008.

**11. When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2008 at _____ a.m., to decide whether to approve the Settlement. If Judge McMahon approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12. What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Released Claims in this case (as those terms are defined in the enclosed claim form). It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Released Parties. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How Do I Get Out of the Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. You must include your name, address, telephone number, your signature, and the number of shares of Telik common stock you purchased or acquired between February 19, 2004 and June 4, 2007, both dates inclusive, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than _____, 2008 to:

> The Garden City Group, Inc.
> Telik, Inc. Securities Litigation
> P.O. Box 9000, #___
> Merrick, NY 11566-9000

You cannot exclude yourself on the telephone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14. If I Do Not Exclude Myself, Can I Sue the Defendants or the Released Parties for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the Released Claims in the Settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2008.

15. **If I Exclude Myself, Can I Receive Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and/or the Released Parties.

## THE LAWYERS REPRESENTING YOU

16. **Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Bernstein Liebhard & Lifshitz, LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

17. **How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $125,000.00 (for a combined average of $.016 per share of common stock), which were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services in conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel, on behalf of Plaintiffs' Counsel, for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. Be sure to include your name, address, telephone number, your signature, the number of shares of Telik common stock purchased and sold between February 19, 2004 and June 4, 2007, inclusive, and the reasons you object. Any objection must be mailed or delivered such that it is ***received*** by each of the following on or before ___, 2008:

*Court:*

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, New York 10007

*Lead Counsel for Plaintiffs:*

> Timothy J. MacFall, Esq.
> Bernstein Liebhard & Lifshitz, LLP
> 10 E. 40th St., 29th Floor
> New York, NY 10016-0201

*Counsel for Defendants Telik, Michael F. Wick and Cynthia M. Buttita:*

> Jamie A. Levitt, Esq.
> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104-0050

*Counsel for the Underwriter Defendants:*

> David W. Haller, Esq.
> Covington & Burling, LLP
> 620 Eighth Avenue

New York, New York 10018-1405

### 19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 20. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at _____ a.m., on _____, 2008, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York 10007. At this hearing, the Court will determine (a) whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (c) whether to enter a Final Order and Judgment as provided in ¶1.10 of the Stipulation; (d) whether the proposed Plan of Allocation is fair, reasonable, adequate, and should be approved; and to determine; (e) the amount of fees and expenses that should be awarded to Lead Counsel, on behalf of Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class; and (f) such other matters as the Court may deem appropriate. If there are objections, the Court will consider them. Judge McMahon will listen to people who have asked to speak at the hearing. The Court will also consider Lead Counsel's application for fees and expenses. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

21.  **Do I have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge McMahon may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

22.  **May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. Be sure to include your name, address, telephone number, your signature, and the number of shares of Telik common stock purchased between February 19, 2004 and June 4, 2007, inclusive. Your notice of intention to appear must be postmarked no later than _____, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the four addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

23.  **What Happens if I Do Nothing at All?**

If you do nothing, you will not receive any money from the Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

24.  **Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated as of April 16, 2008. You can obtain a copy of the Stipulation of Settlement by writing to Timothy J. MacFall, Esq., Bernstein Liebhard & Lifshitz, LLP, 10 East 40th St., New York, New York 10016, or from the Clerk's office at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, during regular business hours.

25. **How Do I Get More Information?**

You can call or write to The Garden City Group, Inc. [See below]

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you hold shares of any Telik common stock purchased between February 19, 2004 and June 4, 2007, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> The Garden City Group, Inc.
> Telik Securities Litigation
> P.O. Box 9000, #___
> Merrick, NY 11566-9000
> Tel: (800) 283-9334

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: April __, 2008                    BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK