**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TELIK, INC. SECURITIES LITIGATION | Civil Action No. 07-cv-04819 (CM) **PROOF OF CLAIM AND RELEASE** **EXHIBIT A-2** |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the class based on your claims in the action, entitled *In re Telik, Inc.*, Master File No. 07-CV-4819 (the "Action"), you must complete and, on page 12 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS:

> The Garden City Group, Inc.
> Telik, Inc. Securities Litigation
> P.O. Box 9000, #___
> Merrick, NY  11566-9000

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

15579v1

4.      If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    DEFINITIONS

1.      "Defendants" means Telik, Inc., Michael F. Wick, Cynthia M. Buttita, UBS Securities LLC, Lehman Brothers Inc., and J.P. Morgan Securities Inc.

2.      "Released Parties" is defined below.

3.      All other definitions are contained in the Stipulation of Settlement, dated April 16, 2008.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased or acquired Telik common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      In Section IV below, use Part I of the form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Telik common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE TELIK COMMON STOCK UPON WHICH THIS CLAIM IS BASED, *NOT* THE RECORD PURCHASER.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial

owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.      Use Part II of the form entitled "Schedule of Transactions in Telik common stock" to supply all required details of your transaction(s) in Telik common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of Telik common stock which took place at any time between February 19, 2004 and June 4, 2007, both dates inclusive (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Telik common stock. The date of a "short sale" is deemed to be the date of sale of Telik common stock.

5.      Broker confirmations or other documentation of your transactions in Telik common stock *must* be attached to your claim. Do *not* send original documents, including shares of stock. If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the

Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Telik, Inc. Securities Litigation*

Master File No. 07-4819

PROOF OF CLAIM

Must be Postmarked No Later Than:

_____, 2008

Please Type or Print

PART I:       CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____
City                                                             State                                            Zip Code

_____          _____
Foreign Province                                           Foreign Country

_____          _____     Individual
Social Security Number or                    _____     Corporation/Other
Taxpayer Identification Number

_____          _____ (work)
Area Code                                                  Telephone Number

_____          _____ (home)
Area Code                                                  Telephone Number

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:    SCHEDULE OF TRANSACTIONS IN TELIK COMMON STOCK

    A.    Number of shares of Telik common stock held at the beginning of trading on February 19, 2004: _____

    B.    Purchases or Acquisitions of Telik common stock (February 19, 2004 – June 4, 2007, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    C.    Sales of Telik (February 19, 2004 – June 4, 2007, inclusive):

| Trade Date Mo. Day Year | Number of Common stock Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    D.    Number of shares of Telik common stock held at close of trading on June 4, 2007: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of April 16, 2008, ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Telik common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## VI. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of the "Released Parties," defined as Defendants and all of their respective past or present employees, officers, directors, subsidiaries, parents, successors and predecessors, agents, affiliates, attorneys, advisors, insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate family, all trusts which are for the benefit of any of them and/or member(s) of their immediate family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

2.      "Released Claims" shall mean any and all claims (including "Unknown Claims" as defined below), rights, demands, causes of actions, suits, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that have

been, might have been, or could be asserted at any time against any of the Released Parties by

any member of the Settlement Class, in any capacity, in the Action or in any court of competent

jurisdiction, which arise out of or relate in any way to: (a) the purchases or sales of Telik

common stock during the Class Period; (b) the allegations, transactions, facts, matters or

occurrences, representations or omissions involved, set forth, referred to or that could have been

asserted in the Complaint; (c) any alleged misrepresentation or omission occurring during the

Class Period concerning or relating to the financial condition, results of operations, financial

statements, press releases, public filings, or other public disclosures of Telik; or (d) the conduct

of the business of Telik with regard to any of the allegations, transactions, facts, matters or

occurrences, representations or omissions involved, set forth, referred to or that could have been

asserted in the Complaint.  Except that the parties hereby agree that expressly excluded from the

Released Claims are those claims asserted in the derivative action, denominated *Goldberg v.*

*Brown, et al.*, Case No.: C08-0690, presently pending in the United States District Court for the

Northern District of California.

3.    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any

Class Member do not know or suspect to exist in his, her or its favor at the time of the release of

the Released Parties, and any Released Claims which Defendants do not know or suspect to exist

in their favor, which if known, might have affected their decision(s) with respect to the

Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon

the Effective Date, Plaintiffs and Defendants shall expressly, and each Settlement Class Member

shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, which is similar, comparable, or equivalent to

Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR
> AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY
> HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH
> THE DEBTOR.

Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to

have, and by operation of Judgment shall have, expressly waived any and all provisions, rights,

and benefits conferred by any law of any state or territory of the United States, or principle of

common law or international or foreign law, which is similar, comparable, or equivalent to

California Code §1542.  Plaintiffs and Settlement Class Members may hereafter discover facts in

addition to or different from those which he, she, or it now knows or believes to be true with

respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each

Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of

the Judgment shall have, fully, finally, and forever settled and released any and all Released

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or

not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct

which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule,

without regard to the subsequent discovery or existence of such different or additional facts.  The

Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of

the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and

a material element of the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Telik common stock that occurred during the Class Period as well as the number and type of Telik common stock held by me (us) at the opening of trading on February 19, 2004, and at the close of trading on June 4, 2007.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐      Individual/Sole Proprietor        ☐      Pension Plan
☐      Corporation                      ☐      Partnership     ☐      Trust
☐      IRA                             ☐      Other

          Enter TIN on appropriate line.

          o      For individuals, this is your Social Security Number ("SSN").

          o      For sole proprietors, you must show your individual name, but your may
                  also enter your business or "doing business as" name.  You may enter
                  either your SSN or your Employer Identification Number ("EIN").

          o      For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _              or    _ _ - _ _ _ _ _ _ _
Social Security Number                Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt"
on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

       1.      The number shown on this form is my correct TIN; and

       2.      I (we) certify that I am (we are) NOT subject to backup withholding under
               the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code
               because: (a) I am (we are) exempt from backup withholding; or (b) I (we)
               have not been notified by the Internal Revenue Service that I am (we are)
               subject to backup withholding as a result of a failure to report all interest
               or dividends; or (c) the Internal Revenue Service has notified me (us) that
               I am (we are) no longer subject to backup withholding.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

     *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

   Executed this _____ day of_____,
                (Month/Year)

in _____ , _____ .
  (City)               (State/Country)

        _____
        (Sign your name here)

        _____
        (Type or print your name here)

        _____
        (Capacity of person(s) signing, *e.g.*,
        Beneficial Purchaser, Executor or
        Administrator)

   ACCURATE CLAIMS PROCESSING TAKES A

    SIGNIFICANT AMOUNT OF TIME.

    THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

  1.  Please sign the above release and declaration.

  2.  Remember to attach supporting documentation, if available.

  3.  Do not send original stock certificates.

  4.  Keep a copy of your claim form for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

If you move, please send us your new address.