USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

)
IN RE TELIK, INC.                               )
SECURITIES LITIGATION                           )
                                               )
                                               )
                                               )
                                               )
                                               )
                                               )
                                               )
                                               )

Civil Action No. 07-cv-04819 (CM)

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, Plaintiffs in the above-captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as herein defined), and Telik, Inc., Michael M. Wick, Cynthia Butitta, UBS Securities LLC, Lehman Brothers, Inc., and J.P. Morgan Securities, Inc. (collectively, Defendants), by and through their undersigned counsel, filed a Stipulation of Settlement dated April 16, 2008 (the "Stipulation) with this Court which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement ("Settlement") of the claims alleged in the Action on the merits and dismissal with prejudice as against Defendants;

WHEREAS, the Court having reviewed and considered the Stipulation and the proposed Notice of Pendency of Proposed Settlement of Class Action ("Notice"), the proposed Summary Notice of Pendency and Proposed Settlement of Class Action, the proposed form of Proof of Claim and Release ("Proof of Claim"), and the proposed form of Final Order and Judgment relating to the Settlement;

WHEREAS, the Court finding that substantial and sufficient grounds exist for entering this Order; and

15580v1

WHEREAS, all capitalized terms herein shall have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating the Settlement, a class (the "Settlement Class") consisting of all persons who purchased Telik common stock during the period of February 19, 2004 and June 4, 2007, both dates inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are the Underwriter Defendants (with respect to their own accounts, but not with respect to accounts held for the benefit of others) and the Telik Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Telik, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who timely and validly request exclusion from the Settlement Class.

2.      This Court finds preliminarily and for purposes of effectuating this Settlement only that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims and defenses of the representative parties are typical of the Settlement Class; and (d) the representative parties will fairly and adequately protect the interests of the Settlement Class.  In addition, the Court finds that the Action satisfies the requirement of Rule 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds preliminarily and for purposes of effectuating this Settlement only that Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago and Plaintiff Ramesh K. Mehan are certified as the class representatives, on behalf of the Settlement Class.

4.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5.      A hearing in the Action shall be held before this Court on *September 5*, 2008, at *9 :30 A*.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York, 10007, to determine (a) whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court (the "Settlement Hearing"); (c) whether the Final Order and Judgment as provided in ¶1.10 of the Stipulation should be entered herein; (d) whether the proposed Plan of Allocation is fair, reasonable, adequate, and should be approved; (e) the amount of fees and expenses that should be awarded to Lead Counsel on behalf of Plaintiffs' Counsel; and (f) such other matters as the Court may deem appropriate.

6.      The Court approves, as to form and content, the Notice, the Proof of Claim, and Summary Notice for publication annexed, respectively, as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 8-9 of this Order meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein,

based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

7.      The certification of the Settlement Class shall be binding only with respect to the settlement of the Action.  If, for any reason, the Stipulation is terminated, or the Effective Date for any reason does not occur, the certification of the Settlement Class shall automatically be vacated, and the Action shall proceed as though the Settlement Class has never been certified, and Defendants may assert all objections to class certification.

8.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      On or before *June 6*, 2008 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      On or before *June 20*, 2008, Lead Counsel shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*; and

(c)      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.      Lead Counsel is authorized to establish a "Class Notice and Administration Fund" of up to $150,000 out of the Settlement Fund to cover costs and expenses reasonably and actually incurred in connection with providing notice and related expenses.  The Court shall approve any costs or expenses in excess of $150,000.  In the event the proposed Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly incurred and/or disbursed from the Class Notice and Administration Fund.

10.     Nominees who purchased or acquired Telik common stock during the Settlement Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Telik common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.

12.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall not be entitled to share in the distribution of the proceeds of the Net Settlement Fund but nonetheless will be barred and enjoined from asserting any of the claims that have been or might have been asserted in the Action, unless otherwise ordered by the Court.

13.     Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

14.     Any Member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15.     Any Member of the Settlement Class may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are *received* on or before *August 8*, 2008, by: Bernstein Liebhard & Lifshitz LLP, Timothy J. MacFall, Esq., 10 E. 40th St., 29th Floor, New York, NY 10016-0201; Morrison & Foerster, LLP, Jamie A. Levitt, Esq., 1290 Avenue of the Americas, NY, NY, 10104, and Covington & Burling, LLP, David W. Haller, Esq., 620 Eighth Avenue, NY, NY, 10018; and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before *August 8*, 2008. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

16.     Pending resolution of these settlement proceedings, no other action now pending or hereafter filed arising out of all or part of the subject matter of the Action shall be maintained as a class action, and except as provided by this or further order of the Court, for good cause shown, all Settlement Class Members are hereby enjoined during the pendency of these

settlement proceedings from filing or prosecuting purported class actions against any Released Person with respect to any of the Released Claims.

17.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.    All papers in support of the proposed Settlement, the Plan of Allocation, and the application by Lead Counsel, on behalf of Plaintiffs' Counsel, for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

20.    Neither Defendants nor the Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, on behalf of Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the proposed Settlement.

21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement or connected with it: (a) may be deemed to be or may be used as an admission of, evidence of, or concession by Defendants or the Released Parties of the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative

proceeding in any court, administrative agency, or other tribunal other than in such proceedings as may be necessary to consummate or enforce the Stipulation or the settlement provided therein, or the Judgment, except that Defendants and/or the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. If any Settlement Class Member asserts any Released Claims against any Defendant and/or Released Party in any court or other tribunal prior to final Court approval of the Settlement, Lead Counsel shall use its best efforts to effect a withdrawal or dismissal of the claims. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation and Settlement.

22.    The Final Judgment will permanently bar and enjoin Plaintiffs and all Settlement Class Members from instituting or prosecuting, in any capacity, any action or proceeding that asserts any of the Released Claims.

23.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

24.    The Court reserves the right to adjourn the Settlement Hearing without further notice to the Settlement Class, and retains exclusive jurisdiction over the Action to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

25.    The Exhibits attached hereto are incorporated herein as though set forth in this

Order.

Date: 6 May 2008

The Hon. Colleen McMahon
United States District Judge