EXHIBIT D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE TELIK, INC.
SECURITIES LITIGATION

Civil Action No. 07-CV-04819 (CM)

DECLARATION OF
JENNIFER M. KEOUGH

**DECLARATION OF JENNIFER M. KEOUGH**
**REGARDING NOTICE DISSEMINATION AND PUBLICATION**

JENNIFER M. KEOUGH declares and states as follows:

1. I am a Senior Vice President of The Garden City Group, Inc. ("GCG") and Managing Director of GCG's West Coast Regional Office. The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2. GCG was retained by the Parties to the above-captioned litigation (the "Litigation") to serve as the Claims Administrator as described in the Stipulation and Agreement of Settlement dated April 16, 2008 (the "Stipulation"). I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding the mailing of the Notice of Pendency of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release (collectively the "Notice Packet"), as well as the publication of the Summary Notice (the "Publication Notice"), in accordance with the Court's Order Preliminarily Approving Settlement and Providing For Notice, dated May 6, 2008 (the "Preliminary Approval Order").

**DISSEMINATION OF THE NOTICE PACKET**

3. GCG was responsible for disseminating the Notice Packet to potential Class Members in this Litigation. Toward that end, on April 30, 2008, GCG received from

Computershare electronic files containing 161 unique records, and was advised that the files contained the names and addresses of the record holders of Telik Inc. ("Telik") during the period February 19, 2004 through June 4, 2007, including purchasers in the Company's January 28, 2005 stock offering ("2005 Offering").

4. On or before May 2, 2008, GCG loaded this data into a database created for the Litigation and updated the addresses through the National Change of Address (NCOA) database. Where a more current address was obtained, GCG updated the address accordingly.

5. This list was supplemented by the list maintained by GCG of 2,651 brokers and other nominees who regularly purchase and/or hold securities as nominees for other beneficial purchasers.

6. GCG thereafter formatted the Notice Packet, and caused it to be printed, personalized with the name and address of each potential Class Member and nominees, posted for first-class mail, postage pre-paid, and delivered on June 6, 2008 (the "Notice Date") to a United States Post Office for mailing to the shareholders and nominees identified on the mailing list.

7. On the Notice Date, 2,812 copies of the Notice Packet were mailed. A copy of the Notice Packet is attached hereto as Exhibit A. Since the Notice Date, GCG has received requests from nominees for over 50,000 additional Notice Packets to be mailed either directly to the Class Member list provided by the nominee or to the nominee for dissemination by them. Each of these requests has been satisfied. In total, GCG has mailed over 54,000 Notice Packets.

**PUBLICATION OF THE SUMMARY NOTICE**

8. The Court's Preliminary Approval Order also directed that the Publication Notice be published on or before June 20, 2008 once in the national edition of *The Wall Street Journal*. The Publication Notice was published in the national edition of *The Wall Street Journal* on June 16, 2008. A copy of the Summary Notice and confirmation of publication are attached hereto as Exhibit B and Exhibit C, respectively.

**TOLL FREE NUMBER**

9. Beginning on June 6, 2008, GCG set up and continues to maintain an automated toll-free telephone number (1-800-747-4585), where potential Class Members can obtain information about the Settlement. As of August 10, 2008, there have been 397 calls to the automated number.

**WEBSITE**

10. GCG posted a copy of the Notice Packet and the Stipulation on its website (www.gardencitygroup.com) to provide additional information to the Class Members. These documents became available on June 6, 2008, and the website is accessible 24 hours a day, 7 days a week. The web address was set forth in the Notice.

**OPT-OUTS AND OBJECTIONS**

11. Opt-outs from Class Members. As of the date of this Declaration, GCG has received three requests for exclusion from Class Members.

12. Objections from Class Members. As of the date of this Declaration, GCG has not received any objections from Class Members.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 15, 2008.

[signature]
Jennifer M. Keough

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TELIK, INC. SECURITIES LITIGATION | Civil Action No. 07-cv-04819 (CM)<br>**NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION** |

***IF YOU PURCHASED OR OTHERWISE ACQUIRED TELIK, INC. ("TELIK") COMMON STOCK BETWEEN FEBRUARY 19, 2004 AND JUNE 4, 2007, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. IN ALL EVENTS, IF THE SETTLEMENT IS APPROVED, ALL CLAIMS INVOLVING TELIK COMMON STOCK WILL BE ELIMINATED AND RESOLVED BY THE LITIGATION.***

A United States District Court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Telik common stock purchased or acquired between February 19, 2004 and June 4, 2007, both dates inclusive.

