EXHIBIT H

In Telik,INC.                                              August 13, 2008

Securities Litigation

Civil Action No.07-cv-04819-CM

Mr. Andrew R. May

10321 Beaumont Street

Fairfax, VA 22030

(703) 473-3818

Re : **Timothy J. MacFall, Esq.**

   **Joseph R. Siedman, Jr.**

Bernstein Liebhard & Lifshitz, LLP

10 East 40th Street, 29th Floor

New York, New York 10016-0201

Dear Mr. Seidman;

   I have been trying since May 8, 2008 for you to send me all factual documents to support the settlement. The first time was in a phone conversation and then in my letter to you dated June 5, 2008 asking you to provide me " with every documents required by law"  to support this settlement.

   Mr. Siedman , I also said " I will need all transcripts taken by The DMC's". I sent you a letter dated July 25, 2008 asking why I can not receive Telik's insurance coverage. Once again I asked you for Telik's insurance coverage in a letter dated August 03, 2008. To this day Aug. 13, 2008 I still never received one document from you at all that supports this settlement.

   Mr. Siedman, in my opinion and many others we believe in due process and the right to examine documents taken in a Settlement of Compromise. Lead Counsel has used Federal Rule 408 of The Federal Rules off Evidence.  Andrew R. May class member believes that Lead Counsel has violated Federal Rule 408  and  would  like  the  to Court to review this Rule. Personally after reading Federal Rule 408 several times one must believe that documents taken by Lead Counsel is admissible. Also any information other than conduct or statements could

be admissible if the evidence is offered for purposes not prohibited by subdivision of (a) in Rule 408. For this reason and all the false and misleading statements Lead Counsel has made during discovery I ask The Court to hold all compensation until Lead Counsel can bring relief to the shareholders by being " fair and adequate and certainly dropping this poor settlement that has no value to the shareholders.

    Respectfully submitted,

Sincerely.


Andrew R. May

*[signature]*


CC :
    **The Honorable Colleen McMahon**


CC : **Marc S. Henzel, ESQ**

Law Offices Of Marc S. Henzel

273 Montgomary Ave. Suite 202

Balacynwyd, PA 19004


CC : Counsel for Defendants Telik,

Michael F. Wick and Cynthia M. Buttita

    **Jamie A. Levitt, Esq.**

Morrison & Foerster LLP
1290 Avenue of the Americas

```
New York, New York 10104-0050


CC : Counsel for the Underwriter Defendants
```

   **David W. Haller, Esq.**

```
Covington & Burling, LLP
620 Eighth Avenue
New York, New York 10018-1405
```

Attachments :

1. Stipulation and Agreement of Settlement

2. Federal Rules Of Evidence  ( Rule 408 )

3. Federal Rules Of Evidence   ( Rule 408 )

4. Federal Rules Of Evidence   ( Rule 408 )

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TELIK, INC.<br>SECURITIES LITIGATION | Civil Action No. 07-CV-04819 (CM) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of April 16, 2008 (the "Stipulation"), submitted pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, is made and entered into by and among the following Settling Parties[1] to the above-captioned action: (i) Plaintiffs, on behalf of themselves and each of the Settlement Class Members, by and through their counsel of record in the Action (defined below), and (ii) Defendants, by and through their counsel of record in the Action. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

### RECITALS

**The Litigation**

WHEREAS, beginning on June 6, 2007, putative class actions were filed in the United States District Court for the Southern District of New York (the "Court") on behalf of purchasers of Telik, Inc. ("Telik" or the "Company") common stock during a defined period of time alleging violations of the federal securities laws and captioned as (i) *Andrew May v. Telik, Inc., et al.*, No. 07-CV-04819 and (ii) *O'Grady v. Telik, Inc. et al.*, No. 07-CV-07040.

---

[1] Capitalized terms shall have the meanings listed below in Section 1.

15791v1

### Rule 406. Habit; Routine Practice

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

### Rule 407. Subsequent Remedial Measures

When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

(As amended Apr. 11, 1997, eff. Dec. 1, 1997.)

### Rule 408. Compromise and Offers to Compromise

(a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

  (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

  (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

(As amended Apr. 12, 2006, eff. Dec. 1, 2006.)

### Rule 409. Payment of Medical and Similar Expenses

Evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury.

### Rule 410. Inadmissibility of Pleas, Plea Discussions, and Related Statements

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

  (1) a plea of guilty which was later withdrawn;

ELECTRONIC GUIDE TO FEDERAL PROCUREMENT ADR

**Compromise and Offers to Compromise.**

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

GO TO TOP OF PAGE

Three States which had adopted rules of evidence patterned after the proposed rules prescribed by the Supreme Court opted for versions of rule 408 identical with the Supreme Court draft with respect to the inadmissibility of conduct or statements made in compromise negotiations. [Nev. Rev. Stats. § 48.105; N. Mex. Stats. Anno. (1973 Supp.) § 20-4-408; West's Wis. Stats. Anno. (1973 Supp.) § 904.08].

For these reasons, the committee has deleted the House amendment and restored the rule to the version submitted by the Supreme Court with one additional amendment. This amendment adds a sentence to insure that evidence, such as documents, is not rendered inadmissible merely because it is presented in the course of compromise negotiations if the evidence is otherwise discoverable. A party should not be able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation.