USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/15/08__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TELIK, INC.
SECURITIES LITIGATION

)
)
)
)
)
)
)
)
)

Civil Action No. 07-cv-04819 (CM)

~~[PROPOSED]~~ FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH
PREJUDICE

This matter came before the Court for hearing on September 5, 2008, pursuant to an Order of this Court, on the application of the Settling Parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement dated as of April 16, 2008 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.    The Settlement, as set forth in the Stipulation, is hereby approved.

3.    The Plan of Allocation, as set forth in the Notice of Pendency of Proposed Settlement of Class Action, is hereby approved.

4.    The objections to the Settlement, Plan of Allocation, and application for the award of attorneys' fees to Plaintiffs' Counsel are hereby disallowed.

5.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this settlement, a class consisting of all persons who purchased Telik common stock during the period from and including February 19, 2004, through and including June 4, 2007 (the "Class

18582v1

Period"), including purchasers in the Company's January 28, 2005 stock offering (the "2005 Offering"). Excluded from the Settlement Class are the Underwriter Defendants (with respect to their own accounts, but not with respect to accounts held for the benefit of others) and the Telik Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Telik, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who have timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the class. The Parties have stipulated to the certification of the Settlement Class for purposes of the Settlement only, subject to approval by the Court.

6. With respect to the Settlement Class, the Court finds that: (a) the members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims and defenses of the representative parties are typical of the Settlement Class; and (d) the representative parties will fairly and adequately protect the interests of the Settlement Class. In addition, the Court finds that the action satisfies the requirement of Rule 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Defendants and the other Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the proposed Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Plaintiffs and each of

15581v1                                    2

the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation. The Court also finally approves the Settlement Class provisionally certified in the preliminary Approval Order.

9. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and all of the Defendants and the other Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.

10. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against each and all of the Defendants and the other Released Parties.

11. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all claims (including "Unknown Claims" as defined in ¶1.29 of the Stipulation of Settlement), actions, demands, allegations, rights, liabilities, and causes of action of every nature and description whatsoever, whether based on foreign, federal, state, or local statute or ordinance, regulation, contract, common law, or any other source, known or unknown, whether or not concealed or hidden, that have been, could have been, may be or could be alleged or asserted now or in the future by Defendants or other Released Parties in the Action.

12. The distribution of the Notice of Pendency of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the

15581v1    3

circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

13.     The portions of this Order and final Judgment relating to the approval of the Plan of Allocation submitted by Lead Counsel and the approval of the application for the award of attorneys' fees to Plaintiffs' counsel are separate and severable from the other provisions of this Order and Final Judgment. If the Plan of Allocation is overturned and/or the attorneys' fees award is reduced or reversed as the result of any appeal and/or further proceedings on remand, or successful collateral attack, the provisions of this Order and Final Judgment that are not subject to such challenge or attack shall not be disturbed or otherwise affected and shall be given full force and effect.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or the Released Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15581v1                                                     4

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     Plaintiffs' Lead Counsel, on behalf of Plaintiffs' Counsel, are awarded fair and reasonable fees comprising 25% of the Settlement Fund ($1.25 million), to be paid from the Gross Settlement Fund. Plaintiffs' Lead Counsel shall allocate and disburse, subject to review by the Court of any disputes, the attorneys' fees among all Plaintiffs' Counsel in a manner in which Plaintiffs' Lead Counsel in good faith believe reflects the contributions of such counsel to the prosecution of and results obtained in the action. Any such payment shall be subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Gross Settlement Fund (plus accrued interest at the same net rate as is earned by the Gross Settlement Fund), if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is overturned or the fee or cost award is reduced or reversed, in an amount or amounts consistent with such reduction or reversal. Plaintiffs' Counsel, as a condition of receiving such fees, on behalf of themselves and each partner and/or shareholder of them, agrees that the law firms and their partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Any

15581v1                                          5

further proceedings regarding the allocation of or otherwise relating to the attorneys' fees awarded herein shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

18. The fee amount is reasonable, based on the work performed and costs incurred by Plaintiffs' Counsel, the complexity of the case and the risk of undertaking it on a contingency basis, the skill with which Plaintiffs' Counsel litigated the case, and the benefits created for the Class through the Settlement.

19. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Date: 10/15/08

The Hon. Colleen McMahon
United States District Judge

15581v1                                    6

FW: In re Telik-07-4819 (CM)

**Subject:** FW: In re Telik-07-4819 (CM)
**From:** "Joseph Seidman" <Seidman@bernlieb.com>
**Date:** Fri, 10 Oct 2008 16:50:34 -0400
**To:** <judgments@nysd.uscourts.gov.>

Judge McMahon apparently never got a copy of the attached order, sent on 9/17/08.  Please forward it to her.

<<BLL_LIB-#18582-v1-Revised_Order_and_Final_Judgment.DOC>>

|  | | |
|---|---|---|
| | **Content-Description:** BLL_LIB-#18582-v1-Revised_Order_and_Final_Judgment.DOC | |
| **BLL_LIB-#18582-v1-Revised_Order_and_Final_Judgment.DOC** | **Content-Type:** | application/msword |
| | **Content-Encoding:** | base64 |