**Settlement Fund:** $5,000,000.00. Your recovery will depend on the amount of Telik common stock purchased or acquired and the timing of your purchases and acquisitions, and any sales. Depending on the number of shares that participate in the Settlement and when those shares were purchased or acquired and sold, the estimated average recovery per share of common stock will be approximately $.06 before deduction of Court-approved fees and expenses.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Class now.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals. While Plaintiffs' Counsel were prepared to go to trial and were confident about the case, a trial is a risky proposition and Plaintiffs and the Class might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the issues about which the two sides do not agree are: (1) the amount of damages that could be recovered at trial; (2) the method for determining whether Telik common stock was artificially inflated during the relevant period; (3) the amount of any such inflation; (4) the extent that various statements cited by Plaintiffs were materially false or misleading; (5) whether market forces influenced the trading price of Telik common stock during the relevant period; (6) the extent that various facts alleged by Plaintiffs influenced the trading price of Telik common stock during the relevant period; (7) whether Plaintiffs had pled a strong inference of Defendants' scienter; and (8) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Plaintiffs' Counsel have not received any payment for their work investigating the facts, conducting this litigation, and negotiating the Settlement on behalf of Plaintiffs and the Class. Court-appointed Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees not to exceed 30% of the Settlement Fund and reimbursement of out-of-

pocket expenses not to exceed $125,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $.016.

**Deadlines:**

| Submit Claim: | September 6, 2008 |
|---|---|
| Request Exclusion: | August 8, 2008 |
| File Objection: | August 8, 2008 |

**Court Hearing on Fairness of Settlement:** September 5, 2008, at 9:30 a.m.

**More Information:**

**Claims Administrator:**

*In re Telik Inc. Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9277
Dublin, OH 43017-4677
Tel: 1 (800) 747-4585

**Lead Counsel for Plaintiffs:**

Timothy J. MacFall, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016
Tel: 1 (212) 779-1414

- Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the claims being released in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment. |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS | PAGE |
| --- | --- |


1. **Why Did I Receive This Notice Package?** .......... 3
2. **What Is This Lawsuit About?** .......... 4
3. **Why Is This a Class Action?** .......... 4
4. **Why Is There a Settlement?** .......... 4
5. **How Do I know if I Am Part of the Settlement?** .......... 5
6. **What Are The Exceptions To Being Included?** .......... 5
7. **I'm Still Not Sure If I am Included.** .......... 5
8. **What Does the Settlement Provide?** .......... 5
9. **How Much Will My Payment Be?** .......... 5
10. **How Will I Obtain a Payment?** .......... 7
11. **When Will I Receive My Payment?** .......... 8
12. **What Am I Giving Up to Receive a Payment or Stay in the Class?** .......... 8
13. **How Do I Get Out of The Class?** .......... 8
14. **If I Do Not Exclude Myself, Can I Sue the Defendants or the Released Parties For The Same Thing Later?** .......... 9
15. **If I Exclude Myself Can I Receive Money From This Settlement?** .......... 9
16. **Do I Have a Lawyer in This Case?** .......... 9
17. **How Will the Lawyers Be Paid?** .......... 9
18. **How Do I Tell the Court that I Do Not Like the Settlement?** .......... 10
19. **What's the Difference Between Objecting and Excluding?** .......... 10
20. **When and Where Will the Court Decide Whether to Approve the Settlement?** .......... 10
21. **Do I have to Come to the Hearing?** .......... 11
22. **May I Speak at the Hearing?** .......... 11
23. **What Happens if I Do Nothing at All?** .......... 11
24. **Are There More Details About the Settlement?** .......... 11
25. **How Do I Get More Information?** .......... 12


## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or acquired shares of Telik common stock between February 19, 2004 and June 4, 2007, both dates inclusive.

The Court directed that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819 (the "Action"). The people who sued are called the Plaintiffs; and the Company, several of its officers, as well as certain companies that acted as underwriters for an offering of Telik common stock, are called the Defendants. Specifically, the Defendants include: Telik, Michael F. Wick, Cynthia M. Buttita, UBS Securities LLC, Lehman Brothers Inc., and J.P. Morgan Securities Inc.

**2. What Is This Lawsuit About?**

This case was brought as a putative class action alleging that Defendants violated the federal securities laws by making material misrepresentations and/or statements that omitted material information about, *inter alia*, Telik's chief drug, TELCYTA. Plaintiffs allege in the complaint that throughout the putative Class Period, Defendants misrepresented the status of the then-ongoing United States Food and Drug Administration ("FDA") Phase 3 clinical trials of TELCYTA.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or the putative Class have suffered damage, that the price of Telik common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the other members of the Class were harmed by the conduct alleged in the Complaint.

**3. Why Is This a Class Action?**

In a class action, one or more people (in this case the Court-appointed Lead Plaintiff, Policemen's Annuity and Benefit Fund of Chicago, and the other plaintiff, the Mehan Group), sue on behalf of people who have similar claims. Here, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. Judge Colleen McMahon is in charge of this class action.

**4. Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members, considering the per share recovery and the amount of available insurance coverage.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from the Settlement, you first have to determine if you are a Settlement Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Settlement Class includes ***all persons who purchased or acquired Telik common stock between February 19, 2004 and June 4, 2007, except those persons and entities that are excluded, as described below.***

### 6. What Are The Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant, including one of the Underwriter Defendants (with respect to their own accounts, but not with respect to accounts held for the benefit of others), any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Telik, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold Telik common stock between February 19, 2004 and June 4, 2007, that ***alone*** does ***not*** make you a Settlement Class Member. You are a Settlement Class Member ***only*** if you purchased or acquired Telik common stock between February 19, 2004 and June 4, 2007, inclusive.

### 7. I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator, The Garden City Group, Inc., for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $5,000,000.00 in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including taxes, the costs of printing and mailing this Notice and the cost of publishing the newspaper notice (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in valid claim forms. The source of the funds for the Settlement is Telik.

### 9. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of Telik common stock you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

1. For shares of common stock purchased between February 19, 2004 and December 22, 2006:

    A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $11.49 per share; or
(2) the difference between the purchase price per share and $3.17.[1]

B. For shares sold between February 19, 2004 and December 22, 2006, the Recognized Loss shall be zero.

C. For shares sold between December 26, 2006 and June 1, 2007, the Recognized Loss shall be the lesser of:

(1) $9.39 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

D. For shares sold on June 4, 2007, the Recognized Loss shall be the lesser of:

(1) $10.32 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

E. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $11.49 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

2. For shares of common stock purchased between December 26, 2006 and June 1, 2007:

A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $2.10 per share; or
(2) the difference between the purchase price per share and $3.17.

B. For shares sold between December 26, 2006 and June 1, 2007, the Recognized Loss shall be zero.

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $3.17 was the mean (average) daily closing trading price of Telik common stock during the 90-day period beginning on June 5, 2007 and ending on August 31, 2007.

C. For shares sold on June 4, 2007, the Recognized Loss shall be the lesser of:

(1) $0.93 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

D. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $2.10 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

3. For shares of common stock purchased on June 4, 2007:

A. For shares retained at the end of trading on August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $1.17 per share; or
(2) the difference between the purchase price per share and $3.17.

B. For shares sold on June 4, the Recognized Loss shall be zero.

C. For shares sold between June 5, 2007 and August 31, 2007, the Recognized Loss shall be the lesser of:

(1) $1.17 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

The payment you receive will reflect your *pro rata* share of the Net Settlement Fund. Depending on the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, the estimated average payment will be approximately $.06 for each share before deduction of Court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in a claim form, you could receive more money. Any such additional monies would be allocated *pro rata* among claimants based on the Plan of Allocation.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Telik common stock during the Class Period are subtracted from all losses.

## HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

### 10. How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Settlement Class Member, send in a claim form, and properly document your claim as requested in the claim form. A claim form is enclosed

with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than September 6, 2008.

**11. When Will I Receive My Payment?**

The Court will hold a hearing on September 5, 2008, at 9:30 a.m., to decide whether to approve the Settlement. If Judge McMahon approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12. What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Released Claims in this case (as those terms are defined in the enclosed claim form). It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Released Parties. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13. How Do I Get Out of the Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. You must include your name, address, telephone number, your signature, and the number of shares of Telik common stock you purchased or acquired between February 19, 2004 and June 4, 2007, both dates inclusive, the number of shares sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked no later than August 8, 2008 to:

*In re Telik Inc. Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9277
Dublin, OH 43017-4677

You cannot exclude yourself on the telephone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**14. If I Do Not Exclude Myself, Can I Sue the Defendants or the Released Parties for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants or the Released Parties for the Released Claims in the Settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is August 8, 2008.

**15. If I Exclude Myself, Can I Receive Money from This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and/or the Released Parties.

## THE LAWYERS REPRESENTING YOU

**16. Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Bernstein Liebhard & Lifshitz, LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $125,000.00 (for a combined average of $.016 per share of common stock), which were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services in conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel, on behalf of Plaintiffs' Counsel, for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. Be sure to include your name, address, telephone number, your signature, the number of shares of Telik common stock purchased and sold between February 19, 2004 and June 4, 2007, inclusive, and the reasons you object. Any objection must be mailed or delivered such that it is ***received*** by each of the following on or before August 8, 2008:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

*Lead Counsel for Plaintiffs:*

Timothy J. MacFall, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 29th Floor
New York, New York 10016-0201

*Counsel for Defendants Telik, Michael F. Wick and Cynthia M. Buttita:*

Jamie A. Levitt, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104-0050

*Counsel for the Underwriter Defendants:*

David W. Haller, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, New York 10018-1405

### 19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object ***only if*** you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 20. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 9:30 a.m., on September 5, 2008, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York 10007. At this hearing, the Court will determine: (a) whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the

proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (c) whether to enter a Final Order and Judgment as provided in section 1.10 of the Stipulation; (d) whether the proposed Plan of Allocation is fair, reasonable, adequate, and should be approved; (e) the amount of fees and expenses that should be awarded to Lead Counsel, on behalf of Plaintiffs' Counsel; and (f) such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class. If there are objections, the Court will consider them. Judge McMahon will listen to people who have asked to speak at the hearing. The Court will also consider Lead Counsel's application for fees and expenses. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21. Do I have to Come to the Hearing?**

No. Lead Counsel will answer questions Judge McMahon may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re Telik, Inc. Securities Litigation*, Master File No. 07-4819. Be sure to include your name, address, telephone number, your signature, and the number of shares of Telik common stock purchased between February 19, 2004 and June 4, 2007, inclusive. Your notice of intention to appear must be postmarked no later than August 8, 2008, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the four addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23. What Happens if I Do Nothing at All?**

If you do nothing, you will not receive any money from the Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

**24. Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated as of April 16, 2008. You can obtain a copy of the Stipulation of Settlement by writing to Timothy J. MacFall, Esq., Bernstein Liebhard & Lifshitz, LLP, 10 East 40th Street, New York, New York 10016, or from the Clerk's office at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, during regular business hours.

**25. How Do I Get More Information?**

You can call or write to The Garden City Group, Inc. [See below]

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you hold shares of any Telik common stock purchased between February 19, 2004 and June 4, 2007, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Telik Inc. Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9277
Dublin, OH 43017-4677
Toll-Free 1 (800) 747-4585

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: May 6, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Must be Postmarked No Later Than September 6, 2008**

***In re Telik Inc. Securities Litigation***
**c/o The Garden City Group, Inc.**
**P.O. Box 9277**
**Dublin, OH 43017-4677**
**Toll-Free: 1 (800) 747-4585**




Claim Number: Control Number:

# PROOF OF CLAIM AND RELEASE

*Please Type or Print*

**IN ORDER TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, BY FIRST-CLASS MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE SEPTEMBER 6, 2008 ADDRESSED TO THE CLAIMS ADMINISTRATOR (ADDRESS ABOVE).**

## REMINDER CHECKLIST

1. Please sign the release and declaration on page 8.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

If you move, please send your new address to:

***In re Telik Inc. Securities Litigation***
**c/o The Garden City Group, Inc.**
**P.O. Box 9277**
**Dublin, OH 43017-4677**

**QUESTIONS? CALL TOLL-FREE 1 (800) 747-4585**





## SECTION A - CLAIMANT INFORMATION

**Beneficial Owner's Name** (as you would like the names to appear on the check, if eligible for payment):

**Last 4 digits of Claimant Social Security Number/Employer ID Number:** ☐ Individual ☐ Corporation/Other

**Record Owner's Name** (if different from the beneficial owner listed above):

**Claimant or Representative Contact Information:**

The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Street Address:**

**City:**

**State / Province and Zip Code:**

**Country (Other than U.S.):**

**Work Telephone Number:** (    )    -    **Home Telephone Number:** (    )    -

**Email Address:**

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the class based on your claims in the action, entitled *In re Telik, Inc. Securities Litigation*, Master File No. 07-cv-4819 (CM) (the "Action"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE SEPTEMBER 6, 2008, TO THE ADDRESS AT THE TOP OF THE FORM. If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4. If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II. DEFINITIONS

1. "Defendants" means Telik, Inc., Michael F. Wick, Cynthia M. Buttita, UBS Securities LLC, Lehman Brothers Inc., and J.P. Morgan Securities Inc.

2. "Released Parties" is defined below.

3. All other definitions are contained in the Stipulation of Settlement, dated April 16, 2008 (the "Stipulation").

## III. CLAIMANT IDENTIFICATION

1. If you purchased or acquired Telik common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Section A on page 2 entitled "Claimant Information" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Telik common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE TELIK COMMON STOCK UPON WHICH THIS CLAIM IS BASED, ***NOT*** THE RECORD PURCHASER.

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Section B on page 6 entitled "Schedule of Transactions in Telik common stock" to supply all required details of your transaction(s) in Telik common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Telik common stock which took place at any time between February 19, 2004 and June 4, 2007, both dates inclusive (the "Settlement Class Period"), and any additional transactions through August 31, 2007 as requested, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of Telik common stock. The date of a "short sale" is deemed to be the date of sale of Telik common stock.





5. Broker confirmations or other documentation of your transactions in Telik common stock ***must*** be attached to your claim. Do ***not*** send original documents, including shares of stock. If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of April 16, 2008, ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Telik common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## VI. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of the "Released Parties," defined as Defendants and all of their respective past or present employees, officers, directors, subsidiaries, parents, successors and predecessors, agents, affiliates, attorneys, advisors, insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate family, all trusts which are for the benefit of any of them and/or member(s) of their immediate family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

2. "Released Claims" shall mean any and all claims (including "Unknown Claims" as defined below), rights, demands, causes of actions, suits, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that have been, might have been, or could be asserted at any time against any of the Released Parties by any member of the Settlement Class, in any capacity, in the Action or in any court of competent jurisdiction, which arise out of or relate in any way to: (a) the purchases or sales of Telik common stock during the Class Period; (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaint; (c) any alleged misrepresentation or omission occurring during the Class Period concerning or relating to the financial condition, results of operations, financial statements, press releases, public filings, or other public disclosures of Telik; or (d) the conduct of the business of Telik with regard to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaint. Except that the parties hereby agree that expressly excluded from the Released Claims are those claims asserted in the derivative action, denominated *Goldberg v. Brown, et al.*, Case No.: C08-0690, presently pending in the United States District Court for the Northern District of California.



3. "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Claims which Defendants do not know or suspect to exist in their favor, which if known, might have affected their decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Telik common stock that occurred during the Settlement Class Period as well as the number and type of Telik common stock held by me (us) at the opening of trading on February 19, 2004, and at the close of trading on August 31, 2007.

**YOU MUST LIST YOUR TRANSACTIONS ON THE SCHEDULE OF TRANSACTIONS IN TELIK COMMON STOCK, PAGE 6**

## SECTION B - SCHEDULE OF TRANSACTIONS IN TELIK COMMON STOCK

**YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW**

1. **OPENING:** Number of shares of Telik common stock held at the beginning of trading on **February 19, 2004**: [ ]

2. **PURCHASES:** Below please list (in chronological order) Purchases or Acquisitions of Telik common stock (**February 19, 2004 – June 4, 2007**, inclusive):

| Trade Date (List Chronologically) Month/Day/Year | Number of Shares (of Common Stock Purchased or Acquired) | Total Purchase or Acquisition Price (Per Share of Common Stock) |
|---|---|---|
| 1. / / | 1. | 1. . |
| 2. / / | 2. | 2. . |
| 3. / / | 3. | 3. . |

3. **PURCHASES:** Number of shares of Telik common stock purchased during the period between **June 5, 2007** and **August 31, 2007**, inclusive: [ ]

4. **SALES:** Below please list (in chronological order) Sales of Telik (**February 19, 2004 – August 31, 2007**, inclusive):

| Trade Date (List Chronologically) Month/Day/Year | Number of Shares (of Common Stock Sold) | Total Sales Price (Per Share of Common Stock) |
|---|---|---|
| 1. / / | 1. | 1. . |
| 2. / / | 2. | 2. . |
| 3. / / | 3. | 3. . |

5. **CIOSING POSITION:** Number of shares of Telik common stock held at close of trading on **August 31, 2007**: [ ]

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8**

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

**PART I**

NAME:____________________________________________________________

Check appropriate box:

☐ Individual/Sole Proprietor ☐ Pension Plan

☐ Corporation ☐ Partnership ☐ Trust

☐ IRA ☐ Other

Enter TIN on appropriate line.

- For individuals, this is your Social Security Number ("SSN").
- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
- For other entities, it is your EIN.

___ ___ - ___ ___ - ___ ___ ___ ___ or ___ ___ - ___ ___ ___ ___ ___ ___ ___

Social Security Number Employer Identification Number

**PART II**

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: ________________________________________

**PART III**

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1. The number shown on this form is my correct TIN; and

2. I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

**RELEASE**

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this______________________day of ______________________.
(Month/Year)

in_____________________________________,_____________________________________.
(City) (State/Country)

________________________________
(Sign your name here)

________________________________
(Type or print your name here)

________________________________
(Capacity of person(s) signing, e.g., Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**QUESTIONS? CALL TOLL-FREE 1 (800) 747-4585**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE TELIK, INC. SECURITIES LITIGATION ) Civil Action No. 07-cv-04819 (CM)

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TELIK, INC. ("TELIK") COMMON STOCK BETWEEN FEBRUARY 19, 2004 AND JUNE 4, 2007, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on September 5, 2008, at 9:30 a.m., before the Honorable Colleen McMahon at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York 10007, for the purpose of determining: (1) whether the proposed settlement of the claims in the Action for the sum of $5,000,000.00 should be approved by the Court as fair, reasonable and adequate; (2) thereafter, whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of April 16, 2008; (3) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (4) whether the application of Lead Counsel, on behalf of Plaintiffs' Counsel, for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Action should be approved; and (5) such other matters as the Court may deem appropriate.

If you purchased or otherwise acquired Telik common stock between February 19, 2004 and June 4, 2007, both dates inclusive, your rights may be affected by the settlement of this Action. If you have not received a detailed Notice of Pendency of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to:

*In re Telik Inc. Securities Litigation*
c/o The Garden City Group, Inc.
PO Box 9277
Dublin, OH 43017-4677

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked on or before September 6, 2008, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a Request for Exclusion postmarked by August 8, 2008, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Stipulation of Settlement.

Any objection to the settlement must be mailed or delivered such that it is ***received*** by each of the following on or before August 8, 2008:

*Court:*
Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

*Lead Counsel for Plaintiffs:*
Timothy J. MacFall, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 29th Floor
New York, New York 10016-0201

*Counsel for Defendants Telik, Michael F. Wick and Cynthia M. Buttita:*
Jamie A. Levitt, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104-0050

*Counsel for the Underwriter Defendants:*
David W. Haller, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, New York 10018-1405

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel for Plaintiffs at the address listed above.

DATED: May 7, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MECHANICAL SPECIFICATIONS**

File Name: TLK - WSJ
**Publication: Wall Street Journal**
Issue Date:
Order #:
Size: 4" x 6.5"
Comments:

Body Font: Times New Roman
Font Size: 7pt
Create Date/Time: 5/20/07
Last Edit Date: 5/30/08
Last Edit Time: 9:20 AM ET
Operator: ND

# EXHIBIT C

**AFFIDAVIT**

**STATE OF TEXAS )**
**) ss:**
**CITY AND COUNTY OF DALLAS)**

I, Erin Ostenson, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): 6/16/08 advertiser: Telik Inc. and that the foregoing statements are true and correct to the best of my knowledge.

E. Ostenson

Sworn to before me this
16th day of June '08.

Mitchell E. Cheatham
Notary Public

MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

P2JW168015-0-B00600-1—XA 06/16/2008 AZ,CE,FL,MW,NC,NY,SC,SW,WE
BLACK





# TECHNOLOGY & HEALTH

## Graphics Chips May Play Outside Games

*Nvidia, AMD Vie to Join Supercomputer Arena; Two Strategies Compete*

BY DON CLARK

Two rival chip makers are about to deliver the next advance in technology to improve the realism of video games. But this time their efforts could have a broader impact.

Nvidia Corp. and Advanced Micro Devices Inc. are packing hundreds of specialized calculating engines on new graphics chips to reach a milestone for speed known as a "teraflop," or a trillion scientific operations per second. They plan to offer the chips to gaming fans in cards for personal computers, but also are marketing the technology to accelerate the performance of desktop and server systems on a wide range of technical chores.

The announcements coincide with a growing debate about the impact of such chips on supercomputers, the largest systems used for jobs such as predicting weather, developing drugs and simulating nuclear explosions. That field is now dominated by general-purpose "x86" microprocessors from Intel Corp. and AMD.

But the top spot on a twice-yearly performance ranking of the 500 most powerful supercomputers, scheduled to be released Wednesday, is expected to go to a system called Roadrunner that uses chips called Cell to accelerate work that is shared with standard AMD x86 chips. International Business Machines Corp., which helped develop Cell, built the Roadrunner system for Los Alamos National Laboratory.



**Nvidia says** this animated character, called Medusa, shows the realistic images that its latest graphics chips can generate.

The Nvidia and AMD chips—called GPUs, for graphics processing units—aren't a big factor in supercomputers yet. But the companies expect to figure in the so-called Top500 list soon. "We'll be all over it next year," predicted David Kirk, Nvidia's chief scientist.

Others aren't so sure. Eng Goh, chief technology officer of supercomputer maker Silicon Graphics Inc., said GPUs are "bringing exciting new ideas" to the field. Yet he expects the technology to take hold slowly, because it is so difficult to write software that exploits the chips.

So does Andy Bechtolsheim, senior vice president and chief architect at Sun Microsystems Inc. His company has instead focused on helping standard processors exchange data more efficiently—a technique used in a Sun supercomputer at the Texas Advanced Computing Center in Austin, Tex., which uses AMD x86 chips.

The GPU makers are addressing the software challenge. Nvidia has an internally developed programming scheme called CUDA; AMD plans to use a programming technology called OpenCL that Apple Inc. and other companies are backing.

Their strategies are diverging in other ways. Nvidia, of Santa Clara, Calif., is pushing for extreme performance on a single chip. It is introducing a model called GeForce GTX 200 this week that has 240 processors and 1.4 billion transistors, double the number on prior products. A $649 PC graphics card with the chip comes in slightly below a teraflop in performance; Nvidia says it tops that speed on new boards and systems for technical professionals, under the brand Tesla.

AMD, by contrast, has shifted its focus to smaller chips that cost less to make and consume less power. It is rolling out two models in its Radeon GPU line on June 25 and July 8 that will offer about 75% of the performance of the new Nvidia chips at about a third their price, estimates Rick Bergman, a senior vice president in charge of AMD's GPU business. But the chips, with 800 specialized processors, surpass the teraflop mark for scientific calculations; AMD plans to put two on a board to compete with Nvidia's high-end chip, he says.

Jon Peddie, a market researcher in Tiburon, Calif., said there are pros and cons to both strategies. "You don't know the right answer until the year after the products ship," he said.

## Bacteria in Pork Showing Resistance to Antibiotics

BY THOMAS M. BURTON

Scientists are beginning to detect antibiotic-resistant bacteria in pork, pigs and some veterinarians, raising the issue of whether these so-called superbugs might find a new route to infect farmworkers or even people who eat pork.

University of Minnesota veterinary public-health researchers last month reported they found the antibiotic-resistant bugs in 7.1% of 113 swine veterinarians tested. Public-health doctors at the University of Iowa found the same bacterial strains among 147 of 299 pigs tested with nasal swabs.

Perhaps of greatest concern, Ontario Veterinary College researcher Scott Weese also detected these bacteria in 10% of 212 samples of ground pork and pork chops collected in four Canadian provinces.

These particular strains of antibiotic-resistant bugs haven't so far been shown to sicken patients, at least in North America. Three patients in Scotland were found to have the same bacterial strain, and there have been serious infections reported in the Netherlands related to these strains. Since an estimated 18,650 deaths a year in the U.S. are estimated to be caused by a range of antibiotic-resistant bacteria, researchers have encouraged U.S. and Canadian authorities to pay attention to the findings.

"It's potentially relevant to the human population," Dr. Weese said. "The question is whether it can cause problems among humans." He cautions that such bugs in meat and pigs "are not an important source of disease at this point."

In a medical-journal article last year, doctors at the Centers for Disease Control and Prevention estimated that there were 94,360 infections in a recent year in the U.S. from certain strains of antibiotic-resistant bacteria. Most were in patients who had recently been hospitalized or were in long-term care such as nursing homes, but there were also serious infections among people with no such histories. Often, the cases were skin infections, but others are nearly untreatable pneumonia or blood infections.

The concerns over superbugs in pigs and pork take place against a backdrop in which Congress is questioning whether the Bush administration is doing enough about food-borne illnesses. These include the recent cases of salmonella-related illness linked to fresh tomatoes, as well as other outbreaks of E. coli bacterial infections from ground beef. The Agriculture Department acknowledges it isn't testing for the antibiotic-resistant bugs, officially called MRSA, which stands for methicillin-resistant Staphylococcus aureus.

That is understandable, in the view of Lyle Vogel, assistant executive vice president of the American Veterinary Medical Association. "This is something we cannot ignore, but it's a resource issue," he says. Compared with E. coli and salmonella infections, "it does not seem to rise to the top of the priority list."

The National Pork Board, an industry trade group, is funding some of the research to evaluate how much of a concern it is for agriculture workers or the public. This includes the University of Minnesota's work.

### In Brief

**Possible Cancer Risks Observed in J&J Drug**

The Food and Drug Administration said a Johnson & Johnson drug appears effective at treating chronic plaque psoriasis, but warned it may increase the risk of cancer. The FDA said it may need more long-term data to decide whether the drug, ustekinumab, increases the risk of cancer, according to documents on the agency's Web site. An FDA committee of outside medical experts will discuss the drug at a meeting Tuesday.

**Broadcom Didn't Infringe GPS Patent, Judge Rules**

Broadcom Corp. said the U.S. International Trade Commission rejected SiRF Technology Holdings Inc.'s claims that two of its global-positioning system chip patents were infringed by Global Locate, a company Broadcom acquired in July. ITC Administrative Law Judge Paul Luckern issued his initial determination Friday after a trial in March. Counterclaims against SiRF went to trial separately at the ITC in April; an initial ruling in that case is expected by Aug. 8.

**Glivec Patient Response Not Helped by Dosage**

Swiss drug maker Novartis AG said that a study failed to show the benefits from a higher-than-standard dose of blood-cancer drug Glivec. Patients getting a higher initial dose of Glivec showed better early responses. But the difference between those taking 800 milligrams a day and those taking 400 milligrams wasn't statistically significant. With sales of $3.05 billion in 2007, Glivec, sold as Gleevec in the U.S., is Novartis's second-best-selling drug.

# LEGAL NOTICES

GLOBAL, NATIONAL, REGIONAL
TO ADVERTISE CALL 1.800.366.3975
FAX: 214.640.7900
ADVERTISING.WSJ.COM

### BANKRUPTCIES

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

In re: KIMBALL HILL, INC., et al., Debtors. ) Chapter 11 ) Case No. 08-10095 ) (Jointly Administered) ) Hon. Susan Pierson Sonderby

NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

TO: ALL ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTORS:

| Debtor | Case Number | Tax ID Number |
|---|---|---|
| Kimball Hill, Inc. | 08-10095 | 36-2177380 |
| 18th & Peoria, LLC | 08-10102 | 20-2545430 |
| KH Financial Holding Company | 08-10107 | 36-4386898 |
| Killingham Park South, LLC | 08-10111 | 20-7880921 |
| KHH Texas Trading Company L.P. | 08-10116 | 81-0571276 |
| Kimball Hill Far East Detroit, LLC | 08-10119 | 20-0566650 |
| Kimball Hill Homes Austin, L.P. | 08-10121 | 36-2177380 |
| Kimball Hill Homes California, Inc. | 08-10122 | 68-0343017 |
| Kimball Hill Homes Dallas, L.P. | 08-10123 | 76-0274839 |
| Kimball Hill Homes Florida, Inc. | 08-10125 | 59-3431314 |
| Kimball Hill Homes Houston, L.P. | 08-10126 | 76-0274839 |
| Kimball Hill Homes Illinois, LLC | 08-10128 | 20-2370003 |
| Kimball Hill Homes Nevada, Inc. | 08-10130 | 88-0347262 |
| Kimball Hill Homes Ohio, Inc. | 08-10131 | 31-1608097 |
| Kimball Hill Homes Oregon, Inc. | 08-10132 | 93-1188163 |
| Kimball Hill Homes Realty Florida, Inc. | 08-10134 | 59-3849717 |
| Kimball Hill Homes San Antonio, L.P. | 08-10135 | 76-0274839 |
| Kimball Hill Homes Texas Investments, L.L.C. | 08-10138 | 76-0274839 |
| Kimball Hill Homes Texas Operations, L.L.C. | 08-10138 | 76-0274839 |
| Kimball Hill Homes Texas Inc. | 08-10140 | 76-0274830 |
| Kimball Hill Homes Washington Inc. | 08-10141 | 91-1609775 |
| Kimball Hill Homes Wisconsin, Inc. | 08-10144 | 36-3977359 |
| Kimball Hill Siebenway, Inc. | 08-10146 | 36-2967627 |
| Kimball Hill Texas Investment Company, L.L.C. | 08-10147 | 36-4343053 |
| Kimball Hill Urban Centers Chicago One, L.L.C. | 08-10149 | 20-1146890 |
| Kimball Hill Urban Centers Chicago Two, L.L.C. | 08-10151 | 20-4651730 |
| Kimball Hill Urban Centers Special Purposes, LLC | 08-10153 | 20-0566650 |
| Kimball Hill Urban Centers, L.L.C. | 08-10156 | 20-0566650 |
| National Credit and Guaranty Corporation | 08-10158 | 32-0061470 |
| The Hamilton Place Partnership | 08-10150 | 36-6829368 |

PLEASE TAKE NOTICE THAT on June 11, 2008, the Bankruptcy Court entered an order (Docket No. 350) in the Kimball Hill, Inc., et al. chapter 11 cases (the "Bar Date Order") establishing August 1, 2008 as the general claims bar date (the "General Bar Date") and December 8, 2008 as the governmental unit claims bar date (the "Governmental Unit Bar Date," and along with the General Bar Date, the Amended Schedule Bar Date (as defined herein) and the Rejection Claim Bar Date (as defined herein), the "Bar Dates").

Pursuant to the Bar Date Order, all entities (as defined in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")) (each, an [illegible]

Kimball Hill Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue, El Segundo, California 90245

Chicago, Illinois KIMBALL HILL, INC., et al.
Dated: June 11, 2008 Debtors

### CLASS ACTIONS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TELIK, INC. SECURITIES LITIGATION | Civil Action No. 07-cv-04819 (CM)
SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TELIK, INC. ("TELIK") COMMON STOCK BETWEEN FEBRUARY 19, 2004 AND JUNE 4, 2007, BOTH DATES INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on September 5, 2008, at 9:30 a.m., before the Honorable Colleen McMahon at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, New York 10007 for the purpose of determining: (1) whether the proposed settlement of the claims in the Action for the sum of $5,000,000.00 should be approved by the Court as fair, reasonable and adequate; (2) thereafter, whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of April 16, 2008; (3) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (4) whether the application of Lead Counsel on behalf of Plaintiffs' Counsel, for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Action should be approved; and (5) such other matters as the Court may deem appropriate.

If you purchased or otherwise acquired Telik common stock between February 19, 2004 and June 4, 2007, both dates inclusive, your rights may be affected by the settlement of this Action. If you have not received a detailed Notice of Pendency of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to:

*In re Telik Inc. Securities Litigation*
c/o The Garden City Group, Inc.
PO Box 9277
Dublin, OH 43017-4677

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked on or before September 6, 2008, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a Request for Exclusion postmarked by August 8, 2008, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Stipulation of Settlement.

Any objection to the settlement must be mailed or delivered such that it is *received* by each of the following on or before August 8, 2008:

*Court:*
Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

*Lead Counsel for Plaintiffs:*
Timothy J. MacFall, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, New York 10016-0201

*Counsel for Defendants Telik, Michael F. Wick and Cynthia M. Butitta:*
Jamie A. Levitt, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104-0050

*Counsel for the Underwriter Defendants:*
David W. Haller, Esq.
Covington & Burling, LLP
620 Eighth Avenue
New York, New York 10018-1405

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact Lead Counsel for Plaintiffs at the address listed above.

DATED: May 7, 2008

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

### PUBLIC NOTICES

**LEGAL NOTICE**
**ATTENTION**

The Drug Enforcement Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to Title 18, United States Code (U.S.C.), Section 981 because the property was involved in a violation of Title 18, U.S.C., Section 1956 or 1957, or the seized property is traceable to property involved in such a violation. An owner or lienor may file a petition for remission or mitigation of the forfeiture with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475, pursuant to Title 19, U.S.C., Section 1618, and the regulations governing the petition process set forth in Title 28, Code of Federal Regulations, Part 9. Correspondence sent via private delivery must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152. In addition to, or in lieu of petitioning for remission or mitigation, a person may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT by filing a claim with the Forfeiture Counsel of the DEA pursuant to Title 18, U.S.C., Section 983(a). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. A petition, claim, or other correspondence shall be deemed filed with the Asset Forfeiture Section, when received by the DEA at either of the addresses noted above. Submissions by facsimile or other electronic means will not be accepted. The names of persons or businesses appearing in this notice are not necessarily criminal defendants or suspects, nor does the appearance of their names in this notice necessarily mean that they are the target of DEA investigations or other activities.

SECOND NOTICE
LAST DATE TO FILE JULY 24, 2008
PLACE SEIZED, SEIZED FROM, DATE SEIZED

SOUTHERN DISTRICT OF FLORIDA
06-DEA-470857, Forty (40) $50 Canadian Coins date 1982 in Safe Deposit Box #92, Terrabank, Ser No Unknown, (40) forty $50 Canadian Gold Coins in Mint Condition, VL: $28,684.00, Miami, FL, The Estate of Saleh, Adbela and The Estate of Saleh, Luis and Saleh, Angela and Saleh, Carlos Ernesto, 06/29/06

(The property listed above is NOT for sale. The DEA DOES NOT sell forfeited property and the DEA DOES NOT have information on property for sale.)

### NOTICE OF SALE

Please Take Notice That on Thursday, June 19, 2008 at 10:00 AM (PDT) at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111, SAFE Financial LLC will be conducting a foreclosure sale of certain assets of Ripali Security Alarms (a California partnership) pursuant to Article 9 of the Uniform Commercial Code. Interested bidders should contact Scott M. Esterbrook, Esq. at 215.851.8146 for more information.

An Eclectic Offering of Goods And Services in
The Mart
Every Tuesday, Wednesday and Thursday in Personal Journal & Saturdays in Weekend Journal.

Be in the Legal Loop



Legal Notices in The Wall Street Journal.
To advertise, call 1-800-366-3975.
THE WALL STREET JOURNAL.

5T12T41 P2JW168015-0-B00600-1—XA BLACK